Robert W. Dickerson, Jr. (SBN 89367)
E-mail: rdickerson@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600      Fax: 213.236.2700

Patricia L. Peden (SBN 206440)
E-mail: ppeden@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1901 Harrison Street, Suite 900
Oakland, California 94612-3501
Tel: 510-273-8780      Fax: 510-839-9104

Lenny Huang (SBN 264386)
E-mail: lhuang@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, California 95113-2336
Tel: 408-606-6300      Fax: 408-606-6333

Attorneys for Plaintiff
RUMBLE, INC.

Jack G. Stern
*Admitted Pro Hac Vice*
jack.stern@cwt.com
Nicholas A. Gravante, Jr.
*Admitted Pro Hac Vice*
nicholas.gravante@cwt.com
Philip J. Iovieno
*Admitted Pro Hac Vice*
philip.iovieno@cwt.com
CADWALADER,
WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY 10281
Tel: (212) 504-6000
Fax: (212) 504-6666

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| RUMBLE, INC., | Case No. 4:21-cv-00229-HSG |
| Plaintiff, | **PLAINTIFF RUMBLE, INC.'S OPPOSITION TO DEFENDANT GOOGLE LLC'S PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MOTION TO STRIKE (DKT. 32)** |
| v. | |
| GOOGLE LLC and DOES 1-10, inclusive, | |
| Defendants. | Hearing Date:   September 9, 2021<br>Time:   2:00 p.m.<br>Courtroom:   2 |
| | Judge:   Hon. Haywood S. Gilliam, Jr. |

///

///

////

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4816-7656-8050 v1

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

# <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ...........................................................................................1

SUMMARY OF ALLEGATIONS......................................................................................4

ARGUMENT .......................................................................................................................7

I.  RUMBLE ADEQUATELY ALLEGES A RANGE OF
    EXCLUSIONARY CONDUCT IN SUPPORT OF ITS SECTION 2
    CLAIM THAT GOOGLE MONOPOLIZED THE ONLINE VIDEO
    PLATFORM MARKET ............................................................................................7

    A.  At The Pleading Stage, All Reasonable Inferences Should Be
        Drawn In Plaintiff's Favor So That Plausible Claims Are
        Adjudicated On The Merits..........................................................................7

    B.  Plaintiff Rumble Adequately Alleges That Google Has
        Monopolized Or Attempted To Monopolize The Online Video
        Platform Market By Using Its Dominance in Search to Foreclose
        Competition and Raise Barriers to Entry and Expansion....................9

    C.  Plaintiff Rumble Adequately Alleges That Google Has Engaged
        In A Range Of Exclusionary Conduct—Including Contractual
        Arrangements, Incentives, Technological Restrictions And
        Other Acts—All Of Which Collectively Have Had The Effect
        Of Monopolizing The Online Video Platform Market......................11

    D.  Allegations Of Tying For Purposes Of A Section 2 Claim Need
        Not Satisfy All The Elements Of Tying For Purposes Of A
        Section 1 Tying Claim ..................................................................................12

    E.  Although Not Required For Section 2 Purposes, The FAC
        Adequately Alleges Coercion In Relation To The Alleged Tying
        Arrangements..................................................................................................15

    F.  Allegations Of Exclusionary Conduct Should Be Considered In
        Combination, And Not Parsed In The Way Google Has
        Advocated........................................................................................................16

II. GOOGLE'S MOTION IS PROCEDURALLY IMPROPER AND
    IMPERMISSIBLE UNDER FEDERAL RULE 12(g)(2) AND
    SHOULD BE DISMISSED FOR THAT INDEPENDENT REASON
    AS WELL.................................................................................................................19

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- i -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

## TABLE OF CONTENTS
### (continued)

Page

III.   BECAUSE RUMBLE'S ALLEGATIONS IN SUPPORT OF ITS SECTION 2 CLAIM ARE PLEADED ADEQUATELY AND ARE DIRECTLY RELEVANT TO THE SECTION 2 CLAIM, THERE IS NO BASIS TO STRIKE THOSE ALLEGATIONS ................................... 19

CONCLUSION ................................................................................ 22

# TABLE OF AUTHORITIES

**Page(s)**

### Federal Cases

*In re 2TheMart.com Securities Litigation*,
    114 F.Supp.2d 955 (C.D. Cal. 2000) ................................................................20

*In re Apple iPhone Antitrust Litigation*,
    No. 11-CV-06714-YGR, 2013 WL 4425720 (N.D. Cal. Aug. 15,
    2013) ...........................................................................................................19, 20

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................... 7, 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .............................................................................................8

*California Computer Products, Inc. v. International Business
    Machines, Corp.*,
    613 F.2d 727 (9th Cir. 1979) ...........................................................................13

*Conley v. Gibson*,
    355 U.S. 41 (1957) ..............................................................................................7

*Continental Ore Co. v. Union Carbide & Carbon Corp.*,
    370 U.S. 690 (1962) ...........................................................................................17

*Cost Mgmt. Servs., Inc. v. Wash. Nat. Gas Co.*,
    99 F.3d 937 (9th Cir. 1996) ...............................................................................9

*Eastman Kodak Co. v. Image Tech. Servs., Inc.*,
    504 U.S. 451 (1992) ...........................................................................................15

*Foman v. Davis*,
    371 U.S. 178 (1962) ..........................................................................................7

*LeDuc v. Ky. Cent. Life Ins. Co.*,
    814 F. Supp. 820 (N.D. Cal. 1992) ..................................................................20

*LePage's Inc. v. 3M*,
    324 F.3d 141 (3d Cir. 2003) .......................................................................14, 17

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- iii-

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

*Momento, Inc. v. Seccion Amarilla USA*,
  C 09-1223 SBA, 2009 WL 10696217 (N.D. Cal. Sept. 17, 2009.................8, 9

*Moore v. Jas. H. Matthews & Co*,
  550 F.2d 1207 (9th Cir. 1977)..................................................15, 16

