John E. Schmidtlein (CA State Bar No. 163520)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone:     (202) 434-5000
Facsimile:     (202) 434-5029
Email:         jschmidtlein@wc.com

*Attorney for Defendant Google LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

RUMBLE, INC.,

               Plaintiff,

          v.

GOOGLE LLC and DOES 1-10, inclusive,

               Defendants.

Case No. 4:21-cv-00229-HSG

**DEFENDANT GOOGLE LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO RUMBLE'S FIRST AMENDED COMPLAINT**

Judge:          Hon. Haywood S. Gilliam, Jr.

1   Defendant Google LLC ("Google" or "Defendant"), through its undersigned counsel,

2   answers the First Amended Complaint (Dkt. No. 21) of Rumble, Inc. ("Rumble" or "Plaintiff"), as

3   set forth below using the paragraph numbers of the allegations asserted in Rumble's First Amended

4   Complaint.

5   **RESPONSE TO NUMBERED PARAGRAPHS**

6   The section headings in the First Amended Complaint do not require a response.  To the

7   extent that the section headings contain allegations requiring a response, Google denies all such

8   allegations.

9   1.   Google admits that Rumble purports to bring an action under Section 2 of the Sherman

10  Act (15 U.S.C. § 2), and Sections 4 and 15 of the Clayton Act (15 U.S.C. §§ 4 and 15), but denies

11  that Rumble is entitled to any of the relief that it seeks and denies any other allegations in this

12  paragraph.

13  2.   Google denies the allegations in Paragraph 2 of the First Amended Complaint.

14  3.   Google denies the allegations in Paragraph 3 of the First Amended Complaint.

15  4.   Google denies the allegations in the first, third, and seventh sentences of Paragraph 4

16  of the First Amended Complaint.  As to the allegations in the second sentence of Paragraph 4 of the

17  First Amended Complaint, Google admits that it acquired the Android operating system and that

18  Android is an operating system that Google licenses open-source with an Apache license, but Google

19  denies the remaining allegations in this sentence.  As to the allegations in the fourth sentence of

20  Paragraph 4 of the First Amended Complaint, Google admits that certain manufacturers of smart

21  devices have used the Android operating system for such devices without paying any licensing fee,

22  developing their own operating system, or handing over control over their devices, but lacks

23  sufficient information regarding the remaining allegations of this sentence to form a belief as to their

24  truth or falsity and denies them on that basis.   As to the allegations in the fifth sentence of Paragraph

25  4 of the First Amended Complaint, Google admits that independent, third-party app developers have

26  developed apps that are compatible with the Android operating system, but lacks sufficient

27  information regarding the remaining allegations of this sentence and denies them on that basis.  As

28

- 1 -

1    to the allegations in the sixth sentence of Paragraph 4 of the First Amended Complaint, Google admits
2    that Google created the Google Play app, which allows users to download other apps, but denies the
3    remaining allegations in this sentence.

4        5.      Google denies the allegations in the first and third sentences of Paragraph 5 of the
5    First Amended Complaint.  As to the allegations in the second sentence of this paragraph, Google
6    admits that it uses agreements to license its proprietary apps to manufacturers and distributors of
7    smart devices, but denies the remaining allegations in this sentence.

8        6.      Google denies the allegations in the first, third, and fourth sentences of Paragraph 6
9    of the First Amended Complaint.  As to the allegations in the second sentence of this paragraph,
10   Google admits that online searching for videos is done on smartphones, but denies the remaining
11   allegations in this sentence.

12       7.      Google denies the allegations in the third sentence of Paragraph 7 of the First
13   Amended Complaint.  As to the first sentence of this paragraph, Google lacks sufficient information
14   regarding the allegations in this sentence to form a belief as to their truth or falsity and denies them
15   on that basis.  As to the second sentence of this paragraph, Google denies that Rumble's "search
16   traffic has been diverted to YouTube through Google's wrongful conduct," but lacks sufficient
17   information regarding the other allegations in this sentence to form a belief as to their truth or falsity
18   and denies them on that basis.

19       8.      Google denies the allegations in the second sentence of Paragraph 8 of the First
20   Amended Complaint.  As to the first sentence of Paragraph 8 of the First Amended Complaint,
21   Google admits that Rumble has uploaded videos to YouTube and that those videos have generated
22   views, Google denies that Rumble has suffered any damages proximately caused by Google's
23   conduct or that Google's conduct was or is "unlawful," and Google lacks sufficient information
24   regarding the remaining allegations in this sentence to form a belief as to their truth or falsity and
25   denies them on that basis.

26       9.      Google denies the allegations in the first sentence of Paragraph 9 of the First Amended
27   Complaint.  As to the second, third, fourth, and fifth sentence of this paragraph, and excerpted image

28

in Figure 1, Google admits that these sentences and Figure purport to describe and excerpt Google search results for the query "Baby preciously cuddles cat for nap time" but lacks sufficient information regarding the remaining allegations of these sentences and Figure to form a belief as to their truth or falsity and denies them on that basis.  As to the sixth sentence of this paragraph, Google denies any allegation that Google search algorithms are "rigged" or Google "manipulate[es] the search results" "to give unfair preference to YouTube," but lacks sufficient information regarding the remaining allegations of this sentence and denies them on that basis.

10.    Google admits that this paragraph and Figure 1 purport to describe Google search results for the query "Baby preciously cuddles cat for nap time."  Google denies that the purported results for the Google search in this Figure list "dated and unrelated YouTube videos" or "miscellaneous unrelated YouTube videos that do not contain, in fact, are not even close to, the searched-for title, and are quite dated."  Google lacks sufficient information regarding the remaining allegations in this paragraph to form a belief as to their truth or falsity and denies them on that basis.

11.    As to the first sentence of Paragraph 11 of the First Amended Complaint, Google admits that Rumble made sitemap submissions to Google Search Console in May 2019, but denies that it had knowledge that the referenced video "was a Rumble exclusive and original asset."  Google lacks sufficient information regarding the remaining allegations in the first sentence of this paragraph to form a belief as to their truth or falsity and denies them on that basis.  As to the second sentence in this paragraph, Google denies that "[p]ursuant to Google's publicly stated policies, Rumble should have been elevated in the search results (actually should have been listed first)," Google admits that Figure 1, which purports to excerpt Google search results for the query "Baby preciously cuddles cat for nap time," does not on its face refer to a Rumble website, and Google lacks sufficient information regarding the remaining allegations in this sentence to form a belief as to their truth or falsity and denies them on that basis.

12.    Google admits that Paragraph 12 and Figure 2 of the First Amended Complaint purport to describe and excerpt Google search results for the query "Baby preciously cuddles cat for nap time," and that Figure 2 does not on its face refer to a Rumble website.  Google denies that the

1   purported Google search results depicted in Figure 2 list "a very different and very dated YouTube

2   video with [a] dissimilar title" in response to the purported query.  Google lacks sufficient knowledge

3   regarding the remaining allegations in this paragraph to form a belief as to their truth or falsity and

4   denies them on that basis.

5          13.    Google admits that Figure 2 purports to excerpt Google search results for the query

6   "Baby preciously cuddles cat for nap time," and that Figure 2 does not on its face refer to a Rumble

7   website.  Google denies that Figure 2 or any other allegations from Rumble "evidenc[e] Google's

8   self-preference of YouTube over competitors."  Google denies that as of November 24, 2020 it had

9   knowledge that Rumble was the alleged "original source" of a video titled "Baby preciously cuddles

10  cat for nap time."   Google lacks sufficient knowledge regarding the remaining allegations in this

11  paragraph to form a belief as to their truth or falsity and denies them on that basis.

12         14.    Google lacks sufficient knowledge regarding the allegations in Paragraph 14 of the

13  First Amended Complaint to form a belief as to their truth or falsity and denies them on that basis.

14         15.    Google lacks sufficient knowledge regarding the allegations in Paragraph 15 of the

15  First Amended Complaint to form a belief as to their truth or falsity and denies them on that basis.

16         16.    Google admits that Rumble has uploaded videos to YouTube and that, through

17  September 2020, videos associated with the Client ID linked to Rumble generated approximately 9.2

18  billion views on YouTube.

