1  Robert W. Dickerson, Jr. (CA State Bar No. 89367)
   BURKE, WILLIAMS & SORENSEN, LLP
2  444 South Flower Street, Suite 2400
   Los Angeles, CA  90071-2953
3  Telephone:    (213) 236-0600
   Facsimile:     (213) 236-2700
4  Email:          rdickerson@bwslaw.com

5  *Attorney for Plaintiff Rumble, Inc.*

6
   John E. Schmidtlein (CA State Bar No. 163520)
7  WILLIAMS & CONNOLLY LLP
   680 Maine Avenue S.W.
8  Washington, DC 20024
   Telephone:    (202) 434-5000
9  Facsimile:     (202) 434-5029
   Email:          jschmidtlein@wc.com

10
   *Attorney for Defendant Google LLC*
11

12                **UNITED STATES DISTRICT COURT**

13               **NORTHERN DISTRICT OF CALIFORNIA**

14                      **OAKLAND DIVISION**

15

16  RUMBLE, INC.,                          Case No. 4:21-cv-00229-HSG

17                  Plaintiff,
                                            **STIPULATED ORDER**
18            v.                            **REGARDING DISCOVERY OF**
                                            **ELECTRONICALLY STORED**
19                                          **INFORMATION**
    GOOGLE LLC and DOES 1-10, inclusive,
20
                                            Judge: Hon. Haywood S. Gilliam, Jr.
21
                  Defendants.
22

23

24

25

26

27

28

LA #4858-9222-3295 v2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1. **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. **COOPERATION**

The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **PROPORTIONALITY**

The Parties are expected to use reasonable, good faith, and proportional efforts to preserve, identify, and produce relevant information consistent with Federal Rule of Civil Procedure 26(b)(1)[1]. This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery, and other parameters to limit and guide preservation and discovery issues. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. **COST-SHIFTING**

As in all cases, the Court may shift costs for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. A party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

///

///

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

LA #4858-9222-3295 v2

-1-

STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION
Case No. 4:21-cv-00229-HSG

5.  **LIAISON**

The Parties shall identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to, those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

6.  **PRESERVATION**

The Parties have discussed their preservation obligations and needs, and they agree that preservation of potentially relevant ESI will be reasonable and proportionate.  To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the Parties agree that:

   a.  Only ESI created or received between January 1, 2013 and the conclusion of the litigation will be preserved;

   b.  The Parties shall discuss the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The Parties shall add or remove custodians as reasonably necessary;

   c.  The Parties will agree on the number of custodians per party for whom ESI will be preserved, searched, reviewed, and produced;

   d.  The following data sources are not reasonably accessible because of undue burden or cost pursuant to Federal Rule of Civil Procedure 26(b)(2)(B), and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced:

      i.  backup systems and/or tapes used for disaster recovery; and

LA #4858-9222-3295 v2

-2-

ii.  systems no longer in use that cannot be accessed.

e.  Among the sources of data the Parties agree are not reasonably accessible, the Parties agree not to preserve, search, review, or produce the following:

i.  voice messages;

ii.  information from handsets, mobile devices, personal digital assistants, and tablets that is duplicative of information that resides in a reasonably accessible data source;

iii.  instant messaging and chat application data;

iv.  automatically saved versions of documents and emails;

v.  video and audio recordings;

vi.  deleted, slack, fragmented, or other data accessible only by forensics;

vii.  system, server, and network logs;

viii.  random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system;

ix.  online access data such as temporary internet files, history, cache, cookies, and the like;

x.  dynamic fields of databases or log files that are not retained in the usual course of business; and

xi.  data in metadata fields that are frequently updated automatically, such as last opened dates.

xii.  Nothing in this Order prevents any party from asserting, in accordance with the Federal Rules of Civil Procedure, that other categories of documents or ESI are not reasonably accessible or should not be preserved under the proportionality factors.

