LAW OFFICES
WILLIAMS & CONNOLLY LLP®

JOHN E. SCHMIDTLEIN
(202) 434-5901
jschmidtlein@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

May 18, 2023

Hon. Lisa J. Cisneros
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Rumble, Inc. v. Google LLC*, Case No. 4:21-cv-00229-HSG

Dear Magistrate Judge Cisneros:

      In light of Plaintiff's submission of an entirely new proposal in Exhibit C for the discovery now sought in response to RFP Nos. 13 and 14, Google offers the following brief response.

      As a threshold matter, it appears that Plaintiff has now narrowed its request to certain discrete matters—namely (1) the Congressional investigation leading to the 2020 U.S. Congressional Report on Competition in Digital Markets; (2) EC Case AT.39740 *Google Search (Shopping)*; (3) *United States v. Google LLC*, No. 1:20-cv-03010 (D.D.C.), and the companion case of *Colorado v. Google LLC*, No. 1:20-cv-03715 (D.D.C.); and (4) an earlier "FTC Investigation." As to the first three matters, there is agreement between the parties that, if relief is to be ordered here, it should be limited to those matters. *See* Google Supplemental Submission, ECF No. 88, at 3. In that sense, the parties have proposed similar frameworks. However, several aspects of Plaintiff's proposal are wholly unreasonable and disproportionate:

      1.    **Inclusion of the "FTC Investigation."** RFP Nos. 13 and 14 call for documents produced in the 10 years preceding October 5, 2022. And, more broadly, Plaintiff claims that the relevant time period for discovery from Google in this case is from 2013 to the present. *See* ECF No. 82. As Google noted in its Supplemental Submission, any document production from the FTC Investigation occurred more than 10 years before October 5, 2022, and thus is outside the scope of RFP Nos. 13 and 14 by their terms. ECF No. 88 at 3 n.3. Accordingly, the FTC matter should be excluded.

      2.    **Unreasonable Search Terms and Procedure**. In the parties' joint submission, Plaintiff was clear in seeking an order from the Court compelling Google to "search . . . existing databases of documents . . . *using the ESI search terms currently agreed upon by the parties for searching Google's ESI.*" ECF No. 82 at 9-10 (emphasis added). During the May 15, 2023 hearing, Plaintiff again repeatedly reiterated that position. Now, in Plaintiff's latest filing, it asks the Court to impose upon Google an entirely new set of 16 incredibly broad ESI search terms that have not been agreed-upon. Plaintiff asserts that its proposal "reduces the number of search terms

WILLIAMS & CONNOLLY LLP

Page 2

significantly." This is false. Only one of the 16 ESI search terms Plaintiff proposes is among those the parties agreed upon for searching Google's ESI—the term "Rumble." Each of the other 15 terms is entirely new—and remarkably broad. Only three terms contain proximity limiters. Nearly all the terms are widely-used terms with many meanings. By way of example only: "strategy or strategies," "special*," "growth," "prong," and "algorithm*." Plaintiff's proposed terms are thus likely to hit on an extraordinarily high number of nonresponsive documents, only further increasing the burden imposed upon Google. The terms are unworkable on their face and Plaintiff offers no justification for changing the ESI search terms that formed the very basis for its prior argument.

Moreover, Plaintiff's proposal provides Plaintiff a unilateral ability to object to ESI search terms based on hit counts and insist upon additional terms—but provides no mechanism for Google to even raise objections should the terms hit on an unreasonable number of documents. Yet the ESI Order for this case requires the parties to "use reasonable efforts to reach agreement on . . . search methodologies" and provides the Court—not Plaintiff—the authority to resolve disputes stemming from hit counts. *See* ECF No. 81 § 7(a).

To the extent the Court orders relief, it should order the set of search terms from the parties' agreed-upon list delineated in Google's supplemental submission. *See* ECF No. 88 at 2-3. That is consistent with what Plaintiff has requested throughout. Plaintiff's last-minute revision is facially unreasonable.

**3. Arbitrary Deadlines.** Plaintiff's proposal also imposes arbitrary and unreasonable deadlines on Google to provide hit reports and produce documents. The feasibility of those deadlines is impossible to know at this point given that document volume and accessibility of the applicable databases is still uncertain. To the extent the court orders relief, the parties should instead proceed in good faith, as Google has been doing for the rest of its ESI production. As noted, Google has already produced more than 100,000 pages of documents in this case—almost double the volume Rumble has produced to date.

Respectfully submitted,

*John E. Schmidtlein*

John E. Schmidtlein