UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUMBLE, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No.  21-cv-00229-HSG   (LJC)<br><br>**ORDER RE: JOINT DISCOVERY LETTER BRIEF**<br><br>Re: ECF No. 108 |

Pending before the Court is the parties' Joint Discovery Letter Brief.  ECF No. 108. Plaintiff Rumble, Inc. requests an order compelling Defendant Google LLC to produce documents from the case *United States of America, et. al., v. Google LLC*, Case No. 1:20-cv-03010-APM (D.D.C.) (hereinafter, the DOJ Case), specifically, all trial transcripts (including fact and expert witness testimony, oral argument by counsel, and opening statements and closing arguments), all exhibits admitted into evidence by any party during the trial, all demonstratives used by counsel for any party during the trial, and all expert reports (opening, rebuttal, and reply) produced by any party during the trial.  *Id.* at 3.[1]  Google objects based on relevance, burden, and third-party confidentiality concerns.  *Id.* at 5–7.

Rumble's request for an order compelling Google to produce the requested documents is hereby **DENIED** without prejudice.  The request is overbroad and disproportionate to the needs of Rumble's case.  Rumble seeks *all* trial documents for a case in which it has not demonstrated that the same Google products and agreements are at issue.  It is possible that some of the trial materials could be relevant to Rumble's claims because they are evidence of Google's alleged

---

[1] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system.

1  anticompetitive intent through the preinstallation of a Google app (YouTube) on certain smart
2  devices.  In Rumble's view, preinstallation appears to be a type of "default option," though
3  Google contends that this is not the "default" at issue in the DOJ Case.  The Court previously
4  found a significant factual and legal overlap between the allegations in this case and the
5  allegations in the DOJ Case, given that the DOJ's Amended Complaint described how Google
6  required smartphone and tablet manufacturers to preinstall a bundle of Google apps, including
7  YouTube, on their devices in a way that prevented consumers from deleting them.  *See* ECF No.
8  93.  The Court authorized Rumble to search Google's prior productions in the DOJ Case for
9  relevant evidence.  *Id.* at 14.  On the existing record, however, the Court is unpersuaded that
10 Rumble is entitled to hundreds of thousands of pages of documents from the DOJ trial.  Rumble
11 makes sweeping, categorical requests for all trial documents and expert reports, and its reliance on
12 the same principle that preinstallation confers on Google a competitive advantage is not sufficient
13 to establish relevancy across such broad categories of documents.  Furthermore, Rumble's request
14 creates an undue burden on Google, given that certain of the requested materials are likely
15 publicly available in some form, and Rumble has failed to explain why these public materials are
16 insufficient.

17      If Rumble wishes to bring a new request for a narrower set of trial transcripts, trial
18 exhibits, demonstratives, and/or expert reports exchanged during the course of the DOJ Case, then
19 the parties shall meet and confer via videoconference as to that modified request no later than May
20 31, 2024.  If a dispute remains after the meet and confer, then the parties may file a joint letter of
21 no more than eight pages.  Supporting exhibits are permitted to be attached to the letter.  The joint
22 letter and exhibits shall be due no later than June 7, 2024, the current deadline for fact discovery in
23 this case.  In that joint letter, the parties shall address whether the requested materials are relevant
24 and proportional to the needs of the case, considering the factors set forth under Rule 26(b)(1) of
25 the Federal Rules of Civil Procedure.  The joint letter shall also specifically address, among other
26 things, what materials are already publicly available, the extent to which third-party confidential
27 //
28 //

information is contained in the discoverable materials and what redactions will be necessary, and the particular requirements as to third-party confidential information set forth in the protective order in the DOJ Case.

**IT IS SO ORDERED.**

Dated: May 28, 2024

LISA J. CISNEROS
United States Magistrate Judge