John E. Schmidtlein (CA State Bar No. 163520)
Stephen J. Fuzesi (admitted *pro hac vice*)
Benjamin M. Greenblum (admitted *pro hac vice*)
Jesse T. Clay (admitted *pro hac vice*)
Daniel Whiteley (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone:    (202) 434-5000
Facsimile:    (202) 434-5029
Email:    jschmidtlein@wc.com
          sfuzesi@wc.com
          bgreenblum@wc.com
          jclay@wc.com
          dwhiteley@wc.com

David H. Kramer (CA SBN 168452)
WILSON SONSINI GOODRICH &
ROSATI P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone:    (650) 493-9300
Facsimile:    (650) 565-5100
Email:    dkramer@wsgr.com

*Attorneys for Defendant Google LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| RUMBLE, INC.,<br><br>               Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>               Defendant. | Case No. 4:21-cv-00229-HSG (LJC)<br><br>**JOINT LETTER TO COURT REGARDING DISCOVERY DISPUTE**<br><br>Judge:    Hon. Lisa J. Cisneros |

1 | Pursuant to Paragraph 19 of the Court's Standing Order for Civil Cases and Section F.5 of the
2 | Magistrate Judge's Standing Order, Defendant Google LLC provides the attached 5-page joint letter
3 | to the Magistrate Judge regarding a discovery dispute which, notwithstanding good faith efforts by the
4 | Parties to resolve, requires resolution by the Court.

6 | DATED: June 14, 2024            Respectfully submitted,

By: /s/ John E. Schmidtlein
John E. Schmidtlein (CA State Bar No. 163520)
Stephen J. Fuzesi (admitted *pro hac vice*)
Benjamin M. Greenblum (admitted *pro hac vice*)
Jesse T. Clay (admitted *pro hac vice*)
Daniel Whiteley (admitted *pro hac vice*)

WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Telephone:   (202) 434-5000
Facsimile:   (202) 434-5029
Email:       jschmidtlein@wc.com
             sfuzesi@wc.com
             bgreenblum@wc.com
             jclay@wc.com
             dwhiteley@wc.com

David H. Kramer (CA SBN 168452)
WILSON SONSINI GOODRICH & ROSATI P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone:   (650) 493-9300
Facsimile:   (650) 565-5100
Email:       dkramer@wsgr.com

*Attorneys for Defendant Google LLC*

- 1 -

JOINT LETTER TO COURT REGARDING DISCOVERY DISPUTE
Case No. 4:21-cv-00229-HSG (LJC)

- 2 -

## ATTESTATION

I, John E. Schmidtlein, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel of record have concurred in this filing.

/s/ John E. Schmidtlein
John E. Schmidtlein

Joint Discovery Dispute Letter to Magistrate Judge Cisneros

| | |
|---|---|
| Fact discovery cut-off date: | June 7, 2024 |
| Opening Expert Reports: | June 14, 2024 |
| Rebuttal Expert Reports: | August 2, 2024 |
| Expert discovery cut-off date: | October 4, 2024 |
| Last day to file dispositive motions: | October 11, 2024 |
| Dispositive and Daubert Motion Hearing: | January 23, 2025 |
| Pretrial conference date: | April 29, 2025 |
| Trial date: | May 19, 2025 |

Counsel for the parties certify that the following issues have been the subject of written correspondence and a video conference meet and confer.

I.      **Defendant's Position**

Fact discovery closed on June 7, 2024. Nonetheless, Rumble failed to produce by that deadline numerous materials that are responsive to Google's RFPs and that Rumble long ago agreed to produce.[1] Indeed, Rumble recently re-confirmed that these materials "will be produced." But production of these materials cannot wait any longer. Google accordingly moves to compel the production of these outstanding items by June 21:

1. In response to Google Interrogatory No. 1, Rumble said that "Chris Pavlovski communicated with Kirsten Grime of the Wall Street Journal via twitter DM at various times from July 2020 to September 2020, and again in January 2021; and with Sam Schechner in January 2021. To the extent not privileged, documents reflecting those communications will be produced." In April 27, 2024 and June 11, 2024 letters, Rumble re-confirmed that these communications "will be produced."

2. Pursuant to Google RFP Nos. 2 and 4, Rumble agreed to produce screenshots reflecting search engine results that Rumble CEO Chris Pavlovski testified to during his deposition on March 14, 2024. He testified that he performed "tests" comparing search results on Google and other search engines, that "most of the time" he took screenshots of the results, that he took steps to preserve these screenshots, and that he has provided them to counsel. In an April 27, 2024 letter, Rumble stated that these screenshots "will be produced." That was re-confirmed in a June 11, 2024 letter.

