UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUMBLE, INC., <br>     Plaintiff, <br> v. <br> GOOGLE LLC, <br>     Defendant. | Case No. 21-cv-00229-HSG (LJC) <br><br> **ORDER RE: JOINT DISCOVERY LETTER BRIEF AS TO GOOGLE'S CONTENTION INTERROGATORIES** <br><br> Re: ECF No. 113 |

    Pending before the Court is the parties' Joint Discovery Letter Brief regarding fourteen contention interrogatories served by Defendant Google LLC on Plaintiff Rumble, Inc. (Google Interrogatories Nos. 6–19). ECF No. 113. According to Google, in its initial responses, Rumble provided a substantive response to only one of Google's interrogatories, objecting in full to all the others. *Id.* at 4. Rumble eventually provided supplemental responses to Interrogatory No. 6 on two separate occasions. *Id.* Rumble's responses to Interrogatories Nos. 7 through 19 cross reference its response to Interrogatory No. 6, largely with little specific information. Google now requests an order compelling Rumble to provide full and complete responses to Interrogatories Nos. 6–17 and 19. *Id.*

    Rumble's main objection to Google's contention interrogatories is that they are "premature" because they call for expert opinions, even though they were served during fact discovery, before the parties' expert reports were due. *Id.* at 8. The parties do not dispute that contention interrogatories during fact discovery which call for expert opinions are improper, but they "are not improper to the extent they seek only facts, not how an expert would construe those facts." *Amgen Inc. v. Sandoz Inc.*, No. 14-CV-04741-RS (MEJ), 2017 WL 1352052, at *2 (N.D. Cal. Apr. 13, 2017); *see also Heredia v. Sunrise Senior Living LLC*, No. 818CV01974JLSJDEX,

1   2020 WL 12584277, at *5 (C.D. Cal. July 20, 2020).  However, fact discovery in this case has
2   already closed, and at the hearing, the parties indicated that since the filing of the Joint Discovery
3   Letter Brief, the parties have exchanged opening expert reports.  Therefore, Rumble is now in a
4   position to provide expert opinion to Google's contention interrogatories, to the extent it disagrees
5   with Google's claim as to whether any particular interrogatory seeks facts or expert opinion.

6           The Court first considers Interrogatory No. 6, which is the only contention interrogatory
7   for which Rumble provided a substantive initial response, a supplemental response, and a second
8   supplemental response.  Interrogatory No. 6 asks that Rumble "[i]dentify by bates number any
9   agreement [Rumble] allege[s] to have harmed competition in the alleged relevant market in this
10  case, what specific provision of each of the agreements harmed competition, and how it has done
11  so."  ECF No. 113-1 at 10.  All together these responses are convoluted to say the least.  The
12  Court discerns from Rumble's supplemental response that Rumble identifies only types of
13  agreements: (1) Anti-Fragmentation Agreements (AFAs); (2) the Android Compatibility
14  Commitments (ACCs); (3) the Mobile Application Distribution Agreements (MADAs); (4) the
15  Revenue Sharing Agreements (RSAs); and (5) the Mobile Incentive Agreements (MIAs) Google
16  has entered into with original equipment manufacturers (OEMs) and/or carriers.  *Id.* at 14.
17  Rumble also only identifies types of provisions in these agreements which it alleges harmed
18  competition, such as provisions which require placement of Google core applications so that they
19  cannot be deleted by the device user, provisions which require preferred placement of the icons of
20  these applications, and exclusivity provisions which preclude OEMs and carriers from
21  implementing, preloading or post loading any third-party alternative service.  *Id.* at 18–19.

22          To determine whether any particular act of a monopolist is exclusionary, rather than
23  merely a form of vigorous competition, courts must evaluate whether each type of alleged
24  exclusionary practice has the requisite anticompetitive effect.  *See United States v. Google LLC*,
25  687 F. Supp. 3d 48, 65 (D.D.C. 2023) (citing *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C.
26  Cir. 2001)).  Here, Rumble has alleged various anticompetitive practices.  It alleges in part that
27  Google's agreements with OEMs and carriers harm Rumble by "forc[ing] Android-based
28  smartphone manufacturers to include, among others, YouTube as a preinstalled app on their

phones (and to give it a preferred location on the phone's default opening page, and make it undeletable by the user)." ECF No. 21 (First Amended Complaint, or FAC) ¶ 5. According to Rumble, "[i]n many cases, the agreements relating to mobile smart devices go even farther, such as "expressly prohibiting the preinstallation of any rival general search services and apps (which would include the Rumble app)." *Id.* ¶ 87.

Google's request to compel Rumble for a further response to Interrogatory No. 6 is **GRANTED**. In response to the Interrogatory No. 6, Rumble must specify the specific agreements and provisions of the agreements sufficient for Google to understand which types of practices Rumble believes has harmed competition, and how the provisions have harmed the competitive process. Rumble may cite its expert reports, with specific references to page numbers, to specify the practices and relevant agreements and provisions of the various agreements that support its claim. Rumble must ultimately provide a more concise and clearly stated answer.

Google's request to compel is also **GRANTED** as to Interrogatories Nos. 7–9, 11, 13–17, and 19. The Court believes that it is proper at this stage of the litigation for Rumble to respond separately to each contention interrogatory without cross referencing to a single, lengthy interrogatory response. Rumble's supplemental responses may include citations to an expert report. Rumble's responses and citations must be clear and concise enough to be reasonably responsive to each interrogatory.

Google's request to compel is **DENIED** as to Interrogatory No. 12. Interrogatory No. 12 asks Rumble to "[i]dentify and quantify all damages [Rumble] allege Rumble incurred as a result of Google's anticompetitive conduct." ECF No. 113-1 at 21. At the hearing, Google conceded that this contention interrogatory as to damages was improper and indicated it had already received Rumble's damages expert report. There is no indication that Google requires a further response to this interrogatory.

Finally, Google's request to compel is **DENIED** as to Interrogatory No. 10. Interrogatory No. 10 asks Rumble to "[i]dentify all known search queries (if any) for which [Rumble] contend[s] Google improperly preferenced YouTube in Google search results and your basis for that contention." *Id.* Which queries improperly preferenced YouTube results over Rumble is a

topic that is more appropriately covered by expert testimony.

Rumble shall provide supplemental responses to Interrogatories Nos. 6–9, 11, 13–17, and 19 no later than seven days from the date of this Order.

**IT IS SO ORDERED.**

Dated: June 28, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge