UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUMBLE, INC., <br>   Plaintiff, <br>   v. <br> GOOGLE LLC, <br>   Defendant. | Case No. 21-cv-00229-HSG  (LJC) <br><br> **ORDER RE: JOINT DISCOVERY LETTER BRIEF ON GOOGLE'S REQUESTS FOR PRODUCTION** <br><br> Re: ECF Nos. 115, 117 |

On June 27, 2024, the Court held a hearing concerning, among other discovery disputes, Defendant Google LLC's request to compel Rumble, Inc.'s response to its outstanding Requests for Production of Documents (RFPs). In the parties' Joint Discovery Letter Brief, ECF No. 115, filed on June 14, 2024, Google identified 12 outstanding items that Rumble allegedly had previously agreed to produce. Google requested that the Court compel Rumble to produce these documents along with a privilege log of any responsive documents Rumble had withheld from production, which Rumble had not yet served. Rumble indicated in its portion of the Joint Discovery Letter Brief that it expected to produce documents the following week. *Id.* at 6–8. The Court ordered the parties to file a status report. ECF No. 116. In the subsequent status report, filed on June 25, 2027, Google stated that nearly all the RFPs remained unfulfilled. ECF No. 117.

At the June 27 hearing two days later, Rumble represented that it had served a final production on June 26, 2024. Google's counsel stated that they had not received any such production. Rumble's counsel clarified that there may have been confusion with the vendor, and that he had intended to serve the production the day prior. Rumble also represented to the Court that it was willing to sign a certification pursuant to the Rule 26(g) of the Federal Rules of Civil Procedure that it had completed document production in response to the RFPs. Accordingly,

1   Rumble shall serve such a certification on Google.  If Google has not, in fact, received Rumble's
2   production, or if there are gaps in the production, then it may renew its request to compel
3   production by filing a new joint discovery letter.  Also at the hearing, Rumble indicated that it had
4   served a privilege log on Google.  If Google believes that the privilege log is deficient, then it may
5   also renew its request for relief as to the privilege log in that new joint discovery letter.

6   Google's request for discovery relief, ECF No. 115, is hereby **DENIED** without prejudice.

7   **IT IS SO ORDERED.**

8   Dated: June 28, 2024

LISA J. CISNEROS
United States Magistrate Judge