John E. Schmidtlein (CA SBN 163520)
Stephen J. Fuzesi (admitted *pro hac vice*)
Benjamin M. Greenblum (admitted *pro hac vice*)
Youlin Yuan (admitted *pro hac vice*)
Daniel Whiteley (admitted *pro hac vice*)
Jesse T. Clay (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, D.C. 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email: jschmidtlein@wc.com
sfuzesi@wc.com
bgreenblum@wc.com
yyuan@wc.com
dwhiteley@wc.com
jclay@wc.com

David H. Kramer (CA SBN 168452)
WILSON SONSINI GOODRICH & ROSATI P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com

*Attorneys for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

RUMBLE, INC.,

Plaintiff,

v.

GOOGLE LLC,

Defendant.

Case No. 4:21-cv-00229-HSG (LJC)

**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE CERTAIN EXPERT OPINIONS OF JAMES ALLAN, Ph.D.**

Hearing Date: January 23, 2025
Time: 2:00 p.m.
Place: Courtroom 2
Judge: Hon. Haywood S. Gilliam, Jr.

**TABLE OF CONTENTS**

INTRODUCTION ........ 1

BACKGROUND ........ 1

A. Dr. Allan's Expertise ........ 1

B. Dr. Allan's Opinions ........ 2

ARGUMENT ........ 3

I. DR. ALLAN'S "OPINION #1" IS A PROPER EXPERT REBUTTAL OPINION ........ 3

A. Rumble's Motion Distorts Dr. Allan's Opinion ........ 3

B. The Cases Rumble Cites Are Inapposite ........ 7

II. DR. ALLAN'S CITATION OF WITNESS TESTIMONY IS PROPER ........ 9

CONCLUSION ........ 12

# TABLE OF AUTHORITIES

Cases

*Biotechnology Value Fund, L.P. v. Celera Corp.*, 2015 WL 138168 (N.D. Cal. Jan. 9, 2015) ........... 8

*City and Cnty. of S.F. v. Purdue Pharma L.P.*, 2022 WL 22835756 (N.D. Cal. May 12, 2022)...... 4, 9

*Clear-View Techs., Inc. v. Rasnick*, 2015 WL 3509384 (N.D. Cal. June 3, 2015) .............................. 5

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)............................................................ 3

*Diviero v. Uniroyal Goodrich Tire Co.,* 114 F.3d 851 (9th Cir. 1997)............................................ 7, 8

*Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946 (9th Cir. 2023) .......................................................... 5

*Erhart v. Bofl Holding, Inc.,* 445 F. Supp. 3d 831 (S.D. Cal. 2020) ................................................ 11

*In re Arris Cable Modem Consumer Litig.*, 327 F.R.D. 334 (N.D. Cal. 2018)................................. 10

*In re Ripple Labs, Inc. Litig.*, 2024 WL 4583525 (N.D. Cal. Oct. 24, 2024)...................................... 5

*Munoz for J.M. v. Watsonville Comm. Hosp.*, 2017 WL 11673926 (N.D. Cal. Dec. 11, 2017) ........... 4

*Ollier v. Sweetwater Union High Sch. Dist.,* 768 F.3d 843 (9th Cir. 2014)........................................ 8

*Perez v. County of Los Angeles*, 2012 WL 13005839 (C.D. Cal. Mar. 14, 2012) .......................... 8, 9

*Picciano v. Clark County*, 2024 WL 1049967 (W.D. Wash. Mar. 11, 2024) ...................................... 9

*Salem v. U.S. Lines Co*., 370 U.S. 31 (1962)....................................................................................... 9

*Sumotext Corp. v. Zoove, Inc.*, 2020 WL 264701 (N.D. Cal. Jan. 17, 2020) .................................. 4, 5

*United States v. Binder*, 769 F.2d 595 (9th Cir. 1985)................................................................. 8, 11

*United States v. Ortland*, 109 F.3d 539 (9th Cir. 1997) .................................................................. 8, 9

*United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991)............................................................. 11

*United States v. Seschillie*, 310 F.3d 1208 (9th Cir. 2002) ................................................................. 9

*Walsh v. LG Chem Am.*, 2021 WL 4167310 (D. Ariz. Sept. 14, 2021)............................................. 12

*Willard v. Foremost Ins. Co.*, 2014 WL 12589331 (C.D. Cal. May 9, 2014)...................................... 9

