Robert W. Dickerson, Jr. (SBN 89367)
E-mail: rdickerson@comp-techlaw.com
Allan W. Jansen (SBN 81992)
E-mail: ajansen@comp-techlaw.com
Ehab M. Samuel (SBN 228296)
E-mail: esamuel@comp-techlaw.com
COMPETITION & TECHNOLOGY LAW GROUP LLP
11400 West Olympic, Blvd., Suite 200
Los Angeles, CA 90064
Tel:  (310) 774-2337
Fax: (213) 799-3642

Nicholas A. Gravante, *Admitted Pro Hac Vice*
Email:  Nicholas.gravante@cwt.com
Philip J. Iovieno, *Admitted Pro Hac Vice*
Email: philip.iovieno@cwt.com
Jack G. Stern, *Admitted Pro Hac Vice*
Email: jack.stern@cwt.com
Kristen J. McAhren, *Admitted Pro Hac Vice*
Email: kristen.mcahren@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY 10281
Tel: (212) 504-6000
Fax: (212) 504-6666

*Attorneys for Rumble Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| RUMBLE INC., | Case No. 21-cv-00229-HSG (LJC) |
| Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION, MOTION, AND MEMORANDUM ISO MOTION FOR AN INDICATIVE RULING RE RECUSAL AND REASSIGNMENT** |
| v. | |
| GOOGLE LLC, | Honorable Haywood S. Gilliam, Jr. |
| Defendant. | Hearing Date:    December 18, 2025 |
| | Hearing Time:   2:00 PM PST |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Plaintiff Rumble Inc. ("Rumble"), by and through its attorneys, hereby respectfully moves the Court to issue an indicative ruling pursuant to Rule 62.1 of the Federal Rules of Civil Procedure on the issues of recusal and reassignment, to be heard on December 18, 2025 at 2:00 PM PST or as soon as this matter may be heard in the United States District Court for the Northern District of California, Oakland Division, located in the United States Courthouse at 1301 Clay Street, Oakland, California 94612, will hereby respectfully move the Court, pursuant to 28 U.S.C. § 445(a), to enter an indicative order regarding recusal and reassignment for all future proceedings in this case.

This motion is based upon this Notice of Motion, the following Memorandum of points and authorities, the accompanying Declaration of Robert W. Dickerson, Jr. ("Dickerson Decl."), the entire file in this case, arguments of counsel, and such other matters as the Court may consider.

A proposed Order is concurrently filed, and a Word version sent to the Court per the Court's Standing Order.

DATED: November 12, 2025   Respectfully submitted,

COMPETITION & TECHNOLOGY LAW GROUP LLP
Robert W. Dickerson, Jr.
Allan W. Jansen
Ehab M Samuel

CADWALADER, WICKERSHAM & TAFT, LLP
Nicholas A. Gravante
Philip J. Iovieno
Jack Stern
Kristen J. McAhren

By: */s/ Robert W. Dickerson, Jr.*
   Robert W. Dickerson, Jr.
   Attorneys for Plaintiff Rumble Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ............................................................................................................. 1

II.     LEGAL STANDARDS .................................................................................................... 2

        A.      Recusal under 28 U.S.C. § 455(a) .................................................................... 2

        B.      Timeliness ......................................................................................................... 4

III.    PERTINENT FACTS ....................................................................................................... 4

IV.     THE FACTS ESTABLISH THAT IMPARTIALITY MIGHT REASONABLY BE
        QUESTIONED ................................................................................................................. 6

        A.      There is a Long-Standing, Close and Current Relationship .............................. 6

        B.      These Facts Create a Basis for Recusal Under 28 U.S.C. § 455(a) .................. 7

V.      THE MOTION IS TIMELY ........................................................................................... 8

VI.     CONCLUSION ................................................................................................................ 8

## <u>TABLE OF AUTHORITIES</u>

**<u>Page</u>**

CASES

*Clemens v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175 (9th Cir. 2005)................. 3, 7

