John E. Schmidtlein (CA SBN 163520)
Edward J. Bennett (admitted *pro hac vice*)
Stephen J. Fuzesi (admitted *pro hac vice*)
Daniel Whiteley (admitted *pro hac vice*)
Jesse T. Clay (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, D.C. 20024
Telephone:   (202) 434-5000
Facsimile:    (202) 434-5029
Email:         jschmidtlein@wc.com
                 ebennett@wc.com
                 sfuzesi@wc.com
                 dwhiteley@wc.com
                 jclay@wc.com

David H. Kramer (CA SBN 168452)
WILSON SONSINI GOODRICH & ROSATI P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone:   (650) 493-9300
Facsimile:    (650) 565-5100
Email:         dkramer@wsgr.com

*Attorneys for Defendant Google LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| RUMBLE, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>            Defendant. | Case No. 4:21-cv-00229-HSG<br><br>**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR AN INDICATIVE RULING REGARDING RECUSAL AND REASSIGNMENT**<br><br>Hearing Date: December 18, 2025<br>Time:            2:00 p.m.<br>Place:           Courtroom 2<br>Judge:          Hon. Haywood S. Gilliam, Jr. |

**INTRODUCTION**

Federal courts repeatedly have recognized that "friendship between a judge and a lawyer, or other participant in a trial, without more, does not require recusal." *In re Complaint of Judicial Misconduct*, 816 F.3d 1266, 1268 (9th Cir. 2016). Here, the Google in-house lawyer identified in Plaintiff's motion is not a party to this litigation, never entered an appearance in this case, and has not otherwise had *any* involvement in the matter. *See* Ex. A (Declaration of Cassandra Knight). Those facts are hardly surprising, as this case is one of hundreds of lawsuits that Google has been a party to during the time that this case has been pending. And Ms. Knight is one of approximately 1,000 legal team members who work at Google. Under these circumstances, Google respectfully submits that Plaintiff has not established a basis for recusal and the Court should deny Plaintiff's motion or defer consideration of it unless and until the Court of Appeals reverses the Court's summary judgment decision and issues a remand order. *See* Fed. R. Civ. P. 62.1(a).

**BACKGROUND AND LEGAL STANDARD**

This Court granted Google's motion for summary judgment on May 21, 2025. Rumble appealed that ruling to the Ninth Circuit. Rumble filed its opening brief on September 10, 2025, and Google filed its answering brief on November 10, 2025. Rumble did not raise the present recusal issue in its opening appellate brief. Rumble raised the issue on appeal for the first time on November 17 in a motion asking the Court of Appeals to take "judicial notice" of the present motion. *See Rumble, Inc. v. Google LLC*, No. 25-3918 (9th Cir. Nov. 17, 2025), Dkt. No. 29.1.

The applicable recusal statute, 28 U.S.C. § 455(a), provides that "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard is "whether a reasonable person perceives *a significant risk that the judge will resolve the case on a basis other than the merits.*" *Clemens v. U.S. Dis. Ct. for the Cent. Dist. of Calif.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (emphasis added). The "reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." *Id.* (internal quotation marks omitted). "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres*

*v. Chrysler Fin. Co.*, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007). As the Ninth Circuit has recognized, "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens*, 428 F.3d at 1179 (internal quotation marks omitted).

In its motion, Rumble seeks an indicative ruling that the Court would recuse itself in the event "this case may be remanded by the Ninth Circuit for further proceedings in the district court." Mot. at 1. Rule 62.1 provides that the Court may, among other things, deny such a request or defer its consideration. *See* Rule 62.1(a). Rumble expressly disclaims any allegation of "actual bias on the part of the Court," Mot. at 8, and Rumble is not seeking here to vacate the Court's summary judgment ruling, which the Ninth Circuit will review *de novo*.

**ARGUMENT**

Having lost summary judgment on the threshold issue of Google's statute of limitations defense, Plaintiff brings the present motion for recusal for the transparent purpose of filing a second motion with the Ninth Circuit for "judicial notice" of this motion—all in the hope that this will somehow advance its meritless appeal. The Court should reject this cynical maneuver because any friendship between this Court and Ms. Knight does not require the Court's recusal from this case.

"[E]levation to the bench does not and should not require withdrawal from society." *United States v. Sundrud*, 397 F. Supp. 2d 1230, 1233 (C.D. Cal. 2005). For that reason, courts repeatedly have made clear that "friendship between a judge and a lawyer, or other participant in a trial, without more, does not require recusal." *In re Complaint of Judicial Misconduct*, 816 F.3d 1266, 1268 (9th Cir. 2016); *see Cmty. Legal Servs. in East Palo Alto v. HHS*, 2025 WL 1346877, at *3 (N.D. Cal. Apr. 17, 2025) ("[T]he existence of a professional or even a personal relationship does not present grounds for recusal under Section 455(a)."). Even when "close friends" appear in a judge's courtroom, 28 U.S.C. § 455 does not require recusal. *See United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985) ("Many courts therefore have held that a judge need not disqualify himself just because a friend—even a close friend—appears as a lawyer."); *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990) (holding that recusal was not warranted where the presiding judge was