*N.Y.C. Emples. Ret. Sys. v. Berry*,
  667 F. Supp. 2d 1121 (N.D. Cal. 2009)............................................21

*Neilson v. Union Bank of California, N.A.*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003).............................................20

*Northstar Fin. Advisors, Inc. v. Schwab Investments*,
  135 F. Supp. 3d 1059 (N.D. Cal. 2015)..........................................8, 19

*Smith v. Ebay Corp.*,
  No. C 10-03825 JSW, 2012 WL 1951971 (N.D. Cal. May 29, 2012)...............20

*Tele Atlas NV v. NAVTEQ Corp.*,
  2008 WL 4809441 (N.D. Cal., San Jose Division).............................12, 13, 17

*U.S. v. Microsoft*,
  253 F. 3d 34, 84-85 (D.C. Cir. 2001) ...........................................13, 17

*Verizon Communications v. Law Offices of Curtis V. Trinko, LLP*,
  540 U.S. 398 (2004).............................................................10

*Wailua Assocs. v. Aetna Casualty and Surety Co.*,
  183 F.R.D. 550 (D. Haw. 1998)...................................................20

**Federal Statutes**

Sherman Act, Section 2................................................*passim*

**Other Authorities**

Federal Rules of Civil Procedure
  1....................................................................................7
  12(b)..............................................................................1,19
  12(b)(6)........................................................................1, 9, 19
  12(f)...........................................................................1, 9, 19
  12(g)(2)........................................................................3, 19
  12(h)(2)...........................................................................19

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- iv -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

Plaintiff Rumble respectfully submits this memorandum in opposition to Google's motion (Dkt. 32) to partially dismiss and strike allegations in the First Amended Complaint. ("FAC", Dkt. 21).

## PRELIMINARY STATEMENT

Even though Google's motion purports to be brought pursuant to both Rule 12(b)(6) ("failure to state a claim upon which relief can be granted") and Rule 12(f) ("motion to strike"), Google's motion does not seek to dismiss the single claim for relief asserted in the FAC.

The FAC alleges a Section 2 monopolization claim in relation to the online video platform market and supports that claim by alleging interrelated exclusionary conduct, all of which should be considered collectively under established Supreme Court precedent.  The FAC does not assert a claim for relief under Section 1. *See* "Summary of Allegations" section, below at page 4.

The FAC defines the online video platform market as the market for specialized (or vertical) search platforms that allow users to share and monetize their video creations and to search for that video content.  Significantly, Google does not dispute that Rumble has antitrust standing in relation to the online video platform market.

While Google offers a general search platform, Google and its affiliates (such as YouTube and other Google platforms such as Google Maps) compete with specialized (or vertical) search platforms that focus on a particular type of online search (such as video sharing and searching or navigational/map searches or travel and hotel related searches).

The FAC alleges that Google excludes competition in the online video platform market by self-preferencing YouTube over competing platforms in Google's general search results rankings.  Google exacerbates that self-preferencing and monopolization in additional and interrelated ways.  Google attempts to use and uses its monopoly power in the general search platform market in its attempt to

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- 1 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

monopolize and its monopolization of specialized (or vertical) search platform markets—specifically, in this case, the online video platform market.  That monopoly leveraging increases Google's capacity for self-preferencing exclusionary conduct and is implemented largely through both self-preferencing and by creating an environment in which specialized (or vertical) search platforms have no realistic choice but to enter into syndication, licensing and other agreements with Google that further enhance Google's monopoly power.

Google also engages in a variety of exclusionary conduct and tactics—including various contractual arrangements, various inducements and payments, and various forms of technological bundling—that cement Google's dominant position in the mobile search environment and thereby also monopolize the online video platform market.

Google's motion fails to address the full scope and actual content of the allegations that the FAC sets forth in support of Rumble's Section 2 monopolization claim.  Google's motion relies on a narrow and incomplete reading of the actual allegations in the FAC.  For example, Google asserts that Rumble lacks standing to make a claim of monopolization of the general search platform market.  That assertion ignores the actual allegations in the FAC, which plainly describe Google's leveraging of monopoly power in the general search platform market in order to monopolize the online video platform market (the relevant market in this case). *See* Argument Sections I.B and I.C below at pages 9 to 12.

Additionally, in seeking to partially dismiss and strike certain allegations that refer to tying arrangements, Google incorrectly assumes that such allegations in the FAC must independently satisfy the elements of a Section 1 tying claim—a claim that Rumble does not make in the FAC.  As a matter of law, allegations of tying arrangements made in support of a Section 2 monopolization claim need not set forth all the technical requirements necessary to establish a Section 1 tying claim. *See* Argument Sections I.D and I.E below at pages 12 to 16.  Further, as a matter of

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- 2 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

law, allegations of exclusionary conduct in support of a Section 2 monopolization claim are to be considered in combination, not separated and parsed as Google advocates. *See* Argument Section I.F below at pages 16 to 18.

Google's motion should also be denied on independent procedural grounds. The motion is impermissible under Federal Rule of Civil Procedure 12(g)(2) because the motion addresses the substance of allegations that were made in support of the Section 2 claim in Rumble's Original Complaint (Dkt. 1), which Google did not seek to dismiss in its motion (Dkt. 16) to partially dismiss the Original Complaint. *See* Argument Section II below at pages 19-20.