19         17.    The first sentence of Paragraph 17 of the First Amended Complaint contains a

20  normative statement not subject to admission or denial; to the extent this sentence contains any

21  factual allegations requiring a response, Google denies them.  As to the second and third sentences

22  of this paragraph, Google lacks sufficient knowledge regarding the allegations in those sentences to

23  form a belief as to their truth or falsity and denies them on that basis.

24         18.    Google lacks sufficient knowledge regarding the allegations in Paragraph 18 of the

25  First Amended Complaint to form a belief as to their truth or falsity and denies them on that basis.

26         19.    Google lacks sufficient knowledge regarding the allegations in Paragraph 19 of the

27  First Amended Complaint to form a belief as to their truth or falsity and denies them on that basis.

28

20.     Google lacks sufficient knowledge regarding the allegations in Paragraph 20 of the First Amended Complaint to form a belief as to their truth or falsity and denies them on that basis.

21.     Google lacks sufficient knowledge regarding the allegations in Paragraph 21 of the First Amended Complaint to form a belief as to their truth or falsity and denies them on that basis.

22.     Google lacks sufficient knowledge regarding the allegations in Paragraph 22 of the First Amended Complaint to form a belief as to their truth or falsity and denies them on that basis.

23.     Google admits that it is a party to the pending lawsuit captioned *United States of America et al. v. Google LLC*, No. 1:20-cv-03010 (D.D.C.).  Google denies the remaining allegations in this paragraph.

24.     Google lacks sufficient information regarding the allegations in the first, second, fourth, fifth, and sixth sentences of Paragraph 24 of the First Amended Complaint to form a belief as to their truth or falsity and denies them on that basis.  As to the third sentence of this paragraph, Google admits that Rumble has uploaded videos to YouTube, but denies that Google has obtained a monopoly for its YouTube platform or that Google has obtained such a monopoly through unlawful anti-competitive conduct, and Google lacks sufficient knowledge regarding the other allegations in this sentence to form a belief as to their truth or falsity and denies them on that basis.

25.     Google denies the allegations in the first sentence of Paragraph 25 of the First Amended Complaint.  As to the second sentence of this paragraph, Google admits that it purchased YouTube in 2006 but denies the remaining allegations of this sentence.

26.     Google denies the allegations in Paragraph 26 of the First Amended Complaint, and incorporates by reference its Answer to the DOJ Complaint.

27.     Google denies the allegations in Paragraph 27 of the First Amended Complaint.

28.     Google admits that Paragraph 28 of the First Amended Complaint contains an excerpt from the July 14, 2020 Wall Street Journal Article entitled "*Searching for Videos?  Google Pushes YouTube Over Rivals*," but denies the allegations characterizing the substance of that article and denies the remaining allegations in this paragraph.

29.     Google admits that Paragraph 29 of the First Amended Complaint contains an excerpt

from an October 6, 2020 Report issued by the House of Representatives entitled "*Investigation of Competition in Digital Market, Majority Staff Report and Recommendation*," but denies the allegations characterizing the substance of that report and denies the remaining allegations in this paragraph.

30.     Google admits that Paragraph 30 of the First Amended Complaint contains an excerpt from an October 6, 2020 Report issued by the House of Representatives entitled "*Investigation of Competition in Digital Market, Majority Staff Report and Recommendation*," but denies the allegations characterizing the substance of that report and denies the remaining allegations in this paragraph.

31.     Google denies the allegations in Paragraph 31 of the First Amended Complaint.

32.     Google denies the allegations in Paragraph 32 of the First Amended Complaint.

33.     Google admits that Paragraph 33 of the First Amended Complaint contains an excerpt from an October 6, 2020 Report issued by the House of Representatives entitled "*Investigation of Competition in Digital Market, Majority Staff Report and Recommendation*," but denies the allegations characterizing the substance of that report and denies the remaining allegations in this paragraph.

34.     Google admits that Paragraph 34 of the First Amended Complaint contains an excerpt from a September 26, 2014 Gizmodo article entitled "*Why Android Phones Now Come With So Many More Google Apps*," but denies the allegations characterizing the substance of that article and denies the remaining allegations in this paragraph.

35.     Google admits that Paragraph 35 of the First Amended Complaint contains an excerpt from the DOJ Complaint filed in *United States of America et al. v. Google LLC*, No. 1:20-cv-03010 (D.D.C.).  Google incorporates by reference its Answer to the DOJ Complaint, and in particular its answer to these excerpted paragraphs, and denies the other allegations in Paragraph 35 of the First Amended Complaint, including the allegations characterizing the DOJ Complaint.

36.     Google denies the allegations in the first and second sentences of Paragraph 36 of the First Amended Complaint.  Google lacks sufficient knowledge regarding the allegations in the third

sentence of this paragraph to form a belief as to their truth or falsity, and denies them on that basis.

37.     As to the first sentence of Paragraph 37 of the First Amended Complaint, Google lacks sufficient knowledge regarding the allegations in this sentence to form a belief as to their truth or falsity and denies them on that basis.  As to the second sentence of this paragraph, Google admits that Rumble has uploaded videos to YouTube, but Google denies the remaining allegations in this sentence.  As to the third sentence of this paragraph, Google admits that Google pays Rumble a portion of the advertising revenue generated from videos that Rumble uploads to YouTube, but Google denies the remaining allegations of this sentence.

38.     As to the first sentence of Paragraph 38 of the First Amended Complaint, Google lacks sufficient knowledge regarding the allegations in this sentence to form a belief as to their truth or falsity and denies them on that basis.  As to the second sentence of this paragraph, Google denies that it "diverts traffic to the YouTube platform instead of Rumble's," and Google lacks sufficient information regarding the other allegations in this sentence to form a belief as to their truth or falsity and denies them on that basis.  As to the third sentence of this paragraph, Google denies the allegations that any of Google's actions have caused or are causing "direct injury to competition (many video platforms who were active online before Google purchased YouTube no longer exist), to competitors (such as Rumble), and to consumers," and Google lacks sufficient knowledge regarding the remaining allegations in this sentence to form a belief as to their truth or falsity and denies them on that basis.

39.     Google denies the allegations in the first, third, and fourth sentences of Paragraph 39 of the First Amended Complaint.  As to the second sentence of this paragraph, Google lacks sufficient knowledge regarding the allegations in that sentence to form a belief as to their truth or falsity and denies them on that basis.

40.     Google denies the allegations in the first sentence of Paragraph 40 of the First Amended Complaint.  As to the second sentence of this paragraph, Google lacks sufficient knowledge regarding Rumble's beliefs and therefore denies these allegations.  For the avoidance of doubt, Google further states that Rumble is not entitled to any of the relief that it seeks, including the relief

1   discussed in this paragraph.

2       41.     Google lacks sufficient knowledge regarding the allegations in Paragraph 41 of the

3   First Amended Complaint to form a belief as to their truth or falsity, and denies them on that basis.

4       42.     Google admits that it is a limited liability company organized and existing under the

5   laws of the State of Delaware and that it maintains a Mountain View, California business address.

6   Google further admits that it is a subsidiary of XXVI Holdings Inc., a Delaware corporation that

7   maintains a Mountain View, California business address, and that XXVI Holdings Inc. is a subsidiary

8   of Alphabet Inc. Google further admits that it wholly owns YouTube LLC, a limited liability

9   company organized and existing under the laws of the State of Delaware.  Google further admits that

10  Alphabet Inc. is a publicly traded company that is incorporated and existing under the laws of the

11  State of Delaware and that maintains its principal executive offices in Mountain View, California.

12  Google denies the remaining allegations in this paragraph.

13      43.     The allegations in the first and third sentences of Paragraph 43 of the First Amended

14  Complaint are legal conclusions not subject to admission or denial.  Google admits that it provides a

15  range of products and services that are marketed, distributed, and offered to consumers throughout

16  the United States, across state lines, and internationally.

17      44.     The allegations of Paragraph 44 of the First Amended Complaint are legal conclusions

18  not subject to admission or denial.  To the extent a response is required, Google does not dispute—

19  for the purposes of this action only—the personal jurisdiction of this Court.  Google denies any

20  remaining allegations of this paragraph.

21      45.     Google admits that Rumble purports to bring an action under Section 2 of the Sherman

22  Act (15 U.S.C. § 2), and Sections 4 and 15 of the Clayton Act (15 U.S.C. §§ 4 and 15), but denies

23  that Rumble is entitled to any of the relief that it seeks and denies any other allegations in this

24  paragraph.