7. **SEARCH**

    a. Each producing party will use reasonable search methodologies to collect, review, and produce relevant and responsive, non-privileged documents and ESI in response to requests for production. Prior to reviewing and producing responsive documents and ESI, a producing party shall disclose to the requesting party, if relevant, (1) the search terms it intends to use to search for and identify potentially responsive documents and ESI; and (2) the custodial and non-custodial data sources to which search terms shall be applied. Following such disclosures, the Parties shall meet and confer and use reasonable efforts to reach agreement on the search methodologies according to the provisions of this Order. If the Parties cannot reach agreement following such disclosures and negotiations, they shall bring their disputes to the Court for resolution in a timely manner.

    b. As of the date of this Order, neither party intends to use Technology Assisted Review ("TAR"), such as predictive coding, to determine whether documents are responsive or otherwise to limit the documents that it produces. If any party or non-party wishes to use TAR instead of search terms to determine whether documents are responsive or otherwise to limit the documents that it produces, it shall notify the requesting party and provide it a proposed TAR protocol.

    c. Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of file types based on file header information may include, but are not limited to: Application Package File, Backup Files, Batch Files, Binary Disc Image, C++ File

-4-

Formats, Cascading Style Sheet, Configuration File, Database File, Dictionary Files, Dynamic Link Library, Event Log Files, Executable Files, Hypertext Cascading Stylesheet, Java Archive Files, JavaScript files, JavaScript Source Code and Class Files, Macintosh Resource Fork Files, MP3 Files, MP4 Files, Package Manager Files, Program Files, Program Installers, Python Script Files, Quicktime Files, Shell Script Files, System or Temporary Files, Thumbnail Cache Files, Troff Files, TrueType Font Files, Video Media Files, Waveform Audio File Format, Windows Cabinet File, Windows Command Files, Windows File Shortcut, Windows Help Files, Windows Metafiles and Enhanced Metafiles, Windows Spool Files, and Windows System Files.

d.   A party is required to produce only a single copy of a responsive document, and a party may de-duplicate responsive ESI across Custodians.  A party may also de-duplicate email threads and attachments as follows: In an email thread, only the most evolved responsive emails in a thread will be produced.  Where an earlier-in-thread email has a responsive attachment not contained within the most evolved responsive email, the most evolved earlier-in-thread email containing the attachment will also be produced along with its attachment.  An attachment is a file associated with an email for retention and storage as a single message unit.

e.   A producing party will not seek to de-duplicate: (1) hard copy documents; or (2) email attachments in one family against email attachments in another family.

f.   A producing party will use reasonable, best efforts to de-duplicate documents both vertically within each custodian and horizontally across custodians.

STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED
INFORMATION
Case No. 4:21-cv-00229-HSG

g. If applicable, no provision of this Order affects the inspection or production of source code, which will be collected and made available consistent with the Protective Order governing this case.

8. **PRODUCTION FORMATS**

   a. Unless otherwise specified in this Order, the Parties agree to produce documents in TIFF file format. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents.

   b. The Parties agree not to degrade the search-ability of documents as part of the document production process.

   c. All electronic documents must be produced with load files that contain metadata indicating the Bates number, file name, custodian, last modified date for the document, and Bates number range for all family documents.  Where technically feasible, hidden text (e.g. track changes, hidden columns, hidden rows, hidden slides, hidden worksheets, mark-ups, notes) shall be expanded and rendered in the extracted text file.

   d. The text load file for emails and their attachments must include fields in which a producing party identifies the addressee(s), sender, person(s) copied on the message, person(s) blind copied on the message, the date and time the message was sent, the subject line of the message, and the Bates number ranges of the attachments.

   e. Microsoft PowerPoint, Google Slides, and other presentation files must be produced as TIFF images with one slide per page and with presenter notes.  The Parties agree to preserve these file formats in their native form, and the Parties will meet and confer to the extent production of native files is sought.

STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED
INFORMATION
Case No. 4:21-cv-00229-HSG

f.  Microsoft Excel, Google Sheets, and other data spreadsheet files must be produced in their native format.

g.  A producing Party may withhold small image files or extracted embedded files that are unresponsive or irrelevant, even if other documents in the same document family are responsive.