3. Google RFP No. 6 requested "Data sufficient to show [Rumble's] top 100 content creators by revenue and by views." Rumble produced anonymized charts that list revenue and view data, but do not identify the creator. Google has requested numerous times that Rumble produce data that identifies the creators for which the revenue and view data corresponds. In a May 17, 2024 email, Rumble said it "will produce" this information. That was re-confirmed in a June 11, 2024 letter.

---

[1] In the afternoon today—June 14—Rumble produced 11 documents. Google has not yet had the opportunity to fully review this production. But a cursory review makes clear that this production includes only a small fraction of what Rumble otherwise agreed to produce.

1

Joint Discovery Dispute Letter to Magistrate Judge Cisneros

4. Google RFP No. 16 requested documents sufficient to show the number of video uploads to the Rumble platform from 2013 through the present on a monthly basis. Rumble produced some data responsive to this request but has not produced data prior to 2019. In an April 27, 2024 letter, Rumble said it "will collect this information." In a June 11, 2024 letter, Rumble said this information "will be produced."

5. Google RFP No. 16 also requests documents sufficient to show the number of unique users who have uploaded videos to the Rumble platform from 2013 to the present on a monthly basis. In an April 27, 2024 letter, Rumble said it will "create a document depicting the requested information if possible." During the Parties' June 10, 2024 meet and confer, Rumble agreed to produce this information.

6. Google RFP No. 20 requests (among other things) documents showing the number of videos watched per visit, number of videos viewed compared to number of videos uploaded, and number of videos uploaded per user. In an April 27, 2024 letter, Rumble said it will "create a document or documents that depict this data going back to 2013 if possible." In a June 11, 2024 letter, Rumble said it "is trying to determine if it can create this data, and if so, for what period of time."

7. Google RFP No. 23 requests, among other things, documents sufficient to show, since 2013, the amount that Rumble has spent on Search Engine Optimization each year. During the Parties' June 10, 2024 meet and confer, Plaintiff agreed to produce this information. Rumble's claim that Google "has not responded" to Rumble's request for clarification about the scope of RFP No. 23 is false. On May 8, 2024, counsel for Google wrote in an email to counsel for Rumble: "Google RFP 23 is not limited to 'information as to outside consultants.' In relevant part, Google RFP 23 requests: 'Documents sufficient to show, for each year Rumble has operated since 2013 . . . the amount that Rumble has spent on Search Engine Optimization.' This request calls for the total amount, broken down for each year since 2013, that Rumble has spent on Search Engine Optimization."

8. Google RFP No. 28 requests data reflecting the number of downloads of Rumble's mobile application, broken down by distribution channel and operating system, by month, from the time the mobile application became available to the present. In an April 27, 2024 letter, Rumble said it will "create a document with this information if possible." During the Parties' June 10, 2024 meet and confer, Plaintiff agreed to produce this information.

9. Google RFP No. 30 requested "all Communications relating" to "Documents and materials produced to Plaintiff, by subpoena or otherwise, in connection with Plaintiff's claims in this action." Plaintiff served a third-party subpoena on Microsoft Corporation and Google informed Plaintiff that all communications between Plaintiff and Microsoft should be produced pursuant to this RFP. During separate meet and confers between the Parties on both May 28, 2024 and June 10, 2024, Rumble agreed to produce these communications.

10. Google RFP Nos. 50 and 51 requested certain agreements between Rumble and Barstool Sports, Inc. and certain materials provided by Rumble to Barstool Sports, Inc., and its President, David Portnoy. Rumble's May 12, 2024 responses and objections to these

      requests stated that the requested materials "will be produced." In a June 11, 2024 letter, Rumble confirmed that these materials "will be produced."

11. Google RFP Nos. 52, 53, and 54 requested certain data relating to Rumble live streams. Rumble's May 12, 2024 responses and objections to these requests stated that the requested information "will be produced to the extent they exist."

12. Google RFP Nos. 56 and 57 requested certain materials that Rumble received from Comscore, and certain communications between Rumble and Comscore. Rumble's May 12, 2024 responses and objections to these requests stated that the requested materials "will be produced to the extent they exist." In a June 11, 2024 letter Rumble, stated that these materials "will be produced."