*Zavislak v. Netflix, Inc.*, 2024 WL 2884649 (N.D. Cal. June 7, 2024) ............................................... 6

Federal Rules

Fed. R. Civ. P. 403 .......... 3

Fed. R. Civ. P. 702 .......... 3

Fed. R. Civ. P. 703 .......... 10

## INTRODUCTION

Professor James Allan is a computer scientist with more than three decades of experience researching and teaching in the field of information retrieval, including specifically the design and operation of search engines. Dr. Allan offers rebuttal opinions in this case, responding to Rumble's proffered expert, Ian Lurie. In its Motion, Rumble does not seek to exclude most of the rebuttal opinions that Dr. Allan offers. What Rumble does challenge is based on a mischaracterization of Dr. Allan's opinions and how he applies his expertise to respond to Mr. Lurie's proffered opinions. The Court should deny Rumble's Motion.

## BACKGROUND

### A. Dr. Allan's Expertise

Dr. Allan is a tenured professor in the Manning College of Information and Computer Science ("CICS") at the University of Massachusetts Amherst, where he has taught since 1997. ECF No. 127-48 (Allan Rpt.) ¶ 1, Ex. A. Dr. Allan served as Chair of the Faculty of CSIS from 2015 to 2022 and continues to serve as Director of the Center for Intelligent Information Retrieval, one of the nation's leading academic research groups in the field of information retrieval, including the study of search engines. *Id.* ¶¶ 2–3. Dr. Allan also serves as Associate Dean of Research and Engagement within CICS. *Id.* ¶ 2.

Dr. Allan received a Ph.D. in computer science from Cornell University in 1995. *Id.* ¶ 4. He has been an author of more than 160 refereed journal and conference publications and more than 100 other publications, all of which relate to information retrieval. *Id.* ¶ 5. He has served as an editor of leading academic journals in the field and been awarded numerous grants for his research, including most recently from the National Science Foundation. *Id.* ¶¶ 5–9. Dr. Allan has built search engines himself, including search engines that perform video retrieval. Ex. 1 (Allan Dep.) 278:16–279:3. In 2021, the Association for Computing Machinery named Dr. Allan a Fellow in recognition of his long and sustained contributions to the field of information retrieval. ECF No. 127-48 (Allan Rpt.) ¶ 5.

At UMass Amherst, Dr. Allan has regularly taught courses on information retrieval at both the undergraduate and graduate levels, which address a range of topics relating to search engine design

and operation. *Id.* ¶ 10. Dr. Allan additionally has supervised numerous students through completion of their Ph.D. and Master's degrees, and has served on the examining committee of many others. *Id.*

Rumble does not challenge Dr. Allan's credentials.

**B.      Dr. Allan's Opinions**

Dr. Allan submitted an expert report in response to the opinions of Rumble's proffered expert Ian Lurie. ECF No. 127-48 (Allan Rpt.). As detailed in Google's motion to exclude Mr. Lurie's opinions, Mr. Lurie principally opines—based on just three search queries for titles of particular videos—that Google preferences YouTube in its ranking of Google Search results. *See* ECF No. 128-1, at 3–4. Dr. Allan evaluated Mr. Lurie's report and concluded, based on his expertise, that Mr. Lurie's analysis did not establish such "self-preferencing."

In his expert report, Dr. Allan explains his conclusions and, in particular, why "Mr. Lurie's report does not demonstrate that Google treats YouTube differently from Rumble or any other video platform when ranking Search results." ECF No. 127-48 (Allan Rpt.) ¶ 32. Applying his decades of experience, and based on the record in this case, Dr. Allan begins by explaining that the Google search ranking process is based on hundreds or even thousands of "signals" that its algorithms combine together to rank webpage results in response to a given user query. *Id.* ¶¶ 17–25. These signals range from information related to how topical a particular webpage is, to data from previous user interactions with the webpage, to webpage quality scores. *Id.*

Dr. Allan's discussion of his opinions responding to Mr. Lurie is then divided into five sections. *See id.* ¶ 33. Rumble's motion principally seeks to exclude the opinions set forth in his first section, what the motion refers to as "Opinion #1."[1] There, Dr. Allan opines that an important flaw in Mr. Lurie's opinion is that he fails to identify any Google search ranking signal that "self-preferences"

---

[1] Notably, Rumble does not seek to exclude Dr. Allan's other opinions, including that (1) "there is no support for Mr. Lurie's expectation that the 'original source' of content should be ranked better than other websites that host the same content"; (2) "Mr. Lurie's opinion that alleged preferencing can be deduced from three queries for the specific titles of videos is fundamentally misguided"; (3) "Mr. Lurie fails to establish the existence of a 'ranking signal feedback loop' and misstates the role and application of user feedback signals in Google Search"; and, (4) "Mr. Lurie's assertion of an 'internal feedback loop' is unsupported and speculative." ECF No. 127-48 (Allan Rpt.) ¶ 33.