*Creech v. U.S. Dist. Ct. for the Dist. of Idaho,* 119 F.4th 1114 (9th Cir. 2024) ..................... 3, 4, 7

*E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280 (9th Cir. 1992) ..................................... 4

*In re Mason*, 916 F.2d 384 (7th Cir. 1990) .................................................................................. 3

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ........................................................... 5

*Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988)....................................... 2, 4

*Liteky v. U.S.*, 510 U.S. 540 (1994) ............................................................................................ 2

*Preston v. U.S.*, 923 F.2d 731 (9th Cir. 1991) ............................................................................ 4

*U.S. v. Holland*, 519 F.3d 909 (9th Cir. 2008)........................................................................... 2, 3

*U.S. v. W. R. Grace*, 504 F.3d 745 (9th Cir. 2003) ................................................................... 5

*Von Saher v. Norton Simon Museum*, 592 F.3d 954 (9th Cir. 2010) ........................................... 5


OTHER AUTHORITIES

ABA Formal Opinion 488, Section II.B ....................................................................................... 7


RULES

Federal Rules of Civil Procedure Rule 62.1 ......................................................................... ii, 1, 5


STATUTES

28 U.S.C. § 455(a) ............................................................................................................. passim

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

As this case may be remanded by the Ninth Circuit for further proceedings in the district court, Plaintiff/Appellant Rumble hereby requests an indicative ruling pursuant to Federal Rules of Civil Procedure Rule 62.1(a)(3) that if remanded this Court would grant, or would find a substantial issue raised by, Rumble's request for recusal and reassignment on the grounds that this Court's "impartiality might reasonably be questioned" in light of newly-discovered facts, and in order to avoid even the appearance of partiality. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988); 28 U.S.C. § 455(a).

## I.     INTRODUCTION

On October 6, 2025, Rumble's counsel Robert W. Dickerson, Jr. learned of a Stanford Law School alumni magazine article ("the Article") describing a long-standing, close and continuing friendship between Judge Gilliam and Google's Vice President of Litigation and Discovery, Cassandra Knight, dating back to when the two were classmates at Stanford Law School (1991 to 1994). Dickerson Decl., ¶¶ 5-9 and Exh. A. The Article, dated July 28, 2025, quotes and paraphrases Judge Gilliam's comments about Ms. Knight, describing their long, close and continuing friendship. *Id.* Indeed, the Article states that Ms. Knight travelled from London to attend Judge Gilliam's court investiture in 2014 (and spoke at that event), and that Judge Gilliam officiated Ms. Knight's wedding in 2021. *Id.*

Rumble and its counsel next learned that during Ms. Knight's tenure at Google, this Court has issued recusal orders in at least eleven other cases involving Google, with each recusal order providing a minimal statement to the effect that "I, the undersigned judge of the court, finding myself disqualified in the above-entitled action, hereby recuse myself from this case and request that the case be reassigned pursuant to the Assignment Plan." Dickerson Decl., ¶¶ 18-20; Exhs. B to M.

This Court also issued a recusal order in a case brought by PayPal during Ms. Knight's tenure in a similar capacity there.  *Id.* and Exh. N.

Even though Ms. Knight joined Google in August 2022 (shortly before Google's Answer was filed in September 2022), this Court continued to preside over this case until Google's Motion for Summary Judgment was granted in May of 2025 and the case dismissed.[1]

Although this case is now on appeal, obtaining this Court's indicative ruling is a necessary corollary to a request for reassignment that will be made to the Ninth Circuit in the event this case is remanded to the district court.

## II.    LEGAL STANDARDS

### A.    Recusal under 28 U.S.C. § 455(a)

As the U.S. Supreme Court has instructed, 28 U.S.C. § 455(a) requires recusal whenever a judge's "impartiality might reasonably be questioned" and "[t]he goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.  "[W]hat matters is not the reality of bias or prejudice but its appearance."  *Liteky v. U.S.*, 510 U.S. 540, 548 (1994).  And the Ninth Circuit has instructed that even "[i]f it is a close case, the balance tips in favor of recusal."  *U.S. v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008).