friends with counsel, knew counsel since childhood, and was friends with counsel's father); *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 665 (8th Cir. 2003) (holding that recusal was not warranted where a judge and a non-party fact witness had a 36-year long friendship and regularly hunted and camped together); *Selfridge v. Gynecol, Inc.*, 564 F. Supp. 57, 58 (D. Mass. 1983) (holding recusal was not required where the judge and plaintiff's counsel shared "a professional friendship similar to what the court has with many members of the local bar"); *Baker v. City of Detroit*, 458 F. Supp. 374, 378 (E.D. Mich. 1978) (holding recusal was unnecessary where the judge was friends with the Mayor of Detroit, who had submitted the judge's name for judicial nomination and delivered welcome remarks at the judge's swearing-in ceremony).

Accordingly, the United States Judicial Conference Advisory Committee on Codes of Conduct has opined that there is no requirement that "judges must recuse from all cases handled by a law firm simply because judges have firm members for friends," as "a friendly relationship is not sufficient reason in itself" to warrant recusal. 2B Guide to Judiciary Policy, Ch. 2 at 18 (Advisory Opinion No. 11: Disqualification Where Long-Time Friend or Friend's Law Firm Is Counsel). Likewise, the Ninth Circuit has recognized that a judge's "[f]riendship with defendants . . . would not lead a reasonable person to conclude that the judge's impartiality might reasonably be questioned." *Sewer Alert Comm. v. Pierce County*, 791 F.2d 796, 798 (9th Cir. 1986) (per curiam).

Plaintiff cites just one case for its argument that a friendship between a judge and an employee of a party can give rise to an appearance of partiality, *In re Creech,* 119 F.4th 1114, 1122–23 (9th Cir. 2024). But that case *rejected* the very argument Plaintiff makes here. After recounting the long-standing friendship between Judge Brailsford and County Prosecutor Jan Bennetts that began when they were co-clerks for the same judge, the Ninth Circuit was clear: "*Judge Brailsford's longstanding friendship with Jan Bennetts is not grounds for recusal because a matter under Bennetts's supervision has come before Judge Brailsford*. It is, rather, because Judge Brailsford may be called upon to make judgments about Bennetts's . . . personal and professional reputation." *Id.* at 1124 (emphasis added). At issue there was "Bennetts' direct involvement in the claimed violation of [the defendant's] constitutional rights." *Id*. at 1123. Plaintiff ignores this critical aspect of *Creech*. Here, the Court has

not had to make any judgments about Ms. Knight's personal and professional reputation, and there is no indication that it would have to do so in any further proceedings in the event of a remand. Indeed, as the Court's summary judgment opinion made clear, all the at-issue conduct in this case began many years before Ms. Knight started working at Google (which also was well after this case was filed).

And contrary to the facts of *Creech*, Ms. Knight has had no direct involvement in this case. *See* Ex. A (Knight Decl.) ¶ 3. She did not attend "any court hearings or depositions in this matter," meet "with any witnesses relating to the matter," or review "any pleadings before they were filed with the Court." *Id*. She did not discuss "case strategy concerning the matter with in-house . . . counsel" and never "discussed this case with outside counsel at all." *Id*. "[T]his matter has been handled by other attorneys within Google's legal department." *Id*. The cases cited *supra* make clear that even where a personal friend of the Court *is directly involved* in a case before the Court as a party or as counsel, the fact of their friendship still is insufficient to require recusal. Ms. Knight's lack of involvement in this case, coupled with the fact that she is one of hundreds of legal team members and many thousands of employees who work at Google, only confirms that no reasonable person could question the Court's impartiality here.

Even in cases involving *family members*—where 28 U.S.C. § 455(b)(5)(ii) requires recusal when the family member "[i]s acting as a lawyer in the proceeding"—courts have required direct involvement by the family member in the proceedings to trigger recusal. *See, e.g.*, *Griffith v. City of New Orleans*, 2014 WL 5465827, at *4 (E.D. La. 2014) (declining to recuse "provided the [Court's] child does not appear in, nor perform work on, any cases assigned to the judge"); *Diversifoods, Inc. v. Diversifoods, Inc.*, 595 F. Supp. 133, 137–38 (N.D. Ill. 1984) (declining to recuse because neither the Court's husband, nor his law firm, "[wa]s actively participating in the litigation" even though the law firm represented the defendant in other matters). If 28 U.S.C. § 455 does not require recusal where a family member works for or represents a party before a judge, recusal should not occur here, where a friend of the Court works for a party but has had no direct involvement in the proceedings. *See In re Hokulani Sq., Inc.*, 776 F.3d 1083, 1088 (9th Cir. 2015) (courts should not interpret statutes in ways

1   that lead to absurd results "where it is quite impossible that Congress could have intended the result
2   and where the alleged absurdity is so clear as to be obvious to most anyone." (cleaned up)).