Google asserts that Rumble's first-filed complaint (the "Original Complaint") (Dkt. 1) did not allege the same monopoly leveraging and exclusionary conduct in support of the original Section 2 monopolization claim and that Plaintiff Rumble makes those allegations "for the first time in its FAC" and that those allegations are "newly introduced" and "newly added." *See* Google Memorandum in Support of Partial Motion to Dismiss and Strike, Dkt. 32 ("Google Br.") at 1-2. That assertion is simply not accurate. *See* Original Complaint, Dkt. 1, at ¶ 4 (agreements that effectively force Android phone manufacturers to preinstall YouTube); ¶ 21 (referencing DOJ allegations concerning exclusionary conduct and monopolization of general search and leveraging of that monopoly power in the online video platform market); ¶¶ 24-25 (leveraging monopoly power in general search to monopolize the online video platform market and use of exclusionary preinstallation and other agreements to achieve that objective); ¶ 27 (referencing Congressional investigation report concerning exclusionary conduct in addition to self-preferencing); ¶¶ 30-34 (referencing DOJ allegations and Congressional investigation report on Google's exclusionary conduct and exclusionary agreements that cement Google's dominance in Android mobile phone applications), ¶ 87 (incorporating all allegations of exclusionary conduct in support of Section 2 monopolization claim), ¶¶ 89-90 (referencing monopoly leveraging, self-

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- 3 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

preferencing and exclusionary conduct and exclusionary agreements all in support of original Section 2 monopolization claim that Google did not seek to dismiss).

## SUMMARY OF ALLEGATIONS

As the FAC alleges, Google dominates the general search platform market in the United States and has used its monopoly power in that market and a range of exclusionary conduct to also achieve monopoly power in a specialized (or vertical) search platform.  *See*, for example, FAC ¶¶ 1-6, 26-27, 191-200.  The exclusionary conduct has included several integration measures, revenue sharing and other contractual arrangements designed to cement for Google and YouTube dominant placement in both general and specialized searches (*e.g.*, for videos) by consumers using mobile phones.  FAC ¶¶ 26-27, 33-35, 193.

Specialized (or vertical) search platforms offer more specialized search functions than a general search platform, focusing on a particular topic or activity. Examples include platforms that search for hotels or airline flights or driving directions.  Google competes not only in the general search platform market, but it also establishes specialized platforms that it favors over competing specialized (or vertical) platforms.  (FAC ¶ 33, citing Congressional Report of Investigation of Competition in Digital Markets, as defined in footnote 2 to FAC ¶ 29).

In this case, the specialized (or vertical) search platform, or relevant product market, is defined as the online video sharing and viewing services or platforms market (the "online video platform market").  FAC ¶¶ 1, 55-58.  The FAC explains that such platforms allow consumers and video content creators to share and sell (or monetize) their video content and allow for searching and viewing of that content. The FAC explains how Plaintiff Rumble competes in that market and the services and attributes that it offers.  FAC ¶¶ 7-8, 14-24.  The FAC alleges that YouTube is Google's specialized online video platform and alleges how Google has established monopoly power in the online video platform market through its YouTube platform, self-preferencing YouTube and excluding and harming competition.  FAC

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4816-7656-8050 v1

- 4 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

¶¶ 6, 9-13, 26-36, 63-64.

The FAC makes a single Section 2 monopolization claim in relation to the online video platform market.  FAC ¶¶ 191-200.  It does not make a Section 1 tying claim and instead refers to a range of exclusionary conduct that cannot be labeled simply as "tying" agreements and that is not limited to "tying" agreements.  In fact, only six paragraphs in the 200-paragraph complaint even use the word "tying." FAC ¶¶ 27, 77, 169, 176, 186, 188.  There is simply no tying claim for relief in the FAC to dismiss.

In support of the Section 2 monopolization claim, the FAC alleges various forms of exclusionary conduct by Google that collectively established Google's dominance in the general search market and that led directly to Google's monopolization of the online video platform market.  FAC ¶ 75 (Google taking steps to ensure that its ability to self-preference its YouTube video platform would not be adversely affected); ¶ 76 (preinstallation agreements); ¶¶ 83-89, 137-139 (describing various anticompetitive agreements and technological bundling); ¶¶ 100-101 and Figure 6 (illustrating alleged exclusionary agreements that exacerbated Google's monopolization of the online video platform market); ¶¶ 109-117 (describing coercive, "no choice" operation of Google's mobile application distribution agreements); ¶¶ 118-120, 124-128 (describing revenue sharing agreements that lock up Google's control of the online video platform market); ¶¶ 121-123 (describing the impact of Google's mobile incentive agreements on the online video platform market); ¶¶ 149-155 and Figure 7 (alleging and illustrating how Google's preinstallation agreements present phone manufacturers with an all-or-nothing choice, conditioning the distribution of the must-have Google Play and Google Play Services or GPS on the distribution, preferred placement and non-deletion of other Google apps, such as YouTube); ¶¶ 109-117 (describing pressure on mobile phone manufacturers to obtain certain "must have" and "gotta-have" Google apps); ¶ 164 (alleging that Google's preinstallation agreements and revenue

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- 5 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

sharing agreements work together as a belt-and-suspenders strategy for driving searches to Google and YouTube and away from competitors such as Rumble). The FAC alleges that such conduct was coordinated and interrelated.  FAC ¶¶ 26-27, 75-89, 164, 194.

The FAC, like the Original Complaint, explicitly references and cites a U.S. Department of Justice ("DOJ") complaint against Google as a source of many of the allegations concerning Google's exclusionary conduct and explains that the same exclusionary conduct monopolized the online video platform market at issue in this case.  FAC ¶¶ 23, 26, 35, 73, 183; Original Complaint, Dkt. 1 ¶¶ 21, 24, 30, 33, 69, 77.  It is not at all unusual or improper for private plaintiffs to incorporate or employ plausible, credible and relevant allegations that the DOJ has investigated and alleged in a civil or criminal action.

The FAC expands the detailed allegations of that exclusionary conduct in support of a single Section 2 monopolization claim.  The Original Complaint made the same allegations, albeit in less detail and in support of both a Section 2 monopolization claim and a Section 1 tying claim.  After Google made a motion to dismiss the Section 1 tying claim in the Original Complaint (but not the Section 2 claim alleged in the Original Complaint), Plaintiff Rumble amended its complaint as of right, removing the Section 1 tying claim and adding more detailed allegations in support of its Section 2 monopolization claim.  Rumble exercised that procedural right in the expectation that it would avoid wasteful motion practice and unnecessary delay at the outset of this litigation.