25      46.     The allegations of Paragraph 46 of the First Amended Complaint are legal conclusions

26  not subject to admission or denial.  To the extent a response is required, Google does not dispute

27  subject matter jurisdiction in this action.

28

47.     The allegations of Paragraph 47 of the First Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google does not dispute— for the purposes of this action only—venue in this Court.  Google denies any remaining allegations of this paragraph.

48.     As to the first sentence of Paragraph 48 of the First Amended Complaint, Google admits that there have been changes to the corporate structure of Google and its affiliates, but Google lacks sufficient information regarding the remaining allegations in this sentence to form a belief as to their truth or falsity and denies them on that basis.  The allegations in the second sentence of this paragraph are legal conclusions or purported reservations of rights not subject to admission or denial.

49.     Google admits that YouTube was founded by Chad Hurley, Steve Chen, and Jawed Kari, but Google lacks sufficient information regarding the remaining allegations in Paragraph 49 of the First Amended Complaint to form a belief as to their truth or falsity and denies them on that basis.

50.     Google admits the allegations in the first, second, and third sentences of Paragraph 50 of the First Amended Complaint.  Google lacks sufficient information regarding the allegations in the fourth sentence of this paragraph to form a belief as to their truth or falsity and denies them on that basis.  As to the fifth sentence of this paragraph, Google lacks sufficient information regarding whether the number of online video platforms has changed since November of 2006 to form a belief as to its truth or falsity and denies it on that basis. Google also denies any remaining allegations in this sentence.

51.     Google denies the allegations in this paragraph.

52.     Google admits that it paid approximately $1.65 billion for YouTube and that, when Google acquired YouTube, YouTube had been active for less than two years and had not yet turned a profit.  Google denies the remaining allegations in this paragraph.

53.     Google denies the allegations in the third sentence of Paragraph 53 of the First Amended Complaint.  As to the first sentence of this paragraph, Google admits that it has at some point realized that its online search platform could be used to search for videos, but denies the remaining allegations in this sentence.  As to the second sentence of this paragraph, Google admits

GOOGLE LLC's ANSWER AND AFFIRMATIVE DEFENSES
Case No. 4:21-cv-00229-HSG

that the location of a link on the Google search page is a factor that, in some circumstances, might affect whether a user clicks on that link, but denies the remaining allegations of this paragraph.

54.     Google denies the allegations in the first sentence of Paragraph 54 of the First Amended Complaint.  As to the second and third sentences of this paragraph, Google admits that the cited references contain reporting on various revenue figures for YouTube, but denies the allegations characterizing those references and denies any remaining allegations in those sentences.

55.     The allegations in the first sentence of Paragraph 55 of the First Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is  required, Google denies the allegations in the first sentence of this paragraph.  As to the second sentence of this paragraph, Google admits that there are online video platforms that allow content creators and other consumers to upload, view, share, and download video content, but otherwise denies the allegations in this sentence.

56.     The allegations in the first sentence of Paragraph 56 of the First Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first sentence of this paragraph.  As to the second sentence of this paragraph, Google admits that consumers use online video platforms for, *inter alia*, uploading, viewing, sharing, and downloading video content, and enjoy the use of such platforms, but Google denies any remaining allegations of this sentence.

57.     The allegations in Paragraph 57 of the First Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google admits that it purchased YouTube for approximately $1.65 billion within two years of YouTube having launched, but Google denies the remaining allegations in this paragraph.

58.     The allegations in the first, second, fourth, and eighth sentences of Paragraph 58 of the First Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first, second, fourth, and eighth sentences of this paragraph.  As to the allegations in the third and sixth sentences of this paragraph, Google lacks sufficient knowledge regarding these allegations to form a belief as to their truth or falsity and

denies them on that basis.  As to the fifth sentence of this paragraph, the allegation that TikTok, Instagram and Facebook "do not provide the same type of video sharing and viewing services" is a legal conclusion not subject to admission or denial, but Google denies this allegation to the extent a response is required, and Google lacks sufficient information regarding the remaining allegations in this sentence to form a belief as to their truth or falsity and denies them on that basis.  As to the seventh sentence of this paragraph, Google admits that there are third-party reports of a 2018 agreement between Google and Facebook, but Google denies the allegations characterizing those reports and denies the remaining allegations of this sentence.

59.    The allegations in the first and third sentence of Paragraph 59 of the First Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first and third sentences of this paragraph.  As to the second sentence of this paragraph, Google admits that certain users can customize Google's search engine to preference results from certain countries and regions, but Google denies the remaining allegations in this sentence.

60.    The allegations in the first sentence of Paragraph 60 of the First Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first sentence of this paragraph.  Google denies the remaining allegations of this paragraph on the grounds that "significant," "highly complex," "effective," "adequate," and "vital" are undefined, rendering those allegations vague as a matter of law and that, to the extent not vague, Google lacks knowledge or information sufficient to form a belief as to their truth or falsity.

61.    The allegations in the first sentence of Paragraph 61 of the First Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first sentence of this paragraph.  As to the second sentence of this paragraph, Google admits that the cited websites generally refer to online video platforms in connection with market analysis, but Google otherwise denies the remaining allegations of this sentence.

62.    The allegations in the first sentence of Paragraph 62 of the First Amended Complaint

are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first sentence of this paragraph.  Google denies the remaining allegations of this paragraph.

63.     As to the first and second sentences of Paragraph 63 of the First Amended Complaint, Google admits that the *Wall Street Journal* has reported on various market share measures associated with Google, but otherwise denies the allegations in these sentences.  The allegations in the third sentence of this paragraph are premised on Rumble's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the third sentence of this paragraph.

64.     Google denies the allegations in Paragraph 64 of the First Amended Complaint.

65.     Google denies the allegations in Paragraph 65 of the First Amended Complaint.

66.     Google denies the allegations of Paragraph 66 of the First Amended Complaint.

67.     Google denies the allegations in Paragraph 67 of the First Amended Complaint.

68.     Paragraph 68 of the First Amended Complaint merely incorporates by reference Paragraphs 2 to 13 of the First Amended Complaint, and thus no additional response is required.  To the extent a response is required, Google incorporates by reference its responses to Paragraphs 2 to 13 of the First Amended Complaint.

69.     Google denies the allegations in the second sentence of Paragraph 69 of the First Amended Complaint.  As to the first sentence of this paragraph and Figure 3, Google admits that this sentence and Figure purport to describe and excerpt the results of a Google video search with the query "funny dogs" and that the depicted results appear to be links to YouTube video pages, but Google lacks sufficient knowledge regarding the remaining allegations of this sentence and Figure to form a belief as to their truth or falsity and denies them on that basis.

70.     As to the first sentence of Paragraph 70 and Figure 4, Google admits that the sentence and Figure purport to describe and excerpt the results of a Google search with the query "funny dogs on rumble," and that the depicted results appear to be links to YouTube URLs, but the term "all-important" is undefined, rendering the remaining allegations in this sentence vague as a matter of law

and that, to the extent not vague, Google lacks knowledge or information sufficient to form a belief as to their truth or falsity. As to the footnote to this paragraph, Google admits that the paragraph excerpts a sentence from the October 6, 2020 Report issued by the House of Representatives entitled "*Investigation of Competition in Digital Market, Majority Staff Report and Recommendation*," but denies the allegations characterizing the substance of that report and denies the remaining allegations in this footnote.

71.     Google denies the allegations in Paragraph 71 of the First Amended Complaint, including their false premise that Google "rig[s] its search algorithms" or "manipulate[s] its search results via other means or mechanisms."