9.  **PHASING**

a.  When a Party propounds discovery requests pursuant to Federal Rule of Civil Procedure 34, the Parties agree to phase the production of ESI.

b.  The Parties will meet and confer to determine the sources and custodians to prioritize during production.

c.  Following the initial production, the Parties will continue to prioritize the order of subsequent productions.

10. **DOCUMENTS PROTECTED FROM DISCOVERY**

a.  Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  Disclosures among a Party's attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.  A producing Party may assert privilege or protection over produced documents at any time by notifying the receiving Party in writing of the assertion of privilege or protection.

Information that contains privileged matter or attorney work product shall be returned immediately if such information appears on its face or if requested.

b. Activities undertaken in compliance with the duty to preserve information are protected from discovery under Federal Rule of Civil Procedure 26(b)(3)(A) and (B).

c. Nothing in this Agreement shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.  The Parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

11. **PRIVILEGE LOG**

a. If a Party reasonably determines that one or more responsive documents are not discoverable because it is subject to the attorney-client communication privilege or work product doctrine, or otherwise not discoverable on the basis of a recognized protection or privilege, the Party shall use reasonable efforts to produce a log for each document or each category of documents withheld for privilege from that production.

b. Communications involving counsel or experts retained for the purpose of this litigation that post-date the filing of the first-filed complaint need not be placed on a privilege log.

c. For email communications that are separately logged, only the last-in-time email in the chain will be set forth on the log.

///

///

LA #4858-9222-3295 v2

-8-

STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION
Case No. 4:21-cv-00229-HSG

1    12. **MODIFICATION**

2         This Stipulated Order may be modified by a Stipulated Order of the Parties or by the Court

3    for good cause shown. Any such modified Stipulated Order will be titled sequentially as follows,

4
5    "First Modified Stipulated Order re: Discovery of Electronically Stored Information for Standard

6    Litigation," and each modified Stipulated Order will supersede the previous Stipulated Order.

7    Before filing any motion with the Court regarding electronic discovery or evidence, the Parties

8    shall meet and confer in a good faith attempt to resolve such disputes.

9    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10   DATED:  November 29, 2022                    Respectfully submitted,

11                                                By: /Robert W. Dickerson, Jr./

12
13                                                Robert W. Dickerson, Jr. (CA State Bar No. 89367)
                                                  BURKE, WILLIAMS & SORENSEN, LLP
                                                  444 South Flower Street, Suite 2400
14                                                Los Angeles, CA  90071-2953
                                                  Telephone:    (213) 236-0600
15                                                Facsimile:    (213) 236-2700
                                                  Email:        rdickerson@bwslaw.com
16
17                                                *Attorney for Plaintiff Rumble, Inc.*

18                                                By: /John E. Schmidtlein/

19                                                John E. Schmidtlein (CA State Bar No. 163520)
                                                  WILLIAMS & CONNOLLY LLP
20                                                680 Maine Avenue, S.W.
                                                  Washington, DC 20024
21                                                Telephone:    (202) 434-5000
                                                  Facsimile:    (202) 434-5029
22                                                Email:        jschmidtlein@wc.com

23                                                *Attorney for Defendant Google LLC*

24

25

26

27

28
LA #4858-9222-3295 v2                            -9-

STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED
INFORMATION
Case No. 4:21-cv-00229-HSG

**ATTESTATION**

I, Robert W. Dickerson, Jr., am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(h)(3), I hereby attest that the other Signatories to this document have concurred in this filing.

By: /Robert W. Dickerson, Jr./

Robert W. Dickerson, Jr. (CA State Bar No. 89367)
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Telephone:      (213) 236-0600
Facsimile:      (213) 236-2700
Email:          rdickerson@bwslaw.com

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: 12/9/2022

Hon. Haywood S. Gilliam, Jr.
United States District Court Judge

LA #4858-9222-3295 v2                    -10-

STIPULATED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED
INFORMATION
Case No. 4:21-cv-00229-HSG