Additionally, in a June 11, 2024 letter, Rumble stated that all documents responsive to Google RFP Nos. 55 and 58 "are privileged and will not be produced." But Rumble has not produced a privilege log containing entries for these materials. Rumble should be ordered to provide a privilege log.

In sum, the Court should compel Rumble to produce the materials and privilege log listed above no later than June 21, 2024. Rumble's failure to produce these materials during the fact discovery period already has prejudiced Google. *See Jones v. Travelers Casualty Ins. Co. of Am.*, 304 F.R.D. 677, 681 (N.D. Cal. 2015) (producing materials after the close of fact discovery prevents the opposing party from "conducting additional fact discovery regarding" the late-produced materials, having a "chance to confirm the . . . accuracy" of the late-produced materials, and (as here) relying on the late-produced materials in opening expert reports). Google reserves the right to seek to re-open discovery once these materials are produced.

**II.**  **Plaintiff's Position**

The referenced June 11 letter is attached. It states at the very end:

> I think this covers the list. Let me know if I omitted something or if you wish to discuss. I expect all to-be-produced documents will be produced this week or early next week.

And that is what is being done (even though Plaintiff's four expert reports are due today - June 14, 2024).

Some of the documents have already been produced or are being prepared for production early next week: Items 1, 2 (the ones for which Mr. Pavlovski kept and was able to find screenshots), 3, 4, and 5 (from March 17, 2014 to December 31, 2018).[2]

---

[2] To obtain this type data, particularly going back to when Rumble was a much smaller company (10 employees or less), Plaintiff often must write specific and complex software in an effort to generate the data.

3

Joint Discovery Dispute Letter to Magistrate Judge Cisneros

Regarding Item 6, Defendant has already been advised that Plaintiff did not track this information until only a few months ago, and that Rumble believes that the data it has only recently begun tracking is not yet being accurately tracked. In light of this, Plaintiff advised Defendant that Plaintiff understood that Defendant was not requesting that type of very recent, not-yet-accurate data. Defendant did not respond otherwise. In light of this, Defendant does not understand why Plaintiff's portion of this letter continues to assert this request.

Regarding Item 7, Plaintiff asked Defendant to clarify whether it was seeking information only as to outside SEO consultants, as certain of Plaintiff's employees have also been involved in SEO for Plaintiff. Defendant has not responded. In sum, Plaintiff understands that Defendant is only seeking information regarding outside consultants. Documents regarding outside SEO consultants have been produced.

Regarding Item 8, Plaintiff has not yet determined if it can produce this information in all the ways requested. Again, this may involve writing code to generate the requested information. Whatever information, or some subset of the information, can be generated will be produced next week, or Defendant will be advised as to what is not available.

Regarding Item 9, Plaintiff has not yet received any such documents. Plaintiff served a Subpoena Duces Tecum on Microsoft for documents relating to its antitrust action against Google in the EU. To date, however, Microsoft has not produced any documents. Such documents were requested from Defendant, but Defendant steadfastly refused to produce any documents, not a single one, in response to those requests.[3]

Regarding Item 10, all of the requested Agreements have been produced. Plaintiff understands that the requested "certain materials provided" would be data in the way of financial analysis, projections or forecasts, and the like, as part of the negotiation of the Agreements. No such documents or information were requested by the other parties to the Agreements. Rumble did not provide any non-public information to the other parties to the Agreement.

Regarding Item 11, see response re Item 8 above. The same applies here.

Regarding Item 12, documents Plaintiff received from Comscore regarding the survey it conducted for Rumble have been produced. Another document which provides additional detail is being processed for production.

Regarding the three privileged Agreements relating to this litigation, two of them – if even relevant, which they are not - were created after this case began and thus need not be listed on the privilege log. The one pre-complaint Agreement will be listed.

Plaintiff believes that many of the issues raised in Defendant's portion of this joint letter have already been mooted, and more will mooted next week. If Defendant nonetheless files this letter now (rather than wait a few more days to receive the additional production), it is respectfully

---

[3] Defendant has also steadfastly refused to produce any of the DOJ case documents Plaintiff requested. Plaintiff's motion regarding those documents is set for hearing on June 27, 2024.

Joint Discovery Dispute Letter to Magistrate Judge Cisneros

suggested that the Court set this matter for hearing on June 27, 2024 along with the two currently-pending discovery disputes.  That will provide time for Plaintiff to complete the production next week, and for the parties to further meet & confer in an attempt to resolve any issue Defendant believes have not by then been mooted.