YouTube over other platforms like Rumble. *Id.* ¶ 33(a). As Dr. Allan summarizes: "I have reviewed Mr. Lurie's opinion and all of his supporting documents. Critically, I do not find anything that supports an assertion that there is any ranking signal that biases videos hosted on YouTube over videos hosted on another platform—in other words, that there is some element of the Google Search ranking process that is designed to boost YouTube's ranking in Google Search results." *Id.* ¶ 35. Moreover, Dr. Allan notes that in his review of the record, he has not seen any signal to that effect—and that, instead, documents and testimony that he reviewed, and that Mr. Lurie ignored, refute the existence of any "self-preferencing" by Google. *Id.* ¶¶ 36–49. Dr. Allan finds that Mr. Lurie fails to appropriately consider "how Google Search actually functions and ranks search results." *Id.* ¶ 44.

**ARGUMENT**

Dr. Allan's opinions are informed by his decades of researching and studying the design and operation of search engines, combined with his review of documents produced in this case and the deposition testimony of Google Search engineers. There is no basis to exclude any aspect of his opinions under the Rule 702 standard as set out in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), or under Rule 403.

**I. DR. ALLAN'S "OPINION #1" IS A PROPER EXPERT REBUTTAL OPINION**

Rather than addressing Dr. Allan's actual opinion, Rumble constructs a strawman based on a distortion of what Dr. Allan opines in responding to Mr. Lurie's assertions. Dr. Allan's "Opinion #1," where he sets out critical flaws in Mr. Lurie's approach, is an appropriate expert opinion.

**A. Rumble's Motion Distorts Dr. Allan's Opinion**

As a computer scientist specializing in search engines, Dr. Allan explains how the complicated Google search ranking algorithms utilize a multitude of signals to deliver the most useful results in response to a given search query. ECF No. 127-48 (Allan Rpt.) ¶¶ 17–25. After reviewing Mr. Lurie's report and all of its supporting materials, Dr. Allan opines that Mr. Lurie failed to identify *any* Google search ranking signal that preferences YouTube over other websites. *Id.* ¶ 35. And, as Dr. Allan opines in his "Opinion #1," this is "critical[]." *Id.* A search engine's "algorithms . . . process signals in order to produce rankings." Ex. 1 (Allan Dep.) 57:20–58:2. Because Mr. Lurie failed to identify

any signal that is biased in favor of YouTube, Dr. Allan concludes, Mr. Lurie's ultimate conclusion is unsound. *Id*. 178:5–179:1, 220:1–9; *see also* ECF No. 127-48 (Allan Rpt.) ¶¶ 35, 49. Dr. Allan further highlights in his "Opinion #1" internal Google Search documents and testimony from Google Search engineers that Mr. Lurie ignored—and that undermine Mr. Lurie's conclusion that there is any preferencing of YouTube by Google Search. ECF No. 127-48 (Allan Rpt.) ¶¶ 36–39.