The section 455(a) standard is an objective one designed to "promote public confidence in the integrity of the judicial process." *Liljeberg* at 858 n.7.  "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Clemens v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citing *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990)).  "Disqualification under §

---

[1]  Four of the recusal orders in other Google cases were entered in mid-2023, with the earliest recusal entered on June 2, 2023, indicating this Court was aware of Ms. Knight's position at Google at least by then, and nearly two years before the motion for summary judgment was granted in this case.  Dickerson Decl. ¶ 18.

455(a) is necessarily fact-driven and may turn on subtleties in the particular case.  Consequently, the analysis of a particular § 455(a) claim must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue." *Holland*, 519 F.3d at 913.

A close personal friendship between a judge and a party can give rise to an appearance of partiality under section 455(a).  For example, the Ninth Circuit recently addressed this issue in *Creech v. U.S. Dist. Ct. for the Dist. of Idaho,* 119 F.4th 1114 (9th Cir. 2024).  In *Creech,* the Ninth Circuit addressed recusal based on a friendship between a county prosecutor (Bennetts) and a district court judge (Brailsford) presiding over a case involving prosecutors who were under Bennetts' supervision:

> The nature of Judge Brailsford's friendship with Bennetts weighs in favor of recusal. Judge Brailsford and Bennetts became friends in 1993, during the year they spent together as co-clerks to Judge Thomas Nelson …
> …
> In the order denying Creech's recusal motion, Judge Brailsford suggested that she "lost touch" with Bennetts after their clerkship and that they "did not pursue a personal friendship independent of [their] shared clerkship experience." Judge Brailsford also observed that she and Bennetts have never visited each other's homes, "taken vacations together, celebrated holidays together, or shared family occasions together." *But Bennetts' public statements at Judge Brailford's investiture (and Judge Brailsford's remarks in response) could cause a reasonable person to question Judge Brailsford's impartiality.*  Importantly, Bennetts remarked at the investiture that she and Judge Brailsford "have continued to share lunches" together and described her friendship with Judge Brailsford in the active tense, declaring that Judge Brailsford "shares in the excitement of successes and is supportive in challenging times." … Other evidence could lead a reasonable observer to believe that their friendship is ongoing.  On her 2023 Questionnaire for Judicial Nominees, filled out prior to her confirmation as a federal district judge, *Judge Brailsford disclosed that she recused herself in 2019 in a case against Bennetts in her personal capacity because Bennetts "is a personal friend."*

*Id.* at 1122-23 (emphasis added) (mandamus seeking reassignment granted).

The relationship between Judge Gilliam and Ms. Knight is even closer and more current than the one at issue in *Creech* that resulted in reassignment of that case.

**B.    Timeliness**

"While there is no per se rule that recusal motions must be made at a fixed point in order to be timely, *see Preston* [*v. U.S.*, 923 F.2d 731, 733 (9th Cir. 1991)] (section 455 motion timely even though made 18 months after assignment to district court judge and shortly after an adverse discovery ruling), such motions 'should be filed with reasonable promptness after the ground for such a motion is ascertained.'" *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992) (quoting *Preston*).

The U.S. Supreme Court has also addressed the issue of timelines:

> [A]lthough a delay of 10 months after the affirmance by the Court of Appeals would normally foreclose relief based on a violation of § 455(a), in this case the entire delay is attributable to Judge Collins' inexcusable failure to disqualify himself on March 24, 1982; had he recused himself on March 24, or even disclosed Loyola's interest in the case at that time, the motion could have been made less than 10 days after the entry of judgment.

*Liljeberg, supra*, 486 U.S. at 869 (affirming appellate court's disqualification of judge *ten months* after affirmance of the original judgment).