3         Finally, Plaintiff cites other cases where Google (and Ms. Knight's prior employer) is a party
4   and the Court issued recusal orders.  Mot. at 6.  But "prior recusals, without more, do not objectively
5   demonstrate an appearance of partiality." *Diversified Numismatics, Inc. v. City of Orlando*, 949 F.2d
6   382, 385 (11th Cir. 1991) (affirming district court's denial of recusal motion notwithstanding that the
7   district court had granted three prior recusal motions in other cases involving appellant's counsel based
8   on court's concern that it might be biased against that counsel); *see also United States v. Merkt*, 794
9   F.2d 950, 960 (5th Cir. 1986) ("Judge Vela's disqualification was not required under § 455 merely
10  because he voluntarily withdrew from another case in which [the same party] was the defendant.");
11  *Person v. Gen. Motors Corp.*, 730 F. Supp. 516, 519 (W.D.N.Y. 1990) (fact of prior recusal in case
12  involving the same counsel did not mandate recusal in a subsequent case with the same counsel).

13        Plaintiff has failed to demonstrate that § 455(a) requires recusal here for the reasons set forth
14  above.  But, regardless, the timing of Plaintiff's motion is curious at best because Plaintiff seeks only
15  a prospective recusal "in the event this case is remanded to the district court."  Mot. at 1–2; *see also*
16  ECF No. 239-16 (Proposed Order).  This motion, when viewed in tandem with the motion for "judicial
17  notice" that Plaintiff filed with the Ninth Circuit, reveals Plaintiff's strategy:  to suggest to the Ninth
18  Circuit that this Court's summary judgment ruling should be disregarded due to judicial bias.  Because
19  the Ninth Circuit will review this Court's summary judgment ruling *de novo*, the present motion
20  becomes moot if the Ninth Circuit affirms.  *See Williamson v. Ind. Univ.*, 345 F.3d 459, 464–65 (7th
21  Cir. 2003) (holding district court's non-recusal to be harmless error where motion for recusal was not
22  filed until after notice of appeal and the court of appeals conducted *de novo* review ensuring that the
23  litigant "received a full review by an impartial panel"); *see also Patterson v. Mobil Oil Corp.*, 335 F.3d
24  476, 486 (5th Cir. 2003) (holding that failure to recuse under § 455(a) was harmless error "[b]ecause
25  we review a summary judgment ruling *de novo*" ensuring that "the parties are guaranteed a fair,
26  impartial review of the merits of the ruling"); *Higganbotham v. Oklahoma*, 328 F.3d 638, 645–46 (10th
27  Cir. 2003) (holding that failure to recuse under § 455(a) was harmless error because the court of appeals
28

"independently reviewed" grant of summary judgment "*de novo* and concluded that the plaintiff's complaint was properly dismissed. And there were no extended proceedings or trial during which discretionary decisions by the trial judge—decisions which might be insulated by a deferential standard of review—could have determined the outcome."); *United States v. Cerceda*, 172 F.3d 806, 813 n.10 (11th Cir. 1999) ("In cases where the Court of Appeals reviews a district judge's challenged actions and affirms them on the merits either before or at the same time it considers whether the judge violated section 455(a), the possibility of a significant risk of injustice is substantially reduced—particularly if the review of the merits was plenary."); *In re School Asbestos Litig.*, 977 F.2d 764, 786 (3d Cir. 1992) (recognizing that a "theme that emerges is that failure to disqualify (and hence failure to vacate a ruling) may be harmless error when a court of appeals will later review a ruling on a plenary basis"). As such, the Court can defer ruling on the motion unless and until the Ninth Circuit issues a remand order. *See* Fed. R. Civ. P. 62.1(a)(1); *see Martinez Baños v. Godfrey*, 2019 WL 2357871, at *3 (W.D. Wash. June 4, 2019) (deferring consideration of Rule 62.1 motion because movant "fail[ed] to demonstrate that [relief] should occur prior to the completion of its Ninth Circuit appeal").

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's motion for recusal and reassignment, or in the alternative defer consideration of the motion unless and until the United States Court of Appeals for the Ninth Circuit issues a remand order.

DATED: November 21, 2025

**WILLIAMS & CONNOLLY LLP**

By: *John E. Schmidtlein*
John E. Schmidtlein (CA State Bar No. 163520)
Edward J. Bennett (admitted *pro hac vice*)
Stephen J. Fuzesi (admitted *pro hac vice*)
Daniel Whiteley (admitted *pro hac vice*)
Jesse T. Clay (admitted *pro hac vice*)

WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, D.C. 20024
Telephone:   (202) 434-5000
Facsimile:    (202) 434-5029
Email:         jschmidtlein@wc.com
                   ebennett@wc.com
                   sfuzesi@wc.com
                   dwhiteley@wc.com
                   jclay@wc.com

David H. Kramer (CA SBN 168452)
WILSON SONSINI GOODRICH & ROSATI P.C.
650 Page Mill Road
Palo Alto, CA 94304
Telephone:   (650) 493-9300
Facsimile:    (650) 565-5100
Email:         dkramer@wsgr.com

*Attorneys for Defendant Google LLC*

**CERTIFICATE OF SERVICE**

I, John E. Schmidtlein, hereby certify that, on November 21, 2025, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's electronic filing system.

*John E. Schmidtlein*
John E. Schmidtlein