The Original Complaint made extensive allegations concerning the Android pre-installation arrangements, technological bundling, revenue sharing and incentive payments, and other exclusionary conduct in relation to searches on mobile phones as well as Google's leveraging of its power in general search to achieve dominance in the online video platform market, all in support of the original Section 2 monopolization claim.  And those original allegations also

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- 6 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

explicitly referenced and cited the DOJ complaint.  *See* Original Complaint ¶¶ 4, 21, 24-25, 27, 30-34, 36, 87, 89-90.   Accordingly, when Google asserts (at Google Br. 1-2) that the FAC makes such allegations "for the first time" and that such allegations are "newly added" and "newly introduced," that is not accurate.

## ARGUMENT

## I.   RUMBLE ADEQUATELY ALLEGES A RANGE OF EXCLUSIONARY CONDUCT IN SUPPORT OF ITS SECTION 2 CLAIM THAT GOOGLE MONOPOLIZED THE ONLINE VIDEO PLATFORM MARKET

### A.   At The Pleading Stage, All Reasonable Inferences Should Be Drawn In Plaintiff's Favor So That Plausible Claims Are Adjudicated On The Merits

As Google's Motion does not seek dismissal of the Section 2 claim for relief set forth in the FAC, the legal sufficiency of the Section 2 claim is not at issue. Even as to Google's attempt to dismiss and strike allegations in support of that claim, as a matter of basic procedural law, at the pleading stage, plaintiff's allegations should be accepted as true and all reasonable inferences drawn in plaintiff's favor.[1]

Antitrust claims will survive a motion to dismiss if the allegations set forth a plausible claim. Google's motion does not dispute this.  These fundamental standards favor adjudication of plausible claims (and all relevant allegations relating to that claims) on the merits so that the Court or a jury may reach a just result based on the merits.

"The Federal Rules reject the approach that pleading is a game of skill in

---

[1] *See also* Sections I.F. and III below at pages 16-19 and 20-21 regarding the impropriety of Google's attempt to treat various allegations in isolation, rather than as part of and relevant to the overall claim being asserted.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4816-7656-8050 v1

- 7 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

1   which one misstep by counsel may be decisive to the outcome and accept the

2   principle that the purpose of pleading is to facilitate a proper decision on the

3   merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). The Federal Rules themselves

4   provide that they are to be construed "to secure the just, speedy, and inexpensive

5   determination of every action." F.R.C.P. 1. "If the underlying facts or

6   circumstances relied upon by a plaintiff may be a proper subject of relief, the

7   plaintiff ought to be afforded an opportunity to test its claim on the merits." *Foman*

8   *v. Davis*, 371 U.S. 178, 182 (1962).

9        "To survive a motion to dismiss, a complaint must contain sufficient factual

10  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

11  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*,

12  550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

13  factual content that allows the court to draw the reasonable inference that the

14  defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at

15  556). "The plausibility standard is not akin to a 'probability requirement,' but it

16  asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

17  (quoting *Twombly,* 550 U.S. at 557). In considering a motion to dismiss, a court

18  must accept all of the plaintiff's allegations as true and construe them in the light

19  most favorable to the plaintiff. *See id.* at 550.

20       Further, because antitrust claims are often fact intensive and warrant

21  discovery of information in the exclusive possession of an antitrust defendant,

22  courts in this Judicial District are generally reluctant to dismiss well pled

23  antitrust claims.  In *Momento, Inc. v. Seccion Amarilla USA*, C 09-1223 SBA,

24  2009 WL 10696217 (N.D. Cal. Sept. 17, 2009), the court held:

25            In meeting [its] pleading requirement, the plaintiff must

26            plead [its] claim **but it need not plead its evidence**. *Tele*

27            *Atlas N.V. v.  NAVTEQ Corp.* 397 F. Supp. 2d 1184 (N.D.

28            Cal. 2005) (sustaining complaint of exclusive dealing

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- 8 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

against plaintiff's rival even though complaint did not
name the firms with whom exclusive dealing was
allegedly imposed.) Further, in alleging attempted
monopoly, there is a low threshold of sufficiency that the
complaint must meet to survive a motion to dismiss
because antitrust cases are fact-intensive and discovery is
needed. *Covad Communications Co. v. BellSouth
Corp.* 299 F3d 1272, 1279 (11th Cir. 2002). Additionally,
courts strongly disfavor dismissals for failure to state a
claim in antitrust cases. *Gilligan v. Jamco Dev. Corp.* 108
F.3d 246, 249 (9th Cir. 1997).

*Id.* at *4 (emphasis in original). *See also, Cost Mgmt. Servs., Inc. v. Wash. Nat. Gas Co.,* 99 F.3d 937, 950 (9th Cir. 1996) ("to survive a motion to dismiss under Rule 12(b)(6), . . .[the complaint] 'need only allege sufficient facts from which the court can discern the elements of an injury resulting from an act forbidden by the antitrust laws.'").

**B.    Plaintiff Rumble Adequately Alleges That Google Monopolized Or Attempted To Monopolize The Online Video Platform Market By Using Its Dominance in Search to Foreclose Competition and Raise Barriers to Entry and Expansion**

Google argues that the FAC's allegations concerning Google's monopolization of the general search market should be dismissed and stricken because Plaintiff Rumble lacks antitrust standing in that market. That argument lacks merit because Rumble does not make a claim of monopolization of the general search market. Rather, the FAC plainly alleges that Google leveraged its monopoly power in the general search market in order to monopolize the online video platform market. *See* FAC ¶ 193 ("The online video platform market in the United States is a relevant antitrust market.  Google has obtained and maintains

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- 9 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

1   monopoly power in that market and has done so by, among other things, leveraging
2   its monopoly power in the search engine market as alleged above.").

3   It is improper to characterize the FAC's monopoly leveraging allegations as
4   though they are made in support of a monopolization claim as to the general search
5   market. They are not. They are made in support of a monopolization claim in
6   relation to the online video platform market. It is also improper for Google to seek
7   to isolate the monopoly leveraging allegations from the other conduct alleged in
8   support of Rumble's Section 2 monopolization claim.