72.     Regarding the introductory portion of Paragraph 72 of the First Amended Complaint, Google denies that its algorithms for video searches "self-preference YouTube," but otherwise lacks sufficient knowledge regarding the allegations in this introductory portion to form a belief as to their truth or falsity and therefore denies them on that basis.

a.  Google lacks sufficient knowledge regarding the allegations in this subpart of Paragraph 72 to form a belief as to their truth or falsity and therefore denies them.

b.  Google lacks sufficient knowledge regarding the allegations in this subpart of Paragraph 72 to form a belief as to their truth or falsity and therefore denies them.

c.  Google lacks sufficient knowledge regarding the allegations in this subpart of Paragraph 72 to form a belief as to their truth or falsity and therefore denies them.

d.  Google lacks sufficient knowledge regarding the allegations in this subpart of Paragraph 72 to form a belief as to their truth or falsity and therefore denies them.

e.  Google denies that its "search algorithms for online videos give unfair preference to YouTube," but Google otherwise lacks sufficient knowledge regarding the allegations in this subpart of Paragraph 72 to form a belief as to their truth or falsity and therefore denies them.

f.  Google denies the allegations in the third and fifth sentences of this subpart of Paragraph 72. As to the first sentence of this subpart, Google denies that "YouTube

was preferenced by Google's search engine" but otherwise lacks sufficient knowledge regarding the remaining allegations of this sentence to form a belief as to their truth or falsity and denies them on that basis.  As to the second sentence of this subpart, Google admits that the cited blog post contains a statement from Google's Vice President for News describing how Google updated its search ranking algorithm to better recognize original news reporting, surface it more prominently in Search, and ensure it stays there longer, but denies the allegations characterizing that blog post and denies any remaining allegations in that sentence.  As to the fourth sentence of this subpart, Google denies that there was "preferential treatment for YouTube" but otherwise lacks sufficient knowledge regarding the remaining allegations in this sentence to form a belief as to their truth or falsity and denies them on that basis.

g.   Google lacks sufficient knowledge regarding the allegations in this subpart of Paragraph 72 to form a belief as to their truth or falsity and denies them on that basis.

h.   Google denies the allegations in the second sentence of this subpart of Paragraph 72. As to the first and third sentences of this subpart, Google lacks sufficient knowledge regarding the allegations in those sentences to form a belief as to their truth or falsity and denies them on that basis.

i.   Google denies the allegations in the second sentence of this subpart of Paragraph 72. As to the first and third sentences, and Figure 5, Google admits that they purport to describe and excerpt the results of a Google search with the query "Cat watches in disbelief as two rats fight each other," where the first result appears to link to a YouTube URL but otherwise lacks sufficient knowledge regarding the allegations in these sentences to form a belief as to their truth or falsity and denies them on that basis.

73.   Google denies the allegations in Paragraph 73 of the First Amended Complaint, and incorporates by reference its Answer to the DOJ Complaint.

74.   The allegations in the final sentence of Paragraph 74 of the First Amended Complaint

are premised on Rumble's proposed market definition, a legal conclusion not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the final sentence of this paragraph.  Google denies all other allegations in this paragraph.

75.     Google admits that some users use mobile smart devices instead of or in addition to laptop or desktop computers to search for online content, including online video content, but denies the remaining allegations in Paragraph 75 of the First Amended Complaint.

76.     Google denies the allegations in Paragraph 76 of the First Amended Complaint.

77.     The allegations of Paragraph 77 are legal conclusions not subject to admission or denial.  To the extent a response is required, Google admits that it licenses the Android operating system open-source and that Google has entered into agreements with mobile smart phone manufacturers, but Google denies the remaining allegations in this paragraph.

78.     Paragraph 78 does not contain factual allegations subject to admission or denial.  To the extent a response is required, Google denies any allegations in this paragraph.

79.     Google admits that it has entered into agreements with original equipment manufacturers and carriers of smart devices to distribute and/or license Google's products.  Google denies any remaining allegations in Paragraph 79 of the First Amended Complaint.

80.     Google denies the allegations in Paragraph 80 of the First Amended Complaint.

81.     Google admits that it distributes Google Search in part through properties it owns or operates.  Google denies the remaining allegations in Paragraph 81 of the First Amended Complaint.

82.     Google admits that it distributes Google Search in part through properties it owns or operates.  Google denies the remaining allegations in Paragraph 82 of the First Amended Complaint.

83.     Google admits that it has three basic types of agreements with mobile device manufacturers and that its agreements are generally bespoke.  Google denies the remaining allegations in Paragraph 83 of the First Amended Complaint.

84.     Google admits that one of these three basic types of agreements with mobile device manufacturers relates to the ability of original equipment manufacturers that preinstall Google's proprietary apps to modify Android source code in a way that hinders interoperability.  Google denies

the remaining allegations in Paragraph 84 of the First Amended Complaint.

85.    Google admits that it offers Google application program interfaces (APIs) and proprietary Google apps free of charge to original equipment manufacturers that agree to preinstall a suite of Google apps, including the YouTube app, and that these agreements contain various provisions regarding placement of certain Google apps on devices' system partitions and on various device screens for the out-of-the-box settings, including provisions regarding the YouTube app. Google denies the remaining allegations in Paragraph 85 of the First Amended Complaint.

86.    Google admits that it has entered agreements with certain original equipment manufacturers, mobile phone carriers, browser providers, and Apple for the distribution and promotion of Google's products and services. Google further admits that certain agreements provide for Google Search to be the out-of-the-box default search service for certain search access points on desktops, laptops, and mobile devices and that, in exchange, Google shares a portion of revenue generated from those search access points.  Google denies the remaining allegations in Paragraph 86 of the First Amended Complaint.

87.    Google admits that it has entered agreements with certain original equipment manufacturers and mobile phone carriers for the distribution and promotion of Google's products and services.  Google further admits that certain agreements provide for Google Search to be the out-of-the-box default search service for certain search access points on mobile smart devices. Google denies the remaining allegations in Paragraph 87 of the First Amended Complaint.

88.    Google admits that there is at least one third-party source reporting on negotiations between Google and Roku regarding YouTube TV, but otherwise denies the allegations in Paragraph 88 of the First Amended Complaint.

89.    Google denies the allegations in Paragraph 89 of the First Amended Complaint.

90.    Google denies the allegations in Paragraph 90 of the First Amended Complaint.

91.    As to the first sentence of Paragraph 91 of the First Amended Complaint, Google admits that in the late 1990s and early 2000s, most internet searches were performed on desktop and laptop browsers, but denies the remaining allegations in this sentence.  As to the second sentence of

1    this paragraph, Google admits that its 2007 Form 10-K contains the quoted language, but denies

2    Rumble's allegations characterizing the substance of that document.

3         92.    Google admits that it has worked with mobile device manufacturers (such as LG,

4    Motorola, and Samsung) and carriers (such as AT&T, T-Mobile/Sprint, and Verizon) for the

5    distribution and promotion of Google's search products and services, but otherwise denies the

6    allegations in the first sentence of Paragraph 92 of the First Amended Complaint.  As to the second

7    sentence of this paragraph, Google admits the existence of a document containing the quoted

8    language, but denies the remainder of Rumble's allegations characterizing the substance of that

9    document and any remaining allegations in this sentence.

10        93.    Google admits that Google Inc. purchased the Android mobile operating system in

11   2005, but denies Plaintiffs' characterization of that transaction.  Google admits that it began offering

12   Android through an open-source license in or around 2007.  Google denies the remaining allegations

13   in Paragraph No. 93 of the First Amended Complaint.

14        94.    Google denies the allegations in the fifth sentence of Paragraph 94 of the First

15   Amended Complaint.  As to the first sentence of this paragraph, Google admits that Android attracted

16   consumers, app developers, manufacturers, and carriers but otherwise denies the allegations in this

17   sentence.   As to the second and fourth sentences in this paragraph, Google lacks sufficient

18   information regarding the allegations in those sentences and denies them on that basis.  As to the

19   third sentence of this paragraph, Google admits the existence of a document containing the quoted

20   language, but denies the remainder of Plaintiffs' allegations characterizing the substance of that

21   document.

22        95.    Google admits that Android attracted consumers, app developers, manufacturers, and

23   carriers, but otherwise denies the allegations in Paragraph 95 of the First Amended Complaint.

24        96.    Google denies the allegations in the first and third sentences of Paragraph 96 of the

25   First Amended Complaint.  As to the second sentence of this paragraph, Google admits the existence

26   of a document containing the quoted language, but denies the remainder of Plaintiffs' allegations

27   characterizing the substance of that document.

28

97.     As to the first sentence of Paragraph 97 of the First Amended Complaint, Google admits the existence of a document containing the quoted language, but denies Rumble's characterization of that document and any remaining allegations in that sentence.  Google denies the allegations in the second sentence of this paragraph.