In short, what Dr. Allan offers as part of "Opinion #1" is a prototypical expert rebuttal opinion. Dr. Allan, an experienced computer scientist recognized for his expertise in how search engines are designed and operate, is permitted to fault Mr. Lurie for not identifying any aspect of the actual internal functioning of Google's search ranking systems that boosts YouTube webpages over other webpages. *See Sumotext Corp. v. Zoove, Inc.*, 2020 WL 264701, at *3 (N.D. Cal. Jan. 17, 2020) ("A defendant may present expert rebuttal of the plaintiff's expert by putting forth its own expert who . . . claims that . . . the plaintiff's expert's methodology was conducted improperly in some way."). As Dr. Allan states, Mr. Lurie does not address "evidence from this case as to how Google Search actually functions and ranks search results." ECF No. 127-48 (Allan Rpt.) ¶ 44. That is a fundamental flaw. Likewise, Dr. Allan is further entitled to point out evidence in the record—that Mr. Lurie failed to consider—that rebuts Mr. Lurie's conclusions. *See id.* ¶¶ 36–39. Put simply, Dr. Allan "is rebutting [Mr. Lurie's] analysis with evidence that tends to undermine it. This is proper rebuttal opinion." *City and Cnty. of S.F. v. Purdue Pharma L.P.*, 2022 WL 22835756, at *1 (N.D. Cal. May 12, 2022); *see also Munoz for J.M. v. Watsonville Comm. Hosp.*, 2017 WL 11673926, at *5 (N.D. Cal. Dec. 11, 2017) (overruling motion to exclude expert's reliance on deposition testimony because basing an expert opinion on record evidence "is proper rebuttal opinion testimony").

Instead of engaging with the conclusions Dr. Allan actually sets out in his report, Rumble's motion is based on a series of mischaracterizations. Constructing a strawman, Rumble claims to "aptly paraphrase" Dr. Allan's first opinion as: "I know that Google does not self-preference YouTube because Google told me it does not." ECF No. 126-2 ("Mot.") at 11. Rumble further baldly asserts that it is "not in dispute" that Dr. Allan "did not apply any of his expertise" or "did not analyze Google's search engine as a matter of 'information retrieval.'" Mot. at 11. These contentions are groundless.

Dr. Allan applied his uncontested expertise in search engines backed by more than 35 years of experience in the field, "reviewed Mr. Lurie's opinion and all of his supporting documents," and concluded that he did "not find anything that supports an assertion that there is any [Google search] ranking signal that biases videos hosted on YouTube over videos hosted on another platform." ECF No. 127-48 (Allan Rpt.) ¶ 35. That is precisely what one would expect a rebuttal opinion to do here.

Rumble's additional arguments are similarly meritless:

1. There is no basis to suggest that Dr. Allan issued his opinion "without investigation or analysis." Mot. at 5. To the contrary, as recounted in his report, he evaluated "Mr. Lurie's opinion and all of his supporting documents." ECF No. 127-48 (Allan Rpt.) ¶ 35. Dr. Allan's opinions explain the flaws in Mr. Lurie's opinions. As discussed above, that is plainly within the proper scope of a rebuttal expert report. *See Sumotext Corp.*, 2020 WL 264701, at *3. Rumble cites nothing for its claim that *rebuttal* experts must conduct their own investigation or analysis untethered to the opinions they are responding to. *See In re Ripple Labs, Inc. Litig.*, 2024 WL 4583525, at *5 (N.D. Cal. Oct. 24, 2024) (overruling motion to exclude and finding that "as a rebuttal expert," testimony that "identifies flaws . . . limitations . . . and inadequately-supported conclusions" in an opposing expert's analysis is admissible).

2. In particular, there was no need for Dr. Allan to review underlying "source code" or examine each and every signal used in Google search ranking. Mot. at 5. Rumble bears the burden in this case of proving that Google engaged in anticompetitive conduct. *See Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 998 (9th Cir. 2023). "[A] defendant need not put forth expert opinions to challenge affirmative theories on which the plaintiff bears the burden of proof." *Clear-View Techs., Inc. v. Rasnick*, 2015 WL 3509384, at *2 (N.D. Cal. June 3, 2015). Again, Dr. Allan issued a *rebuttal* report. He explains the serious flaws in Mr. Lurie's conclusions and why Mr. Lurie's analyses do not establish any "self-preferencing." As Dr. Allan succinctly put it at his deposition, "it was [Mr. Lurie's] job to point to what's causing self-preferencing." Ex. 1 (Allan Dep.) 212:13–25. And Mr. Lurie failed to do so. *See id.* 211:10–212:2 (explaining that "Mr. Lurie did not point me to any signal or anything that hinted that there was a signal that would accomplish [self-preferencing]").