Here, the facts giving rise to the issue of the appearance of partiality were first discovered by Rumble's counsel on October 6, 2025.  (Dickerson Decl. ¶ 5), 10-13). Neither Rumble nor its counsel had any prior knowledge of Ms. Knight, her position at Google, or the existence of any relationship between her and Judge Gilliam, let alone such a long-term and close personal relationship.. *Id.*. ¶¶ 10-13).

**III.    PERTINENT FACTS**

The Article is dated July 28, 2025, and quotes and paraphrases Judge Gilliam's

1   statements about his close friendship with Ms. Knight. Dickerson Dec., Exh. A).[2]  The Article is

2   titled "**Cassandra Knight, Court-Side**" and is sub-titled, "**Google VP of litigation and**

3   **discovery oversees most trial work for the tech giant while making time for Stanford**

4   **sports.**" *Id*. Statements in the Article attributed to Judge Gilliam include facts that evidence a

5   very close, longstanding and current friendship with Ms. Knight.

6          These statements include:

7          Knight is also a true friend, adds Gilliam, who officiated Knight's wedding to
       Andrew Keen in 2021. When Gilliam had his investiture ceremony about 10
8       years ago, Knight flew from London, where she was working at the time, to
       speak at the ceremony—giving up tickets to the semi-final of the 2015 women's
9       French Open to do so (Knight is a major sports fan; Gilliam says she is a "killer"
       in their fantasy football league).
10

11          "It wouldn't have been the same without her, and it meant the world for her to
       come all that way to share that day with me," he says. "That's the kind of person
12       she is."

13   *Id*.[3]

14          Ms. Knight's current LinkedIn biography states that her tenure with Google started in

15   August 2022 and continues presently, and that her tenure with PayPal spanned November 2017

16   to August 2022.  Dickerson Decl., ¶ 15 and Exh. B.

17          As mentioned, this Court has issued a number of recusal orders in cases in which Google

18   or PayPal were parties.  The following is a not-necessarily-exhaustive list of these cases with the

19   _____

20   [2]   Judicial notice is proper as to the existence and content of the Stanford Law School article,
       including the fact that it attributes the noted specific statements to Judge Gilliam.  *See U.S. v.*
21       *W. R. Grace*, 504 F.3d 745, 766 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668,
       689-90 (9th Cir. 2001); and *Von Saher v. Norton Simon Museum*, 592 F.3d 954, 960 (9th Cir.
22       2010).  To the extent the Court finds the truth of the matters asserted in the Article to be
       relevant to this motion, further record development may be had under the presently-requested
23       Federal Rules of Civil Procedure 62.1 indicative-ruling and Federal Rules of Appellate
       Procedure Rule 12.1 limited-remand process.
24   [3]   To Rumble's knowledge, there have been no retractions or corrections to the Article.

date of recusal order in each:

| | |
|---|---|
| 25-mc-80149 - *In Re Request For Judicial Assistance* | 06-24-2025 |
| 25-cv-4686 - *Korean Publishers Assoc. et al v. Google* | 06-09-2025 |
| 25-cv-6757 - *Kande v. Google LLC* | 05-15-2025 |
| 25-cv-3020 - *Webseed, Inc. et al v. Department of State* | 04-21-2025 |
| 25-cv-1487 - *Cellular South Inc. v. Google, LLC* | 02-28-2025 |
| 23-cv-5824 - *Google LLC v. Nguyen et al* | 11-14-2023 |
| 23-cv-5437 - *Ambriz v. Google, LLC* | 10-26-2023 |
| 23-cv-3955 - *Ask Sydney, LLC v. Google, LLC* | 08-16-2023 |
| *23-cv-3128 - Safecast Limited v. Google, LLC* | 07-11-2023 |
| 23-cv-2343 - *Doe v. Google LLC* | 06-02-2023 |
| 22-cv-8711 - *Escapex IP LLC v. Google LLC* | 06-16-2023 |
| 19-cv-3868 - *PayPal, Inc. v. Lenmo Inc.* | 07-09-2019 |

The only known common denominator in these cases is Ms. Knight's employment at PayPal and Google in Vice President positions overseeing their respective litigation matters. (Dickerson Decl. ¶ 20).