9   Rumble's Section 2 claim applies to the online video platform market (FAC
10  ¶¶ 1, 55-64, 191-200) and Rumble has antitrust standing in relation to that market
11  (FAC ¶¶ 176, 199), a matter that Google does not contest. The Court and the jury
12  should be able to consider how Google's conduct in relation to the general search
13  platform market affected its ability to monopolize the specialized (or vertical)
14  online video platform market in favor of its own YouTube platform. To conceal
15  Google's conduct in relation to general search would unduly limit a complete
16  understanding of its monopoly leveraging and other exclusionary conduct, all of
17  which is alleged in the FAC in detail.

18  When a dominant firm extends its monopoly power from one market to a
19  second market, that leveraging of monopoly power is actionable as a Section 2
20  violation if the leveraging conduct monopolizes or dangerously threatens to
21  monopolize the second market. *Verizon Communications v. Law Offices of Curtis*
22  *V. Trinko, LLP*, 540 U.S. 398, 415 n.4 (2004). Accordingly, the Court should deny
23  Google's motion to dismiss the allegations supporting the monopoly leveraging
24  aspect of Rumble's Section 2 claim.
25  ///
26  ///
27  ///
28  ///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4816-7656-8050 v1

- 10 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

**C.   Plaintiff Rumble Adequately Alleges That Google Has Engaged In A Range Of Exclusionary Conduct—Including Contractual Arrangements, Incentives, Technological Restrictions And Other Acts—All Of Which Collectively Have Had The Effect Of Monopolizing The Online Video Platform Market**

Google' motion improperly seeks to label a range of exclusionary conduct as purely "tying" agreements and then incorrectly treats those allegations as if the FAC asserts them as the basis for a Section 1 tying claim subject to Section 1 tying requirements.  However, Rumble does not allege a Section 1 tying claim, and only some of the exclusionary conduct alleged by Rumble can be labeled accurately as tying allegations.  As noted above, only six paragraphs in the 200-paragraph FAC even use the word "tying."  FAC ¶¶ 27, 77, 169, 176, 186, 188.  Google's attempt to recast these allegations as a separate Section 1 tying claim fails.

Most of the allegations Google seeks to dismiss and strike as inadequate tying allegations concern exclusionary conduct that should not be labeled exclusively as tying allegations, although tying is part and parcel of some of the exclusionary conduct in support of the Section 2 claim.  The alleged exclusionary conduct includes, for example, revenue sharing and other financial incentives as well as technological bundling and various agreements that are exclusionary regardless of whether they are labelled as, or constitute, tying agreements.  *See* FAC ¶¶ 83-89, 137-139 (describing various anticompetitive agreements and technological bundling); ¶¶ 100-101 and Figure 6 (illustrating a variety of alleged exclusionary agreements that exacerbated Google's monopolization of the online video platform market); ¶¶ 118-120, 124-128 (describing revenue sharing agreements that lock up Google's control of the online video platform market); ¶¶ 121-123 (describing impact of Google's mobile incentive agreements on the online video platform market); and ¶ 164 (alleging that Google's preinstallation agreements and revenue sharing agreements work together as a belt-and-suspenders

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4816-7656-8050 v1

- 11 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

1   strategy for driving searches to Google and YouTube and away from competitors

2   such as Rumble).

3       Google's motion also asserts that the limited allegations of tying

4   arrangements should be stricken because they do not adequately allege the coercion

5   component of a formal Section 1 tying claim.  Google's argument lacks merit for

6   two independent reasons.  First, as a matter of substantive antitrust law, allegations

7   of tying for purposes of a Section 2 claim need not satisfy all the elements of tying

8   for purposes of a Section 1 tying claim.  Second, even if that was not the law, the

9   FAC adequately alleges coercion and the basic elements of tying in relation to the

10  referenced tying arrangements.

11  **D.   Allegations Of Tying For Purposes Of A Section 2 Claim Need**

12  **Not Satisfy All The Elements Of Tying For Purposes Of A**

13  **Section 1 Tying Claim**

14      In *Tele Atlas NV v. NAVTEQ Corp.*, 2008 WL 4809441 (N.D. Cal., San Jose

15  Division), Judge Whyte, in denying a motion for summary judgment, held that,

16  despite plaintiff's failure to prove a Section 1 tying claim, the alleged tying conduct

17  reflected a course of conduct intended to thwart competition, such that plaintiff

18  could therefore rely on its tying allegations to support its Section 2 claim.  The case

19  involved allegations that the defendant monopolized the map data market by,

20  among other things, using its 3D patent license to establish de facto tying and

21  exclusive dealing arrangements.  As Judge Whyte explained:

22          Tele Atlas argues that it may rely on its allegations of

23          tying to help establish its section 2 claim, even if they

24          cannot separately support a section 1 claim. Tele Atlas

25          cites a line of cases beginning with *Continental Ore Co. v.*

26          *Union Carbide & Carbon Corp.*, 370 U.S. 690 (1962),

27          which suggests that the court should not "approach [the]

28          claims as if they [are] completely separate and unrelated

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- 12 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

1      lawsuits." 370 U.S. at 698-99. Instead, the court should

2      consider the defendant's various acts and examine them

3      collectively for any "synergistic result." *California*

4      *Computer Products, Inc. v. International Business*

5      *Machines, Corp.,* 613 F.2d 727, 746 (9th Cir. 1979).

6      NAVTEQ cites various cases that hint otherwise, but in

7      fact, the cases cited merely suggest that where the various

8      allegedly anticompetitive acts are not anticompetitive and

9      produce no anticompetitive "synergy," summary

10     judgment is proper. *E.g., id.* Accordingly, while Tele

11     Atlas has failed to produce evidence sufficient to support

12     its claims that NAVTEQ's patent licensing violated

13     section 1 of the Sherman Act, its tying allegations are

14     similar to its exclusive dealing allegations in that both

15     courses of conduct were purportedly intended to thwart

16     Tele Atlas's entry into the market for North American

17     map data. This suggests there may be some "synergy"

18     between the two courses of conduct making them

19     appropriate for the jury to consider in concert.