98.     Google admits that the "Google Play" app store contains a large number of apps, but denies the remaining allegations in Paragraph 98 of the First Amended Complaint.

99.     As to the first, second, and third sentences of Paragraph 99 of the First Amended Complaint, Google lacks sufficient knowledge or information to form a belief as to their truth or falsity, and denies them on that basis.  As to the fourth sentence of this paragraph, Google admits that Android competes with Apple's iOS, which has a significant United States presence and is not licensed to other manufacturers, but denies any remaining allegations in this sentence.  The fifth sentence of this paragraph contains a legal conclusion not subject to admission or denial, but to the extent a response is required, Google denies the allegations in that sentence.

100.    Google denies the allegations in the first and third sentences of Paragraph 100 of the First Amended Complaint.  As to the second sentence of this paragraph, Google admits the existence of a document containing the quoted language, but denies the remainder of Rumble's allegations characterizing the substance of that document.   To the extent that Figure 6 purports to depict, construe, or describe any agreements or documents, no response is required; to the extent a response is required, Google denies that Figure 6 presents a fair and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 6.

101.    Google denies the allegations in Paragraph 101 of the First Amended Complaint.

102.    Paragraph 102 of the First Amended Complaint contains legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

103.    Google admits that Android is an operating system that Google licenses open-source, and admits that it updates the Android code periodically.  Google denies the remaining allegations in Paragraph 103 of the First Amended Complaint.

104.    Google admits that Google agreements contain the quoted language in the second sentence of Paragraph 104 of the First Amended Complaint but denies the remainder of Rumble's allegations characterizing the substance of those documents.  Google denies the remaining allegations in Paragraph 104 of the First Amended Complaint.

105.    Google admits that certain parties agree not to develop or market versions of Android that do not comply with the baseline defined in the Android Compatibility Definition Document (CDD) that facilitates interoperability.  Google denies the remaining allegations in Paragraph 105 of the First Amended Complaint.

106.    Google admits that it previously offered certain parties the option to enter into an agreement known as the "Anti-Fragmentation Agreement" (AFA), that it began to offer an agreement known as the "Android Compatibility Commitment" (ACC) in 2017, and that it was investigated by the European Commission in 2017.  Google admits that it currently has an AFA or ACC in effect with Motorola and Samsung.  Google denies the remaining allegations in Paragraph 106 of the First Amended Complaint.

107.    Google admits that ACCs grant manufacturers flexibility in building devices or supplying components for third parties without regard to compliance with the CDD, flexibility also allowed in practice under AFAs.  Google admits that ACC and AFA signatories agree not to market devices that run Android source code that violates the CDD, a document that facilitates interoperability.  Google admits that original equipment manufacturers such as LG, Motorola, and Samsung have entered into AFAs or ACCs.  Google denies the remaining allegations in Paragraph 107 of the First Amended Complaint.

108.    Google admits that certain manufacturers of tablets, smart TVs, watches, and automotive devices have agreed to adhere to baseline Android compatibility.  Google denies the remaining allegations in Paragraph 108 of the First Amended Complaint.

109.    Google denies the allegations in the second sentence of Paragraph 109 of the First Amended Complaint on the grounds that "gotta-have" and "effectively" are undefined, rendering those allegations vague as a matter of law and that, to the extent not vague, Google denies these

1   allegations.  As to the first, third, and fourth sentences of this paragraph, Google admits that AFA

2   and ACC signatories have a choice whether to enter into Mobile Application Distribution

3   Agreements (MADAs) to license Google APIs in building devices and to distribute devices with

4   proprietary Google apps, and Google admits that LG, Motorola, and Samsung have entered into

5   MADAs. Google denies the remaining allegations in Paragraph 109 of the First Amended Complaint.

6     110. Google denies the allegations in the first sentence of Paragraph 110 of the First

7   Amended Complaint. With respect to the second sentence of this paragraph, Google admits that it

8   has referred to certain Google APIs and proprietary Google apps as "Google Mobile Services"

9   (GMS).  With respect to the third sentence, Google admits that GMS includes proprietary apps such

10  as Google's search app, Chrome, YouTube, and Google Maps.   Google denies the remaining

11  allegations of this paragraph.

12    111. As to the first sentence of Paragraph 111 of the First Amended Complaint, Google

13  admits that GMS includes Google Play.  With respect to the second and third sentences, Google

14  admits that app stores offer access to apps and further admits that a public source has estimated that

15  Google Play offers about three million apps, which is more than other app stores (including Apple's

16  App Store) offer.  Google denies the allegations in the fourth, fifth, and sixth sentences of this

17  paragraph, and Google denies any remaining allegations in this paragraph.

18    112. Google lacks sufficient information as to which features of GMS developers consider

19  to be "key" and, on that basis, denies the allegations in the first sentence of Paragraph 112 of the First

20  Amended Complaint.  As to the third, fourth, and fifth sentences of this paragraph, Google admits

21  that GPS allows third-party apps to interoperate with Google's proprietary apps. Google denies the

22  remaining allegations in this paragraph.

23    113. Google denies the allegations in Paragraph 113 of the First Amended Complaint.

24    114. Google admits that Android device manufacturers have a choice whether to enter into

25  MADAs to license Google APIs and to distribute devices with proprietary Google apps, and that

26  these agreements contain various provisions regarding pre-installation and placement of certain

27  Google apps (including YouTube) on devices' system partitions and on various device screens for

28

1    the out-of-the-box settings, though the specific terms have changed over time.  Google denies the

2    remaining allegations in Paragraph 114 of the First Amended Complaint.

3        115.    Google admits that Android device manufacturers have a choice whether to enter into

4    MADAs to license Google APIs and to distribute devices with proprietary Google apps, and that

5    these agreements contain various provisions regarding pre-installation and placement of certain

6    Google apps (including YouTube) on devices' system partitions and on various device screens for

7    the out-of-the-box settings, though the specific terms have changed over time.  Google denies the

8    remaining allegations in Paragraph 115 of the First Amended Complaint.

9        116.    Google admits that, pursuant to certain MADAs and certain revenue sharing

10   agreements, certain original equipment manufacturers agree to preinstall Google Search as the out-

11   of-the-box default search service for certain search access points on their devices. Google denies any

12   remaining allegations in Paragraph 116 of the First Amended Complaint.

13       117.    Google denies the allegations in Paragraph 117 of the First Amended Complaint.

14       118.    Google admits that certain Android manufacturers and carriers have entered into

15   agreements with Google to distribute and promote Google's products and services, including

16   agreements that provide for Google Search to be the out-of-the-box default search service for certain

17   search access points, and that, in exchange, Google shares a portion of revenue generated from those

18   search access points.  Google admits that AT&T, T-Mobile, Verizon, and Samsung have had RSAs

19   with Google. Google denies the remaining allegations in Paragraph 118 of the First Amended

20   Complaint.

21       119.    Google denies the allegations in Paragraph 119 of the First Amended Complaint.

22       120.    Google admits that new search access points can be and have been developed, but

23   otherwise denies the allegations in Paragraph 120 of the First Amended Complaint.

24       121.    Google admits that following recent negotiations, some manufacturers have signed

25   mobile incentive agreements (MIAs), agreeing to preinstall Google Search as the out-of-the-box

26   default search service for certain search access points and to preinstall a suite of Google apps

27   (including YouTube) on certain devices. Google admits that LG and Motorola have entered mobile

28

incentive agreements with Google.  Google denies the remaining allegations in Paragraph 121 of the First Amended Complaint.

122.    Google admits that MIA signatories may opt to preinstall Google Search as the out-of-the-box default search service for certain search access points to attain certain payments.  Google denies the allegations in the second and third sentences of this paragraph, and denies the remaining allegations in this paragraph.

123.    Google admits that it has certain revenue sharing agreements (RSAs or MIAs) with certain U.S. carriers and Android device manufacturers of various sizes.  Google denies any remaining allegations in Paragraph 123 of the First Amended Complaint.

124.    Google admits that it has entered certain revenue sharing agreements with certain browsers and device manufacturers, but denies the remaining allegations in Paragraph 124 of the First Amended Complaint.

125.    As to the first sentence of Paragraph 125 of the First Amended Complaint, Google admits that it has entered search promotion agreements with Apple, but denies the remaining allegations in this sentence.  As to the allegations in the second, third, fourth, fifth, and sixth sentences of this paragraph, Google lacks sufficient information to form a belief as to the truth of such allegations and, on that basis, denies the allegations.