3. There is no basis to suggest that Dr. Allan was somehow not applying his expertise in "Opinion #1." With a Ph.D. in computer science and a specialty in information retrieval, Dr. Allan has decades of experience teaching, researching, and writing about the design and operation of search engines. *See supra*, at 1–2. This experience informed Dr. Allan's review of Google's technical documents about the operation of its search engine, the testimony of Google Search employees, and, most notably, Mr. Lurie's claims about whether Google Search preferences YouTube. Again, as he repeatedly explained in his deposition, Dr. Allan "relied heavily on [his] 35 years of experience" in forming his opinions. Ex. 1 (Allan Dep.) 343:9–344:4. The opinions he offers here are squarely within the wheelhouse of his expertise and reflect the application of that expertise. *See, e.g.*, *Zavislak v. Netflix, Inc.*, 2024 WL 2884649, at *14–15 (N.D. Cal. June 7, 2024) (finding expert testimony "based on sufficient and reliable information" when it was "based on her 35-years of professional experience working in the" relevant subject area).[2]

4. Dr. Allan did not just take the testimony of Google Search employees "at face value." Mot. at 13. Dr. Allan explained that he considered the testimony of these Google Search employees "in light of [his] three-plus decades of experience in the field, and in light of their many years of experience working with Google, and in light of the fact that they are consistent with each other and that they are consistent with internal documents and that Mr. Lurie never pointed [him] to anything to suggest otherwise." Ex. 1 (Allan Dep.) 215:11–22. This explanation reflects Dr. Allan's detailed consideration of the record. Indeed, Dr. Allan cited testimony from Google Search employees to point out that Mr. Lurie ignores this evidence completely—and that this testimony contradicts Mr. Lurie's unsupported assertions about how Google Search operates. The real question is not why Dr. Allan cites this testimony but why Mr. Lurie failed to consider it at all before reaching his opinions in this case. *See* ECF No. 128-4 (Lurie Dep.) 77:13–23.

[2] Rumble goes so far as to assert that in rendering his opinions, Dr. Allan "admitted that he had stepped so far afield from his area of expertise into an area in which [he] has no expertise." Mot. at 6. But Rumble cites nothing to identify this supposed "admission." Nor could it. As noted, Dr. Allan has spent 35 years researching, teaching, and writing about the operation of search engines, including the ranking processes they use. *See*, *supra*, at 1–2.

5. Finally, Rumble asserts that "Dr. Allan admits that preferencing, as a matter of information technology, could occur in many ways" and says that proposition somehow renders his criticism of Mr. Lurie's opinions "irrelevant and unreliable." Mot. at 12. But in the cited testimony, Dr. Allan simply agreed that a "hypothetical" search engine in theory "could add a small factor to search results" to tilt in favor of "friendly companies." Ex. 1 (Allan Dep.) 245:8–22. As Dr. Allan explained, "just because Google could do something doesn't mean they would" or have. *Id.* 335:13–337:5; ECF No. 127-48 (Allan Rpt.) ¶ 44. Dr. Allan's criticism of Mr. Lurie in his "Opinion #1" is that Mr. Lurie fails to identify *any* aspect of Google's search ranking process that *actually* preferences YouTube webpages over the webpages of other platforms. This is a fundamental flaw that Dr. Allan is entitled to present in his rebuttal of Mr. Lurie. Dr. Allan's deposition testimony about a hypothetical scenario in no way impugns the relevancy or reliability of his opinion.[3]

**B. The Cases Rumble Cites Are Inapposite**

In addition to distorting Dr. Allan's opinion, Rumble relies on a series of inapt cases. None support Rumble's attempt to exclude Dr. Allan's "Opinion #1."

To begin, the Ninth Circuit cases Rumble cites are simply inapposite. *Diviero v. Uniroyal Goodrich Tire Co.* involved an expert who sought to offer a "process of elimination" opinion to explain a tire failure, and the court concluded "his inability to dismiss various other possible causes of the tread-off, his lack of knowledge about adhesion failures generally, and his inability to satisfactorily explain the reasoning behind his opinions" rendered his opinions "unreliable and inadmissible" and