## IV. THE FACTS ESTABLISH THAT IMPARTIALITY MIGHT REASONABLY BE QUESTIONED

**A. There is a Long-Standing, Close and Current Relationship**

The presently known facts create a scenario in which this Court's impartiality might reasonably be questioned, irrespective of any *actual* bias. By this motion, Rumble does not need to assert and does not assert any actual bias. The Article standing alone, or the twelve Google and PayPal case recusal orders standing alone, would suggest that a reasonable person would reasonably question the Court's impartiality. Combined, these facts more than meet the threshold for recusal under 28 U.S.C. § 455.

The conclusion that there is a long-standing, close and current personal relationship between Judge Gilliam and Ms. Knight is not subject to good faith dispute. Additionally, it cannot be disputed that Ms. Knight has, since August 2022, held a very important and relevant-

to-this-case position within Google.  According to the Article and confirmed by her job title at Google, she oversees all aspects of Google's civil litigation and litigation discovery—managing the cases, steering strategy, and coordinating witnesses, among other responsibilities. As such, this case would reasonably fall within the scope of matters under her responsibility.

The Article describes a three-decades-long friendship that has included Ms. Knight, an avid sports fan, giving up her very desirable tickets to a major tennis tournament to travel from London to attend and speak at Judge Gilliam's investiture ceremony. The Article also states that Judge Gilliam officiated at Ms. Knight's wedding in 2021.  Having a friend officiate one's wedding is a clear indication of a very close, almost family-like personal relationship.  The Article also indicates they are both currently involved in a Fantasy Football League, which of course involves weekly if not more frequent interaction leading up to and during the football season.

**B.    These Facts Create a Basis for Recusal Under 28 U.S.C. § 455(a)**

Any reasonable person informed of these relevant facts—and thus aware of *both* the recusals *and* the Article—unequivocally would reasonably perceive a significant risk that the judge might unknowingly resolve the case on a basis other than the merits. *Clemens*, 428 F.3d at 1178.  Like the situation in *Creech*, this is "hardly a run-of-the-mill case."  119 F.4th at 1123.

Not only would a reasonable person, upon becoming aware of these facts, conclude that there is at least an appearance of partiality requiring recusal, the recusals in the Google and PayPal cases suggest that the Court does not disagree.[4]

*///*

---

[4] Counsel could have been informed of these facts at the first Case Management Conference on August 30, 2022, as Ms. Knight joined Google in August 2022. *See, e.g.,* ABA Formal Opinion 488, Section II.B (re disclosure of information) (Dickerson Decl. ¶ 16). It appears the Court may have inadvertently overlooked this opportunity.

1

## V.      THE MOTION IS TIMELY

2      As explained in the Dickerson Declaration, Rumble has acted diligently and promptly on

3   this matter. Rumble and its counsel were not aware of the Stanford Article or of any friendship

4   between Judge Gilliam and Ms. Knight until October 6, 2025, and were not aware of the recusals

5   until conducting research after receipt of the Article.  Dickerson Decl., ¶¶ 10-13 and19-20.

6   Immediately upon learning of the Stranford Article, counsel for Rumble commenced legal

7   research and other inquiries in an effort to discover any additional relevant facts, relevant

8   statutory and case law, and to ascertain the courses of action available at this juncture.

9   Dickerson Decl., ¶¶ 14-17.  As a result of those inquiries, counsel for Rumble first became aware

10   of the recusals in the other Google cases and the PayPal case.  *Id.*

11      The timing of this motion (five weeks after first discovery of the Article) is

12   unquestionably reasonable, and particularly so in view of the unusual circumstances, due

13   diligence, and required research into the facts, the law, and the proper procedure and protocol for

14   addressing this issue at this stage of case.