20   *Id.* at *23.

21        In *California Computer Products*, the Ninth Circuit held that "even though

22   the restraint effected may be reasonable under s[ection] 1, it may constitute an

23   attempt to monopolize forbidden by s[ection] 2 if a specific intent to monopolize

24   may be shown." *California Computer Products, Inc. v. Intl. Bus. Machines Corp.*,

25   613 F.2d 727, 737 (9th Cir. 1979) (quoting *United States v. Columbia Steel Co.*,

26   334 U.S. 495, 531-32, 68 S.Ct. 1107, 1126, 92 L.Ed. 1533 (1948)).  Such intent is

27   alleged in the FAC (*see*, for example, ¶¶ 26, 27, 89, 117).

28        In *U.S. v. Microsoft*, the Court of Appeals addressed the tying allegations

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- 13 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

against Microsoft.  In that case, the Internet Explorer web browser was the "tied" product and the Microsoft operating system was the "tying" product. *U.S. v. Microsoft*, 253 F. 3d 34, 84-85 (D.C. Cir. 2001). The District Court and the Court of Appeals found that the tying conduct violated Section 2 (*id.* at 58-59) and the Court of Appeals remanded to the District Court to determine whether the same conduct violated Section 1 (*id.* at 95-96).  This further demonstrates that tying conduct that may not be actionable or alleged under Section 1 may nonetheless be sufficient to create liability under Section 2, as is alleged in the FAC.  Further, in *Microsoft*, although Microsoft's exclusive dealing arrangements did not violate Section 1, that did not eliminate liability for the same arrangements under Section 2.  *Id.* at 70. The same principle applies to tying arrangements (*id.* at 58-59), as also reflected in *Tele Atlas*.  In those cases, as in the FAC, it was alleged that a monopolist engaged in a variety of exclusionary conduct that closed to its rivals opportunities in a particular market dominated by the monopolist and the types of exclusionary conduct at issue in that case were similar in many respects to the forms of exclusionary conduct alleged here.

The Third Circuit reached a similar conclusion in *LePage's Inc. v. 3M*, 324 F.3d 141 (3d Cir. 2003).  In that case, the plaintiff, LePage's, claimed that 3M had monopoly power in the transparent tape market (Scotch tape) which harmed LePage's ability to compete in the market for private label transparent tape.  *Id.* at 144, 147.  LePage's alleged that 3M engaged in various types of exclusionary conduct to block private label competition (which had been expanding with the growth of office superstores such as Staples and Office Depot).  *Id.* at 144. LePage's alleged monopoly leveraging from the branded transparent tape market to the private label transparent tape market.  LePage's also alleged a variety of exclusionary conduct, including bundled rebates, promotional payments and incentives and exclusive dealing arrangements.  LePage's alleged that all of that conduct was part of 3M's willful acquisition or maintenance of monopoly power in

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4816-7656-8050 v1

- 14 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

the private label transparent tape market.  After reviewing the history of Supreme Court Section 2 jurisprudence (*id.* at 146-151), the Court noted that anticompetitive conduct in support of a Section 2 claim can take many forms and that a plaintiff's failure to prove a Section 1 violation does not preclude a plaintiff from relying on the same conduct in support of a Section 2 claim.  *Id.* at 157-159 and note 10.  The Court held specifically that the plaintiff's loss on its Section 1 exclusive dealing claim did not preclude use of exclusive dealing allegations in support of plaintiff's Section 2 monopolization claim.  *Id.*

Accordingly, various forms of exclusionary conduct can sustain a verdict under Section 2 even if the allegations do not establish a separate claim under Section 1.  The allegations in this case describe agreements that are exclusionary even if those agreements are not labeled as or considered to be tying agreements.[2]

**E.   Although Not Required For Section 2 Purposes, The FAC Adequately Alleges Coercion In Relation To The Alleged Tying Arrangements**

There are four elements to a per se tying violation: (1) the tying and tied goods are two separate products; (2) the defendant has market power in the tying product market; (3) the defendant affords consumers no choice but to purchase the

---

[2] As noted in the Summary of Allegations above, the alleged exclusionary conduct includes:  FAC ¶ 75 (Google taking steps to ensure that its ability to self-preference its YouTube video platform would not be adversely affected); ¶ 76 (preinstallation agreements); ¶¶ 83-89, 137-139 (describing various anticompetitive agreements and technological bundling); ¶¶ 100-101 and Figure 6 (illustrating alleged exclusionary agreements that exacerbated Google's monopolization of the online video platform market); ¶¶ 109-117 (describing coercive, "no choice" operation of Google's mobile application distribution agreements); ¶¶ 118-120, 124-128 (describing revenue sharing agreements that lock up Google's control of the online video platform market); ¶¶ 121-123 (describing impact of Google's mobile incentive agreements on the online video platform market); ¶¶ 149-155 and Figure 7 (alleging and illustrating how Google's  [cont'd next page] preinstallation agreements present phone manufacturers with an all-or-nothing choice, conditioning the distribution of the must-have Google Play and Google Play Services or GPS on the distribution, preferred placement and non-deletion of other Google apps, such as YouTube); ¶¶ 109-117 (describing pressure on mobile phone manufacturers to obtain certain "must have" and "gotta have" Google apps); ¶ 164 (alleging that Google's preinstallation agreements and revenue sharing agreements work together as a belt-and-suspenders strategy for driving searches to Google and YouTube and away from competitors such as Rumble).  All of these allegations are relevant to the claim of monopolizing or attempting to monopolize the video platform market.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- 15 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

1    tied product from it; and (4) the tying arrangement forecloses a substantial volume

2    of commerce. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 461-

3    62 (1992).  The third element is what Google presumably refers to as "coercion."