126.    As to the allegations in the first sentence of Paragraph 126 of the First Amended Complaint, Google admits that it signed an agreement with Apple in 2005 to make Google Search the preset default search engine for Apple's Safari browser.  As to the allegations in the second sentence of this paragraph, Google admits that it has entered an agreement to share revenue generated from certain search queries performed on Apple devices, but otherwise denies the allegations in this sentence.  As to the allegations in the third and fourth sentences of this paragraph, Google admits that certain provisions of the agreement were amended in 2007 to share revenue derived from certain search queries performed on iPhones and that certain provisions of the agreement were amended in 2016 to allow Google Search results to appear in response to certain Siri and Spotlight queries, but otherwise denies the allegations in these sentences. Google denies the allegations in the last sentence

of this paragraph, and Google denies any remaining allegations in this paragraph.

127.   Google denies the allegations in Paragraph 127 of the First Amended Complaint.

128.   Google admits that it has entered agreements with certain non-Google browsers, including Firefox, Opera, and UCWeb, to share revenue generated from certain search queries performed on those browsers, and that it does not have an agreement with respect to browsers distributed by Microsoft, but otherwise denies the allegations in the first sentence of Paragraph 128 of the First Amended Complaint.  As to the second sentence of this paragraph, Google admits that certain agreements with certain browsers cover the desktop, laptop, and web versions of the browsers and, pursuant to those agreements, Google is the out-of-the-box default search engine for certain browsers.  Google denies the remaining allegations in this paragraph.

129.   Google denies the allegations in Paragraph 129 of the First Amended Complaint, except that Google admits that it amended certain provisions of its agreement with Apple in 2007 to share revenue derived from certain search queries performed on iPhones and that Google distributes its Android operating system through an open-source license at no cost.

130.   Google denies the allegations in the first and second sentence of Paragraph 130 of the First Amended Complaint.  With respect to the third sentence in this paragraph, Google lacks sufficient information as to the statement attributed to a competitor, and on that basis, denies the allegations, and further denies Rumble's characterization.

131.   As to the allegations in the first sentence of Paragraph 131 of the First Amended Complaint, Google lacks sufficient information concerning Apple's development of a search engine and, on that basis, denies the allegations in this sentence.  As to the allegations in the second and third sentences of this paragraph, Google admits that it has entered an agreement with Apple, that the agreement's term is for more than one year, that the amount of revenue Google shared with Apple from search queries performed on Apple devices has exceeded $1 billion annually, that under the terms of its agreement with Apple, Google Search is the out-of-the-box default search provider for Apple's Safari browser, and that Google Search provides responses to certain Siri and Spotlight queries, but Google denies the remaining allegations in these sentences.  As to the allegations in the

fourth sentence of this paragraph, Google lacks sufficient information as to Apple's worldwide net income and, on that basis, denies the allegations in this sentence.

132.    With respect to the first sentence of Paragraph 132 of the First Amended Complaint, Google admits that users can change the preset default status on Safari from Google Search to another search engine, but lacks sufficient information as to the remainder of the allegations to form a belief as to their truth or falsity and, on that basis, Google denies the remaining allegations.  Google denies the allegations in the second sentence of this paragraph.  As to the allegations in the third and fourth sentences of this paragraph, Google admits the existence of documents containing the quoted language, but denies the remaining allegations characterizing the substance of those documents. Google denies the remaining allegations in this paragraph.

133.    Google denies the allegations in the first sentence of Paragraph 133 of the First Amended Complaint.  As to the allegations in the second sentence of this paragraph, Google admits that a meeting took place in 2018 between Apple's and Google's CEOs, but otherwise denies the remaining allegations in this sentence.  As to the allegations in the third sentence of this paragraph, Google admits the existence of a document containing the quoted language, but denies the remaining allegations characterizing the substance of that document and denies any remaining allegations in this sentence.

134.    Google denies the allegations in the first sentence of Paragraph 134 of the First Amended Complaint.  As to the allegations in the second sentence of this paragraph, Google lacks sufficient information as to the total search queries performed in the United States and, on that basis, denies allegations about such queries.  As to the allegations in the third sentence of this paragraph, Google admits that it has estimated that in 2019 almost 50% of all Google search queries in the United States originated on device platforms controlled by Apple.  Google denies the remaining allegations in this paragraph.

135.    Google denies the allegations in Paragraph 135 of the First Amended Complaint.

136.    Google denies the allegations in Paragraph 136 of the First Amended Complaint, except that it admits that it provides high quality products and services.

137. Google denies the allegations in Paragraph 137 of the First Amended Complaint.

138. Google admits that Android is an operating system that Google licenses open-source, but otherwise denies the allegations in the first sentence of Paragraph 138 of the First Amended Complaint. Google denies the remaining allegations in this paragraph.

139. Google denies the allegations in the first and fourth sentences of Paragraph 139 of the First Amended Complaint. As to the second sentence of this paragraph, Google denies Plaintiff's allegations characterizing the referenced Google internal document. As to the third sentences of this paragraph, Google admits that a Google internal document contains the quoted language, but Google denies the remainder of Plaintiffs' allegations characterizing the substance of that document, and Google denies any remaining allegations in this paragraph.

140. As to the first sentence of Paragraph 140 of the First Amended Complaint, Google admits that operating systems, whether Android or alternatives, can, depending on their attributes, serve as pathways for promotion of Google and/or non-Google products and services, but otherwise denies the allegations in this sentence. Google denies the allegations in the second sentence of this paragraph.

141. Google admits that, depending on the circumstances, it might be less costly or time-consuming for a manufacturer to use the Android open-source code than to develop a new operating system through alternative ways. Google denies the remaining allegations in Paragraph 141 of the Amended Complaint.

142. Google denies the allegations in the first and second sentence of Paragraph 142 of the First Amended Complaint. Google admits that a Google internal document contains the quoted language in the last sentence of this paragraph, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document, and denies the remaining allegations in the last sentence of this paragraph.

143. With respect to the allegations in the first and third sentences of Paragraph 143 of the First Amended Complaint, Google admits that certain Google agreements give Google the right to assess compatibility of certain devices with the CDD, but otherwise denies the allegations in these

- 25 -

sentences.  As to the second sentence of this paragraph, Google admits that a Google internal document contains the quoted language, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document, and denies any remaining allegations in the second sentence of this paragraph.  Google denies the allegations in the fourth sentence of this paragraph.

144.    Google denies the allegations in Paragraph 144 of the First Amended Complaint.

145.    As to the first sentence of Paragraph 145 of the First Amended Complaint, Google lacks sufficient information as to the allegation that Amazon developed the Fire operating system (OS), an incompatible variant of Android to form a belief as to its truth or falsity and, on that basis, denies that allegation. Google denies the remaining allegations in the first sentence of Paragraph 145. Google lacks sufficient information as to the allegations in the second, third, and fourth sentences of this paragraph to form a belief as to their truth or falsity and, on that basis, denies those allegations. Google admits that Amazon sells Fire tablets but lacks sufficient information about the rest of the allegations in the last sentence of this paragraph to form a belief as to their truth or falsity and, on that basis, denies those allegations.

146.    Google denies the allegations in the first, third, fourth, fifth, and sixth sentences of Paragraph 146 of the First Amended Complaint.  Google lacks sufficient information as to the remaining allegations in this paragraph to form a belief as to their truth or falsity, and on that basis, denies the remaining allegations.

147.    Google denies the allegations in Paragraph 147 of the First Amended Complaint.

148.    Google denies the allegations in Paragraph 148 of the First Amended Complaint.

149.    Google denies the allegations in the first sentence of Paragraph 149 of the First Amended Complaint.  Google admits that some consumers employ search access points preloaded on the default home screen, but denies the remaining allegations in the second sentence of this paragraph.  Google denies the allegations in the last sentence of this paragraph.

150.    Google admits that some manufacturers have agreed, in exchange for access to certain Google APIs and proprietary apps, to preinstall Google Play, Chrome, Google Search, Gmail, Maps, and YouTube on certain devices.  Google denies the remaining allegations in Paragraph 150 of the

First Amended Complaint.