---

[3] In passing, Rumble additionally asserts that Dr. Allan "ignor[ed]" certain supposed evidence. Mot. at 2–3. Dr. Allan directly addressed the only piece of that "evidence" that Mr. Lurie cited (in a footnote), and Dr. Allan explained why it fails to support Rumble's allegations. *See* ECF No. 127-48 (Allan Rpt.) ¶ 48. Mr. Lurie does not even cite the other purported "evidence" so there was no reason for Dr. Allan to respond to it in a *rebuttal* opinion. It thus surely cannot be a basis to exclude his opinions. In any event, as explained during his deposition, Dr. Allan did consider in rendering his opinions the prevalence of videos hosted on YouTube in Google Search results. Ex. 1 (Allan Dep.) 289:21–293:4; *see also* Mot. at 5 (Rumble recognizing that Dr. Allan considered the prominence of videos hosted on YouTube in Google Search results and explained that any such prominence "merely reflects the search engine's attempt at finding the 'most useful' result that is most likely 'to keep the user satisfied.'"). Further, Rumble contorts an internal Google email (that Mr. Lurie also "ignored")—that email said nothing about Google Search "self-preferencing" YouTube. *See* Ex. 2 (Desikan Dep.) 306:19–312:13, 316:20–318:3.

"speculative." 114 F.3d 851, 853 (9th Cir. 1997). Dr. Allan does not offer a "process of elimination" opinion here. He responds directly to Mr. Lurie's opinions and explains why Mr. Lurie's analysis is flawed. In *United States v. Ortland*, 109 F.3d 539, 545 (9th Cir. 1997), the Ninth Circuit found that the district court was within its discretion to exclude an expert opinion that was "largely irrelevant." That again is not the case here. There can be no serious dispute that Dr. Allan's opinions are relevant to the issues in this case. And in *Ollier v. Sweetwater Union High School District*, the proposed expert "admitted that her proposed testimony . . . was speculative." 768 F.3d 843, 861 (9th Cir. 2014). Dr. Allan makes no such admission here, nor is there any basis to conclude that his response to Mr. Lurie's opinions is speculative.[4]

Likewise, this is not a case "where the expert does little more than read depositions and deposition exhibits and other such materials, and then proposes to render findings to the jury" on the ultimate question in the case—here, whether Google acted anticompetitively in violation of Section 2 of the Sherman Act. *Biotechnology Value Fund, L.P. v. Celera Corp.*, 2015 WL 138168, at *2 (N.D. Cal. Jan. 9, 2015). As discussed above, Dr. Allan responds to specific assertions made by Mr. Lurie relating to whether Google "self-preferences" YouTube in search results. Dr. Allan's reference to record evidence is in furtherance of his rebuttal opinion that Mr. Lurie ignores that evidence and how that evidence about the actual operation of Google Search undermines Mr. Lurie's assertions. And throughout, Dr. Allan brings to bear his extensive expertise in a highly technical field—including specifically how search engines are designed and operate. Nor does his testimony concern "lay matters" that a jury can easily understand without expertise. Rumble does not dispute that the processes underlying Google Search are complex. Mr. Lurie himself acknowledges that "Google's ranking systems are *incredibly* complex." ECF No. 127-46 (Lurie Rpt.) ¶ 18 (emphasis added). The cases Rumble cites involved very different circumstances. *See Perez v. County of Los Angeles*, 2012 WL 13005839, at *3 (C.D. Cal. Mar. 14, 2012) (excluding testimony about the mere "presence or absence of evidence" in the record on simple facts like whether the plaintiff was handcuffed to a police

---

[4] Rumble also cites *United States v. Binder*, 769 F.2d 595 (9th Cir. 1985), which is addressed *infra* at 11 and is similarly inapplicable.

patrol car); *Picciano v. Clark County*, 2024 WL 1049967, at *21 (W.D. Wash. Mar. 11, 2024) (excluding testimony that submission of medical and grievance requests by a prisoner possibly delayed the processing of that same prisoner's request for a gluten-free diet).[5]

Finally, *Willard v. Foremost Insurance Co.*, dealt with whether an expert could testify about "his interpretation of statutes and regulations and whether Defendant's conduct ran afoul of those laws." 2014 WL 12589331, at *3 (C.D. Cal. May 9, 2014). Dr. Allan does not do that here. As part of his rebuttal, he simply points out the existence of Google's Honest Results Policy (neither a statute nor a legal regulation), which expressly bars favoritism of Google-owned properties, as yet another significant piece of evidence that Mr. Lurie ignores. ECF No. 127-48 (Allan Rpt.) ¶¶ 38–39. Once again, Dr. Allan "is rebutting [Mr. Lurie's] analysis with evidence that tends to undermine it. This is proper rebuttal opinion." *Purdue Pharma*, 2022 WL 22835756, at *1.

* * *

In sum, Dr. Allan's "Opinion #1" is an appropriate expert rebuttal opinion. Rumble presents no valid basis to exclude it.