15      Rumble is filing this motion without delay after diligent factual and legal research, and

16   judicious assessment of a very unusual set of interacting issues of fact, substantive law, appellate

17   procedure, and remedies.  Dickerson Decl., ¶¶ 14-17.  Where facts first surface during pendency

18   of an appeal, raising such an issue during the appeal and requesting an indicative ruling from the

19   district court is reasonable and timely.

20

## VI.      CONCLUSION

21      As mentioned above, this motion does not allege any actual bias on the part of the Court,

22   nor does it need to do so in order to request recusal and reassignment.  In this regard, the final

23   statement by the Ninth Circuit in *Creech* is apt:

24

1    We again emphasize our faith that Judge Brailsford would, in fact, "think
     dispassionately and submerge private feeling on every aspect of [this] case."
2    (citation omitted). But "justice must satisfy the appearance of justice." *Offutt v.*
     *United States*, 348 U.S. 11, 14, 75 S. Ct. 11, 99 L. Ed. 11 (1954). We therefore
3    grant the petition for a writ of mandamus and remand the case for
     reassignment.

4    *Creech, supra*, 119 F.4th at 1126.

5        For the foregoing reasons, Rumble respectfully requests that this Court promptly issue an

6    Indicative Order regarding Recusal and Reassignment.

7    DATED: November 12, 2025          Respectfully submitted,

8                                       COMPETITION & TECHNOLOGY LAW GROUP LLP

9                                       By:    */s/ Robert W. Dickerson, Jr.*
10                                             Robert W. Dickerson, Jr.

11                                      Robert W. Dickerson, Jr. (SBN 89367)
                                        E-mail: rdickerson@comp-techlaw.com
12                                      Allan W. Jansen (SBN 81992)
                                        E-mail: ajansen@comp-techlaw.com
13                                      Ehab M. Samuel (SBN 228296)
                                        E-mail: esamuel@comp-techlaw.com
                                        COMPETITION & TECHNOLOGY LAW GROUP LLP
14                                      11400 West Olympic, Blvd., Suite 200
                                        Los Angeles, CA 90064
15                                      Tel: (310) 774-2337
                                        Fax: (213) 799-3642

16                                      Nicholas A. Gravante, *Admitted Pro Hac Vice*
                                        Email: Nicholas.gravente@cwt.com
17                                      Philip J. Iovieno, *Admitted Pro Hac Vice*
                                        Email: philip.iovieno@cwt.com
18                                      Jack G. Stern, *Admitted Pro Hac Vice*
                                        Email: jack.stern@cwt.com
                                        Kristen J. McAhren, *Admitted Pro Hac Vice*
19                                      Email: kristen.mcahren@cwt.com
                                        CADWALADER, WICKERSHAM & TAFT LLP
20                                      200 Liberty Street
                                        New York, NY 10281
21                                      Tel: (212) 504-6000
                                        Fax: (212) 504-6666

22                                      Attorneys for Plaintiff Rumble Inc.

23

24

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that I electronically filed the foregoing Notice of Motion, Motion and

3

Memorandum in Support of Motion with the Clerk of the Court for the United States District Court

for the Northern District of California CM/ECF system on November 12, 2025.

4

5

I also hereby certify that service of these documents on all participants in this case who are

registered CM/ECF users and have appeared for a party will be accomplished by the Court's

6

7

CM/ECF system promptly upon filing of the referenced documents via emails to each such

participant by the CM/ECF system.

8

Date: November 12, 2025                    by:  /s/ Robert W. Dickerson, Jr.

9                                                Robert W. Dickerson, Jr.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

RUMBLE'S MOTION UNDER FRCP RULE 62.1
4:21-cv-00229-HSG (LJC)