4        Rumble's FAC adequately alleges that Google's contractual arrangements

5    and other dealings with mobile phone manufacturers have put those manufacturers

6    in a position where, as a practical and business matter, they have no choice but to

7    grant Google and YouTube prominence and default positions.  Such an "all or

8    nothing choice" constitutes coercion for Section 1 tying purposes.  In *Moore v. Jas.*

9    *H. Matthews & Co.*, the Ninth Circuit held that although "some cases in other

10   circuits have required a showing of actual coercion" "our reading of the Supreme

11   Court's opinions supports the view that coercion may be implied from a showing

12   that an appreciable number of buyers have accepted burdensome terms, such as

13   a tie-in, and there exists sufficient economic power in the tying product market . .

14   .".  550 F.2d 1207, 1216-17 (9th Cir. 1977).  As pointed out above, the FAC

15   includes such allegations.

16       Google also argues that Rumble fails to allege that its video sharing platform

17   is a desirable substitute in its specialized area or is worthy of placement on Android

18   phones.  That disregards the allegations concerning Rumble's unique features and

19   attributes in its specialized area of online video sharing and viewing service.  FAC

20   ¶¶ 7-8, 14-24.  There is no need for Rumble to allege that has the breadth or

21   dominance of YouTube.  Rather, Rumble adequately alleges that it warrants a shelf

22   position as a mobile application option, but that Google's conduct has squelched

23   any incentive for mobile phone manufacturers to open up such a shelf position to a

24   competitor of a Google specialized (or vertical) search application.

25       **F.  Allegations Of Exclusionary Conduct Should Be Considered In**

26           **Combination, And Not Parsed In The Way Google Has Advocated**

27       The FAC explains that Google used a variety of tactics to achieve monopoly

28   power in the online video platform market.  Those tactics included (1) self-

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- 16 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

preferencing YouTube in Google video search results and strengthening its self-preferencing capacity by (2) leveraging its monopoly power in general search and (3) engaging in a variety of additional exclusionary tactics to strengthen its self-preferencing capacity and online video platform dominance in the realm of mobile device searches.  The FAC alleges that Google pursued those tactics as a part of a coordinated and combined monopolization strategy.  *See* for example, FAC ¶¶ 26-27.

As a matter of law, it is improper to isolate forms of exclusionary conduct that operate in combination to monopolize a market, which is precisely what Google attempts to do.  As the Supreme Court held in *Continental Ore Company v. Union Carbide & Carbon Corporation*, in Sherman Act cases "plaintiffs should be given the full benefit of their proof without compartmentalizing the various factual components and wiping the slate clean after scrutiny of each." 370 U.S. 690, 699 (1962). In *Tele Atlas*, Judge Whyte, citing *Continental Ore*, held that courts should avoid categorization and separation of exclusionary conduct and should consider the combined conduct as a whole.  He noted that there was a synergy between the courses of conduct that the jury should "consider in concert."  *Tele Atlas*, 2008 WL 4809441 at *23.

In *Microsoft*, the District Court addressed a variety of exclusionary acts and Microsoft's course of conduct as a whole, relying on *Continental Ore*.  *Microsoft*, 253 F.3d at 78.  The Court of Appeals accepted that approach because the District Court had made broad conclusions concerning Microsoft's conduct generally and the case did not present a situation in which certain acts considered in isolation harmed competition only slightly but were significant when considered cumulatively.  The Court of Appeals found it unnecessary to address Microsoft's argument that *Continental Ore* applies only to conspiracy claims.  *Id.*  Further, numerous courts have applied *Continental Ore* in a non-conspiracy context.  For example, aside from *Tele Atlas*, the Third Circuit, in *Le Page's*, 324 F.3d at 162,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- 17 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

cited *Continental Ore* and applied its holding to Section 2 claim analysis:

> The relevant inquiry is the anticompetitive effect of 3M's exclusionary practices considered together. As the Supreme Court recognized in *Cont'l Ore Co. v. Union Carbide &Carbon Corp.,* 370 U.S. 690, 699, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962), ***the courts must look to the monopolist's conduct taken as a whole rather than considering each aspect in isolation.*** The Court stated, "'in a case like the one before us [alleging § 1 and § 2 violations], the duty of the jury was to look at the whole picture and not merely at the individual figures in it.'" *Id.* (citation omitted). *See also City of Anaheim v. S. Cal. Edison Co.,* 955 F.2d 1373, 1376 (9th Cir. 1992) ("[I]t would not be proper to focus on specific individual acts of an accused monopolist while refusing to ***consider their overall combined effect*** ... We are dealing with what has been called the 'synergistic effect' of the mixture of the elements.") (emphasis added).

Accordingly, when a plaintiff alleges, as Rumble does in the FAC, a combination of exclusionary conduct, it would be improper to treat each aspect of that conduct in isolation and not adjudicate the combined conduct on the merits.

As noted above, Google seeks to label a range of exclusionary conduct as purely "tying" allegations.  The FAC's allegations extend well beyond tying arrangements.  Here again, it is improper for Google to seek to isolate that exclusionary conduct from the coordinated and combined conduct that Rumble alleges in support of its Section 2 monopolization claim.  The Court and the jury should be able to assess all of that conduct and determine whether, on the merits, it supports Rumble's Section 2 monopolization claim.