151.     The allegations in the first and third sentence of Paragraph 151 of the First Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in the first and third sentences of this paragraph. Google denies the remaining allegations in this paragraph.

152.     Google admits that Google internal documents contain the quoted language in the first and second sentences of Paragraph 152 of the First Amended Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of those documents and any remaining allegations in these sentences.  Google denies the remaining allegations in this paragraph.

153.     Google admits that Google Search is the default out-of-the-box search service for certain Google apps, including the Chrome app.  Google admits that an internal document contains the quoted language in the third sentence of Paragraph 153 of the First Amended Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document or any remaining allegations in this sentence. To the extent that Figure 7 purports to depict, construe, or describe search distribution on Android, no response is required; to the extent a response is required, Google denies that Figure 7 presents a fair and complete description of the matters described therein and, on that basis, denies the allegations contained in Figure 7. Google denies the remaining allegations in this paragraph.

154.     Google denies the allegations in the first sentence of Paragraph 154 of the First Amended Complaint.  Google admits that some Android distributors have entered agreements with Google for the distribution and promotion of Google's products and services, including agreements that provide for Google's search widget to be preinstalled on the device default home screen in the out-of-the-box configuration, but denies the remaining allegations in the second sentence of this paragraph. Google admits that a Google internal document contains the quoted language in the third sentence of this paragraph, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document, and denies the remaining allegations in that sentence.

155.     Google denies the allegations in Paragraph 155 of the First Amended Complaint.

156.    Google admits that some Android distributors have entered agreements with Google for the distribution and promotion of Google's products and services, including agreements that provide for the preinstallation of Google Assistant as the default assistant app in the out-of-the-box configuration and invocation of the Assistant by hotword and touch.  Google denies the remaining allegations in Paragraph 156 of the First Amended Complaint.

157.    Google denies the allegations in Paragraph 157 of the First Amended Complaint.

158.    Google denies the allegations in the first sentence of Paragraph 158 of the First Amended Complaint on the grounds that "important" and "emerging" are undefined, rendering those allegations vague as a matter of law, and to the extent not vague, Google lacks knowledge or information sufficient to form a belief as to their truth or falsity.  Google admits that Google internal documents contain the quoted language in the second sentence of this paragraph, but denies the remainder of Plaintiffs' allegations characterizing the substance of those documents, and denies any remaining allegations in this sentence.

159.    Google denies the allegations in the first sentence of Paragraph 159 of the First Amended Complaint.  Google admits that a Google internal document from 2011 contains the quoted language in the third sentence of this paragraph, but denies the Plaintiffs' remaining allegations characterizing the substance of that document.  Google denies the remaining allegations in this paragraph.

160.    Google admits that a Google internal document contains the quoted language in the second sentence of Paragraph 160 of the First Amended Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document, and denies the remaining allegations in this paragraph.

161.    Google admits that some Android distributors have entered agreements with Google for the distribution and promotion of Google's proprietary products and services, including agreements that provide for Google Search to be the out-of-the-box default search service for certain search access points on mobile devices, and that, in exchange, Google shares a portion of revenue generated from those search access points.  Google denies the remaining allegations in Paragraph

161 of the First Amended Complaint.

162.    To the extent that Figures 8 or 9 purport to depict, construe, or describe drafts of one or more documents, no response is required; to the extent a response is required, Google denies that Figure 8 or Figure 9 presents a fair and complete description of the matters described therein and, on that basis, denies the allegations contained in Figures 8 and 9.  Google admits that an internal document contains the quoted language and Figures 8 and 9, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document, including but not limited to the first and second sentences of this paragraph.  Google denies the allegations in the third sentence of this paragraph, and any remaining allegations in this paragraph.

163.    Google admits that Google internal documents contain the quoted language in Paragraph 163 of the First Amended Complaint, but denies the remainder of Rumble's allegations characterizing the substance of those documents, and denies the remaining allegations in this paragraph.

164.    Google denies the allegations in Paragraph 164 of the First Amended Complaint.

165.    Google admits that Google internal documents contain the quoted language in the first and second sentences of Paragraph 165 of the First Amended Complaint, but denies the remainder of Plaintiffs' allegations characterizing the substance of those documents, and denies the remaining allegations in the first and second sentences of this paragraph. Google denies the allegations in the last sentence of this paragraph.

166.    Google denies the allegations in the first sentence of Paragraph 166 of the First Amended Complaint.  With respect to the second sentence of this paragraph, Google admits that in 2020, it shared revenue with U.S. carriers in an aggregate amount exceeding $1 billion.  Google denies any remaining allegations in this paragraph.

167.    Google denies the allegations in the first and last sentences of Paragraph 167 of the First Amended Complaint.  As to the second sentence of this paragraph, Google admits that a consumer, on his or her own, can download a search app that is not offered by Google.  Google admits that a Google internal document contains the quoted language in the third sentence of this

- 29 -

paragraph, but denies the remainder of Plaintiffs' allegations characterizing the substance of that document as well as the remaining allegations in the third sentence of this paragraph.

168.    Google denies the allegations in the first sentence of Paragraph 168 of the First Amended Complaint.  As to the second and third sentences of this paragraph, Google admits that it has developed Gboard, a virtual keyboard app, and Google admits that Google internal documents contain the quoted language in this paragraph, but denies the remainder of Plaintiffs' allegations characterizing the substance of those documents and denies the remaining allegations in those sentences.

169.    Google denies the allegations in the first and last sentences of Paragraph 169 of the First Amended Complaint. As to the second sentence, Google admits that some of the revenue sharing agreements that carriers and manufacturers have executed with Google have multi-year terms. With respect to the third sentence, Google admits that it may not pay a share of its revenue to original equipment manufacturers or carriers with whom it has no active revenue share agreement, but otherwise denies the allegation in this sentence. Google denies any remaining allegations in paragraph 169 of the Amended Complaint.

170.    Google denies the allegations in Paragraph 170 of the First Amended Complaint.

171.    Google denies the allegations in Paragraph 171 of the First Amended Complaint.

172.    Google denies the allegations in Paragraph 172 of the First Amended Complaint.

173.    As to the first sentence in Paragraph 173 of the First Amended Complaint, Google admits that it has entered agreements with certain browsers to share revenue derived from certain search queries performed on such browsers, but otherwise denies the allegations in this sentence. As to the allegations in the second sentence of this paragraph, Google admits the existence of a document containing the quoted language, but denies the remaining allegations characterizing the substance of that document or any remaining allegations in this sentence.  As to the allegations in the third sentence of this paragraph, Google admits that it has entered agreements that provide for Google Search to be the preset default search engine for certain browsers' computer and mobile versions, but otherwise denies the allegations in this sentence.

174.    As to the first and second sentences of Paragraph 174 of the First Amended Complaint, Google admits that it has entered agreements with certain browsers to share a certain percentage of revenue derived from certain search queries performed through certain search access points on those browsers, and Google admits that browser agreements have had multi-year terms and have been extended in the past, but Google denies the remaining allegations in these sentences.  As to the allegations in the third and fourth sentences, Google admits that browsers provide distribution channels for search products and services and that consumers can access the internet through browsers, but otherwise denies the allegations.  As to the fifth sentence, Google admits that it has entered agreements to share revenue derived from certain search queries performed through certain search access points on Apple's Safari browser and Mozilla's Firefox browser, and Google further admits that it does not have an agreement to share revenue derived from search queries performed on Microsoft's browsers.  As to the allegations in the sixth sentence, Google lacks sufficient information concerning how many total queries are performed through all browsers and, on that basis, denies allegations characterizing how many total queries are performed through all devices' browsers. Google also lacks sufficient information concerning browser utilization on non-Google properties and, on that basis, denies allegations concerning the percent of browser utilization covered by Google's agreements with browser providers.  Google denies the remaining allegations of this paragraph.

175.    Google admits that Google's rivals can and do compete to be the preset default search engine on browsers.  As to the allegations in the final sentence of Paragraph 175 of the First Amended Complaint, Google admits the existence of a document containing the quoted language, but denies the remaining allegations characterizing the substance of that document.   Google denies the remaining allegations in this paragraph.