## II. DR. ALLAN'S CITATION OF WITNESS TESTIMONY IS PROPER

Rumble additionally challenges Dr. Allan's citation of witness testimony in support of all his opinions. According to Rumble, Dr. Allan's citation of this testimony "is an attempt to bolster the purported credibility" of these witnesses. Mot. at 16. But this again misconstrues Dr. Allan's opinions. He is entitled to cite testimony by knowledgeable witnesses like any other evidence in the record.

Rumble seems to suggest that it was improper for Dr. Allan to cite *any* deposition testimony in this case in support of *any* of his opinions. Rumble submitted as an exhibit to its Motion a version of

[5] Rumble additionally cites *Salem v. U.S. Lines Co.*, 370 U.S. 31, 35 (1962), for the proposition that expert testimony *may* be excluded if "men of common understanding are as capable of comprehending the primary facts and of drawing the correct conclusions." Not only is that inapplicable here for all the reasons explained, but the case itself addressed a different issue: whether a verdict could be upheld in the absence of expert testimony. For the same reason, Rumble's citation of cases regarding the absence of a need for expert testimony where the jury can properly understand the subject matter without "expert illumination" is similarly misplaced. *See United States v. Seschillie*, 310 F.3d 1208, 1212 (9th Cir. 2002); *Ortland*, 109 F.3d at 545.

Dr. Allan's report where it claims to have "highlighted footnotes and related statements in Dr. Allan's report [that] expose the pervasive attempt to bolster the Google witnesses' testimony." Mot. at 16. But in that document Rumble highlighted *every* citation of deposition testimony. *See* ECF No. 126-4.

Dr. Allan cites the testimony of Google Search employees as factual support for particular details about how Google Search processes function and, as discussed above, as examples of evidence that undermine Mr. Lurie's opinions but that Mr. Lurie ignores entirely. For example, Dr. Allan cites the testimony of Google Search employees to explain how Google generates search ranking signals from user interaction data and page quality evaluations. ECF No. 127-48 (Allan Rpt.) ¶¶ 18–20. Likewise, Dr. Allan cites the testimony of Google Search employees in detailing how Google trains its search algorithms. *Id*. ¶¶ 26–29. And he cites Google Search employee testimony about factors that Google Search does not use in ranking search results, like the "original source" of a video. *Id*. ¶ 53.

Deposition testimony is no less part of the record than documentary evidence. As such, experts can and generally do cite it as support for their opinions in the same way they cite documents or other evidence. Rule 703 expressly permits an expert witness to base their opinions on any "facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Civ. P. 703; *In re Arris Cable Modem Consumer Litig.*, 327 F.R.D. 334, 363 (N.D. Cal. 2018) ("The U.S. Supreme Court recognized in *Daubert* that unlike an ordinary witness, an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." (internal quotation marks and citation omitted)). There is no reason to exclude any aspect of Dr. Allan's opinions here on the mere basis that he cites relevant evidence that supports his opinions.

Indeed, there is no dispute that the testimony comes from knowledgeable witnesses. Rumble's expert, Mr. Lurie, conceded that a number of the Google Search employees whose testimony Dr. Allan cited in his report possess more expertise regarding the functioning of Google Search than Mr. Lurie does. ECF No. 128-4 (Lurie Dep.) 80:13–21, 84:11–15, 86:21–25. These Google Search employees include the longtime overall head of Google search ranking (Pandu Nayak); the former head of Google Video Search (Dimitra Papachristou); and the technical lead for Google Video Search ranking (Pavan

Desikan). Collectively, these witnesses possess decades of expertise in the inner-workings of Google Search. *See* ECF No. 128-1 at 2. It is not only reasonable for Dr. Allan to have cited the testimony of knowledgeable Google Search employees in rendering his opinions, but exactly what one would expect an expert to do.