Because Google's motion treats certain of the alleged conduct in isolation—

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1                         - 18 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

1  categorizing two theories of liability as "tying" and "general search

2  monopolization"—we have addressed those categories.  But Rumble maintains that,

3  as a matter of law, such categorization is improper and all of the alleged

4  exclusionary conduct should be considered in combination, as it is presented in the

5  FAC.

6  **II.  GOOGLE'S MOTION IS PROCEDURALLY IMPROPER AND**

7  **IMPERMISSIBLE UNDER FEDERAL RULE 12(g)(2) AND SHOULD**

8  **BE DISMISSED FOR THAT INDEPENDENT REASON AS WELL**

9  Under F.R.C.P. 12(g)(2), a party cannot assert in a second motion under Rule

10  12 arguments that could have been made in its first motion.  Because Google could

11  have made the same arguments in its motion (Dkt. 16) to partially dismiss the

12  Original Complaint but failed to do so, it cannot present those arguments in a later

13  F.R.C.P. 12 motion.  Rather, under F.R.C.P. 12(h)(2), Google would need to make

14  a motion for judgment on the pleadings sometime after answering the complaint or

15  at trial.  As courts in this District have held consistently, the arguments that Google

16  could have, but did not, present in its initial motion to dismiss cannot be presented

17  or form the basis of a successive Rule 12 motions.

18  In *Northstar Financial Advisors, Inc. v. Schwab Investments,* the Court held

19  that:

20  Here, Defendants seek to assert 'a defense . . . that was

21  available . . . but omitted from [an] earlier motion' to

22  dismiss. Fed R. Civ. P. 12(g)(2). However, Defendants

23  have not asserted this defense in a pleading, a Rule 12(c)

24  motion, or at trial. Instead, Defendants have asserted this

25  defense in a motion to dismiss pursuant to Federal Rule

26  of Civil Procedure 12(b)(6). Defendants are foreclosed

27  from doing so because of Rule 12(g)(2) and Rule

28  12(h)(2).

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4816-7656-8050 v1

- 19 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

135 F. Supp. 3d 1059, 1070 (N.D. Cal. 2015). Similarly, in *In re Apple iPhone Antitrust Litigation*, the Court held that, "While specific defenses may not have been waived, Apple does not enjoy an unbridled ability to file successive motions to dismiss. Successive motions under Rule 12(b) are generally not permissible and create significant inefficiencies within the court system." No. 11-CV-06714-YGR, 2013 WL 4425720, at *13 (N.D. Cal. Aug. 15, 2013).

Accordingly, as a procedural matter, Google's motion is improper and should be denied for that independent additional reason.

## III. BECAUSE RUMBLE'S ALLEGATIONS IN SUPPORT OF ITS SECTION 2 CLAIM ARE PLEADED ADEQUATELY AND ARE DIRECTLY RELEVANT TO THE SECTION 2 CLAIM, THERE IS NO BASIS TO STRIKE THOSE ALLEGATIONS

Because all of the allegations that Google seeks to strike relate, properly and adequately, to forms of exclusionary conduct that should be considered in adjudicating a monopolization claim, those detailed allegations should not be stricken. As the above-cited case law makes clear, antitrust claims are to be adjudicated as a whole, and not parsed into discrete and discarded pieces.

"Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992) (citing *Colaprico v. Sun Microsystems, Inc.,* 758 F. Supp. 1335, 1339 (N.D. Cal. 1991)). Here, the paragraphs of the FAC that Google seeks to strike address exclusionary conduct and leveraging of monopoly power that contributed to and established Google's monopoly power in the online video platform market. As the decision in *LeDuc* holds, ". . . allegations supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant." *LeDuc,* 814 F. Supp at 830 (citing *Fuchs Sugars & Syrups, Inc. v. Amstar Corp.*, 402 F. Supp. 636, 637-638 (S.D.N.Y. 1975)). "Where

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- 20 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

allegations, when read with the complaint as a whole, give a full understanding thereof, they need not be stricken. Under the liberal federal pleading rules notice and clarity of claims is all that is required." *LeDuc,* 814 F. Supp at 830 (internal citations omitted).  *See also Smith v. Ebay Corp.*, No. C 10-03825 JSW, 2012 WL 1951971 (N.D. Cal. May 29, 2012) (denying motion to strike where the paragraphs at issue provided relevant background information and where the Court could not conclude "that the allegations have no possible bearing on the issues in this litigation").

  "In exercising its discretion, the court views the pleadings in the light most favorable to the non-moving party (*see In re 2TheMart.com Securities Litigation*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000)), and resolves any doubt as to the relevance of the challenged allegations in favor of plaintiff. This is particularly true if the moving party demonstrates no resulting prejudice. *Wailua Assocs. v. Aetna Casualty and Surety Co.*, 183 F.R.D. 550, 553–54 (D. Haw. 1998) ("Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation; if there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied. . .")." *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).

  Motions to strike "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *N.Y.C. Emples. Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (quoting *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)).  Motions to strike "should only be granted 'if the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit.'" *Id.* (quoting *Rivers v. County of Marin*, No. C 05-4251, 2006 WL 581096 (N.D. Cal. Mar. 6, 2006)). The burden of showing prejudice is on the moving party. *Id.*   Google has not met that burden here.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- 21 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS

1

**CONCLUSION**

2         For the foregoing reasons, Plaintiff Rumble respectfully requests that the

3    Court deny Google's partial motion to dismiss and strike in its entirety.

4    Dated:  July 14, 2021                     Respectfully Submitted,

5                                              BURKE, WILLIAMS & SORENSEN, LLP
                                               Robert W. Dickerson, Jr.
6                                              Patricia L. Peden
                                               Lenny Huang
7

8                                              By:  /s/ Robert W. Dickerson, Jr.
                                                       Robert W. Dickerson, Jr.
9                                              Attorneys for Plaintiff
                                               RUMBLE, INC.
10

11   Dated:  July 14, 2021                     CADWALADER, WICKERSHAM &
                                               TAFT LLP
12                                             Nicholas A. Gravante, Jr.
                                               Philip J. Iovieno
13                                             Jack G. Stern

14
                                               By:  /s/ Jack G. Stern
15                                                     Jack G. Stern
                                                       *Admitted Pro Hac Vice*
16                                             Attorneys for Plaintiff
                                               RUMBLE, INC.
17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4816-7656-8050 v1

- 22 -

4:21-CV-00229-HSG
PLAINTIFF'S OPPOSITION TO
DEFENDANT'S PARTIAL MTD/MTS