176.    Google denies the allegations in Paragraph 176 of the First Amended Complaint.

177.    Google admits that it provided Rumble data showing that, through September 2020, videos associated with the Client ID linked to  Rumble generated approximately 9.2 billion views on YouTube, $4,373,615.76 in revenue sharing payments from Google to Rumble, and 281.8 million

- 31 -

hours of watch time on YouTube, but Google otherwise lacks sufficient information regarding the remaining allegations in this paragraph and Figure 10 to form a belief as to their truth or falsity, and denies them on that basis.

178.     Google admits that Paragraph 178 and Figure 10 of the First Amended Complaint purport to describe and depict information that Google has provided to Rumble in connection with Rumble's account with YouTube, but Google otherwise lacks sufficient information regarding the remaining allegations in this paragraph and Figure 10 to form a belief as to their truth or falsity, and denies them on that basis.

179.     Google lacks sufficient information regarding the allegations in Paragraph 179 of the First Amended Complaint to form a belief as to their truth or falsity, and denies them on that basis.

180.     As to the first and second sentences in Paragraph 180 of the First Amended Complaint, Google lacks sufficient information regarding the allegations in those sentences to form a belief as to their truth or falsity, and denies them on that basis.  Google denies the allegations in the final sentence of this paragraph.

181.     As to the first sentence of Paragraph 181 of the First Amended Complaint, Google admits that some users may, in certain circumstances, choose to view multiple videos on YouTube when visiting the site as opposed to just one video, but Google lacks sufficient information about the allegations concerning the "industry reports" to form a belief as to their truth or falsity, and denies the remaining allegations in this sentence on that basis.  As to the second sentence this paragraph, Google denies that data concerning YouTube can necessarily be extrapolated to form conclusions about Rumble, Google denies that Rumble is entitled to any damages or relief in this action, and Google otherwise lacks sufficient information about the remaining allegations in this sentence to form a belief as to their truth or falsity, and denies them on that basis.

182.     Google admits that Rumble has uploaded videos to YouTube, but Google lacks sufficient information about the remaining allegations in the first sentence of Paragraph 182 of the First Amended Complaint to form a belief as to their truth or falsity, and denies them on that basis. Google denies the remaining allegations in this paragraph.

183.    Google admits that Paragraph 183 of the First Amended Complaint excerpts Figures 7 and 8 from the DOJ Complaint, but denies the remaining allegations characterizing the substance of those figures and the allegations that they "clearly show Google's dominance and monopoly power in online searching."  Further, to the extent that Figure 7 or Figure 8 from the DOJ Complaint purport to depict, construe, or describe public data sources, no response is required to those figures; to the extent a response is required, Google denies that Figure 7 or Figure 8 from the DOJ Complaint presents a fair and complete description of the matters described therein and, on that basis, denies the allegations contained in the excerpted Figures 7 and 8 from the DOJ Complaint.  Google lacks sufficient information regarding the remaining allegations in Paragraph 183 of the First Amended Complaint, and denies them on that basis.

184.    Google lacks sufficient information regarding the allegations in Paragraph 184 of the First Amended Complaint to form a belief as to their truth or falsity, and denies them on that basis.

185.    Google denies the allegations in Paragraph 185 of the First Amended Complaint.

186.    Google denies the allegations in Paragraph 186 of the First Amended Complaint.

187.    As to the first sentence of Paragraph 187 of the First Amended Complaint, Google admits that, through September 2020, videos associated with the Client ID linked to Rumble generated approximately 9.2 billion views on YouTube, Google denies that any video uploads, views, or ad revenue on Rumble were "lost" due to any anticompetitive and/or unlawful conduct by Google, and Google otherwise lacks sufficient knowledge regarding the remaining allegations in this sentence to form a belief as to their truth or falsity, and denies them on that basis.  As to the second sentence of this paragraph, Google denies that there is sufficient factual foundation in the First Amended Complaint for these conclusions, and Google lacks sufficient information regarding the remaining allegations in this sentence to form a belief as to their truth or falsity, and denies them on that basis.

188.    Google denies the allegations in the first and second sentences of Paragraph 188 of the First Amended Complaint.  As to the third, fourth, fifth, and sixth sentences of this paragraph, Google denies that any video uploads or views on Rumble, or revenue to Rumble, was lost due to any anticompetitive and/or unlawful conduct by Google, Google denies that there is sufficient factual

GOOGLE LLC's ANSWER AND AFFIRMATIVE DEFENSES
Case No. 4:21-cv-00229-HSG

foundation in the First Amended Complaint for these conclusions, and Google lacks sufficient knowledge concerning the remaining allegations in these sentences to form a belief as to their truth or falsity, and denies them on that basis.

189. Google denies that Rumble incurred damages from any anticompetitive and/or unlawful conduct by Google, but Google otherwise lacks sufficient knowledge concerning the remaining allegations in Paragraph 189 of the First Amended Complaint to form a belief as to their truth or falsity, and denies them on that basis.

190. As to the first sentence of Paragraph 190 of the First Amended Complaint, Google denies that Rumble is entitled to any relief in this case and further denies that any belief by Rumble that it is entitled to relief in this case, let alone relief exceeding $2,000,000,000, is reasonable, but Google otherwise lacks sufficient information concerning Rumble's actual beliefs, and, on that basis, denies the remaining allegations in this sentence. Google denies the second sentence of this paragraph.

191. Paragraph 191 of the First Amended Complaint merely incorporates the allegations made in prior paragraphs, and is therefore not subject to admission or denial. To the extent a response is required, Google incorporates by reference its responses to the allegations in Paragraphs 1-190 of the First Amended Complaint.

192. The allegations in Paragraph 192 of the First Amended Complaint are legal conclusions not subject to admission or denial. To the extent a response is required, Google denies the allegations in this paragraph.

193. The allegations in Paragraph 193 of the First Amended Complaint are legal conclusions not subject to admission or denial. To the extent a response is required, Google denies the allegations in this paragraph.

194. The allegations in Paragraph 194 of the First Amended Complaint are legal conclusions not subject to admission or denial. To the extent a response is required, Google denies the allegations in this paragraph.

195. The allegations in Paragraph 195 of the First Amended Complaint are legal

conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

196.    The allegations in Paragraph 196 of the First Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

197.    The allegations in Paragraph 197 of the First Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

198.    The allegations in Paragraph 198 of the First Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

199.    The allegations in Paragraph 199 of the First Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

200.    The allegations in Paragraph 200 of the First Amended Complaint are legal conclusions not subject to admission or denial.  To the extent a response is required, Google denies the allegations in this paragraph.

201.    To the extent that an answer is required to the Prayer for Relief, Google denies the allegations contained therein.  Google further states that Rumble is not entitled to any of the relief and/or remedies that it seeks in the First Amended Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Google asserts the following defenses to the First Amended Complaint.  Further, Google reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### First Defense

Rumble's claims are barred in whole or in part for failure to state a claim upon which relief

can be granted.

**Second Defense**

Any and all of Google's actions alleged by Rumble were lawful, justified, procompetitive, and carried out in Google's legitimate business interests and constitute bona fide competitive activity.

**Third Defense**

The relief sought by Rumble would be contrary to the public interest, harm consumers, and is otherwise inequitable, impractical, and unworkable.

**Fourth Defense**

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation and/or the doctrines of laches, waiver, and/or estoppel.

**Fifth Defense**

Plaintiff's claims are barred to the extent that they seek to restrain or enjoin conduct that is protected under the First Amendment to the United States Constitution.

\*        \*        \*

Google reserves the right to supplement its Answer and affirmative defenses with additional defenses that become available or apparent in the course of investigation, preparation, and/or discovery, and to amend its Answer accordingly.

**PRAYER FOR RELIEF**

WHEREFORE, Google prays for relief as follows:

(a) That the Court enter judgment for Google on all claims in the First Amended Complaint;

(b) That Google be awarded its attorneys' fees and costs and expenses of the suit; and

(c) That the Court award such other and further relief to Google as the Court deems just and proper.

DATED:  September 9, 2022                    Respectfully submitted,

**WILLIAMS & CONNOLLY LLP**

By: /s/ John E. Schmidtlein
John E. Schmidtlein (CA State Bar No. 163520)
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone:      (202) 434-5000
Facsimile:      (202) 434-5029
Email:          jschmidtlein@wc.com

*Attorney for Defendant Google LLC*

GOOGLE LLC's ANSWER AND AFFIRMATIVE DEFENSES
Case No. 4:21-cv-00229-HSG