Further, as discussed above, Dr. Allan did not merely "accept[] as Gospel," Mot. at 16, this testimony. *See, supra*, at 6. He considered the testimony "in light of [his] three-plus decades of experience in the field, and in light of their many years of experience working with Google, and in light of the fact that they are consistent with each other and that they are consistent with internal documents and that Mr. Lurie never pointed [him] to anything to suggest otherwise." Ex. 1 (Allan Dep.) 215:11–22. That measured evaluation renders his citation of the testimony of Google Search employees eminently reasonable.[6]

Unlike the cases Rumble cites, Dr. Allan does not offer his opinions here to bolster the credibility of any witness. The experts in *United States v. Binder*, for instance, "testified that . . . particular children in [a] particular case could be believed" regarding child sex abuse. 769 F.2d 595, 602 (9th Cir. 1985). That is not remotely what Dr. Allan is doing here in citing the testimony of Google Search engineers on particular points of fact. Likewise, *United States v. Ravel* involved a proposed expert opinion that a criminal defendant's subjective beliefs were reasonable. 930 F.2d 721, 726 (9th Cir. 1991). Dr. Allan does not offer any opinions about the reasonableness of any subjective beliefs of any Google witness here. Similarly, the proposed expert opinion in *Erhart v. Bofl Holding, Inc.*, concerned whether "documents and evidence in the case support[ed]" a witness's subjective beliefs. 445 F. Supp. 3d 831, 847–48 (S.D. Cal. 2020). Dr. Allan's opinions here bear no resemblance to the opinions the court excluded there.

---

[6] Rumble claims that in addition to Google fact witnesses, "Dr. Allan's proffered expert testimony is cumulative to and bolsters the testimony of another expert, Dr. Victoria Stodden." Mot. at 16. Rumble apparently bases this claim on a single citation in Dr. Allan's report where he references Dr. Stodden's statistical study comparing results on Bing with results on Google Search as a point of comparison, underscoring that Mr. Lurie did not undertake any statistically meaningful analysis. *See* ECF No. 127-48 (Allan Rpt.) ¶ 64 n. 96. Dr. Allan does not rely upon Dr. Stodden's report in reaching his opinions. *See id.* App'x B. And a plain reading of the two reports shows they are not "cumulative" in any way.

If, as Rumble suggests, the mere citation of fact witness testimony by an expert would "improperly buttress" the credibility of the fact witnesses, experts could never cite fact witness testimony in their opinions. Rumble does not cite any authority for that proposition, and it is not the law. *Cf. Walsh v. LG Chem Am.*, 2021 WL 4167310, at *4 (D. Ariz. Sept. 14, 2021) (rejecting argument that expert testimony should be excluded as improperly addressing credibility of fact witnesses, explaining that expert testimony that "may cast doubt on Plaintiff's theory of the case . . . is quite different than testimony speaking directly to the credibility of . . . witnesses through character or reputation evidence."). In fact, Rumble's proffered economics expert, Dr. Michael Cragg, cited deposition testimony from this case. *See* ECF No. 131-9 (Cragg Rpt.) ¶ 100 n. 148, ¶ 114 n. 177. Rumble does not explain why it is acceptable for its own expert to cite deposition testimony, but not for Dr. Allan to do so.

For all these reasons, Rumble's bid to exclude Dr. Allan's citation of deposition testimony from knowledgeable witnesses should be denied.

## CONCLUSION

The Court should deny Rumble's Motion to partially exclude the testimony of Dr. Allan. Rumble presents no valid basis for the exclusion of any aspect of Dr. Allan's opinions.

DATED: November 20, 2024

**WILLIAMS & CONNOLLY LLP**

By: *John E. Schmidtlein*
John E. Schmidtlein (CA State Bar No. 163520)
Stephen J. Fuzesi (admitted *pro hac vice*)
Benjamin M. Greenblum (admitted *pro hac vice*)
Youlin Yuan (admitted *pro hac vice*)
Daniel Whiteley (admitted *pro hac vice*)
Jesse T. Clay (admitted *pro hac vice*)

WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, D.C. 20024
Telephone:   (202) 434-5000
Facsimile:   (202) 434-5029
Email:       jschmidtlein@wc.com
             sfuzesi@wc.com
             bgreenblum@wc.com
             yyuan@wc.com
             dwhiteley@wc.com
             jclay@wc.com

David H. Kramer (CA SBN 168452)
WILSON SONSINI GOODRICH & ROSATI P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone:   (650) 493-9300
Facsimile:   (650) 565-5100
Email:       dkramer@wsgr.com

*Attorneys for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

I, John E. Schmidtlein, hereby certify that, on November 20, 2024, I caused a true and correct copy of the foregoing to be served on all counsel of record by email.

*John E. Schmidtlein*
John E. Schmidtlein